IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ETHLOKIA PLUMBER, | § | |
| ex rel. K.W., | § | |
|     Plaintiffs, | § | |
| | § | |
| v. | § | C.A. No. 4:20-cv-00672 |
| | § | |
| HARRIS COUNTY DEPARTMENT | § | |
| OF EDUCATION, | § | |
|     Defendant. | § | |

**DEFENDANT HARRIS COUNTY DEPARTMENT OF EDUCATION'S
ORIGINAL ANSWER AND AFFIRMATIVE DEFENSES TO
PLAINTIFF'S ORIGINAL COMPLAINT-AMENDED**

Defendant Harris County Department of Education ("HCDE") files this Original Answer and Affirmative Defenses to Plaintiff's Original Complaint-Amended as follows:

**INTRODUCTION**

1. Paragraph 1 does not contain factual allegations requiring specific admission or denial. To the extent it alleges wrongful conduct on the part of HCDE, Defendant denies.

2. Defendant denies that K.W. was restrained unnecessarily and was injured due to staff's bad faith and gross misjudgment. The remainder of Paragraph 2 does not contain factual allegations requiring specific admission or denial. To the extent it alleges wrongful conduct on the part of HCDE, defendant denies.

**PROCEDURAL RESUME**

3. Paragraph 3 does not contain factual allegations requiring specific admission or denial. To the extent it alleges wrongful conduct on the part of HCDE, Defendant denies.

1

4.      Paragraph 4 does not contain factual allegations requiring specific admission or denial. To the extent it alleges wrongful conduct on the part of HCDE, Defendant denies.

5.      Paragraph 5 does not contain factual allegations requiring specific admission or denial. To the extent it alleges wrongful conduct on the part of HCDE, Defendant denies.

6.      Paragraph 6 does not contain factual allegations requiring specific admission or denial. To the extent it alleges wrongful conduct on the part of HCDE, Defendant denies.

7.      Paragraph 7 does not contain factual allegations requiring specific admission or denial. To the extent it alleges wrongful conduct on the part of HCDE, Defendant denies.

8.      Paragraph 8 does not contain factual allegations requiring specific admission or denial. To the extent it alleges wrongful conduct on the part of HCDE, Defendant denies.

9.      Paragraph 9 does not contain factual allegations requiring specific admission or denial. To the extent it alleges wrongful conduct on the part of HCDE, Defendant denies.

## **JURISDICTION**

10.     Paragraph 10 does not contain factual allegations requiring specific admission or denial. To the extent it alleges wrongful conduct on the part of HCDE, defendant denies.

11.     Paragraph 11 does not contain factual allegations requiring specific admission or denial. To the extent it alleges wrongful conduct on the part of HCDE, defendant denies.

12.     Paragraph 12 does not contain factual allegations requiring specific admission or denial. To the extent it alleges wrongful conduct on the part of HCDE, defendant denies.

13.     Paragraph 13 does not contain factual allegations requiring specific admission or denial. To the extent it alleges wrongful conduct on the part of HCDE, defendant denies.

14. Paragraph 14 does not contain factual allegations requiring specific admission or denial. To the extent it alleges wrongful conduct on the part of HCDE, defendant denies.

**VENUE**

15. Paragraph 15 does not contain factual allegations requiring specific admission or denial. To the extent it alleges wrongful conduct on the part of HCDE, defendant denies.

**PARTIES**

16. Defendant is without knowledge or information sufficient to admit or deny the factual statement in Paragraph 16.

17. Defendant is without knowledge or information sufficient to admit or deny the factual statement in Paragraph 17.

18. Defendant admits the factual statement in Paragraph 18.

19. Defendant admits the factual statement in Paragraph 19.

20. Defendant admits the factual statement in Paragraph 20.

21. Defendant admits the factual statement in Paragraph 21.

**STATEMENT OF FACTS**

22. Paragraph 22 does not contain factual allegations requiring specific admission or denial. To the extent it alleges wrongful conduct on the part of HCDE, defendant denies.

23. Paragraph 23 does not contain factual allegations requiring specific admission or denial. To the extent it alleges wrongful conduct on the part of HCDE, defendant denies.

24. Paragraph 24 does not contain factual allegations requiring specific admission or denial. To the extent it alleges wrongful conduct on the part of HCDE, defendant denies.

25. Paragraph 25 does not contain factual allegations requiring specific admission or denial. To the extent it alleges wrongful conduct on the part of HCDE, defendant denies.

26. Paragraph 26 does not contain factual allegations requiring specific admission or denial. To the extent it alleges wrongful conduct on the part of HCDE, defendant denies.

27. Paragraph 27 does not contain factual allegations requiring specific admission or denial. To the extent it alleges wrongful conduct on the part of HCDE, defendant denies.

28. Paragraph 28 does not contain factual allegations requiring specific admission or denial. To the extent it alleges wrongful conduct on the part of HCDE, defendant denies.

29. Paragraph 29 does not contain factual allegations requiring specific admission or denial. To the extent it alleges wrongful conduct on the part of HCDE, defendant denies.

30. Paragraph 30 does not contain factual allegations requiring specific admission or denial. To the extent it alleges wrongful conduct on the part of HCDE, defendant denies.

31. Paragraph 31 does not contain factual allegations requiring specific admission or denial. To the extent it alleges wrongful conduct on the part of HCDE, defendant denies.

32. Paragraph 32 does not contain factual allegations requiring specific admission or denial. To the extent it alleges wrongful conduct on the part of HCDE, defendant denies.

33. Defendant denies the factual statements in Paragraph 33.

34. Paragraph 34 does not contain factual allegations requiring specific admission or denial. To the extent it alleges wrongful conduct on the part of HCDE, defendant denies.

35. Paragraph 35 does not contain factual allegations requiring specific admission or denial. To the extent it alleges wrongful conduct on the part of HCDE, defendant denies.

36. Paragraph 36 does not contain factual allegations requiring specific admission or denial. To the extent it alleges wrongful conduct on the part of HCDE, defendant denies.

37. Defendant denies that the use of force in this matter was a gross misjudgment and outside the realm of practices endorsed by HCDE. The remainder of Paragraph 37 does not contain factual allegations requiring specific admission or denial. To the extent it alleges wrongful conduct on the part of HCDE, defendant denies.

38. Defendant is without knowledge or information sufficient to admit or deny the factual statement in Paragraph B.36[1].

39. Defendant admits the factual statements in Paragraph B.37.

40. Defendant is without knowledge or information sufficient to admit or deny the factual statement in Paragraph 38.

41. Paragraph 39 does not contain factual allegations requiring specific admission or denial. To the extent it alleges wrongful conduct on the part of HCDE, defendant denies.

42. Defendant admits that K.W.'s first day of attendance at HCDE-ABS East was on February 26, 2018. Defendant denies the remaining factual statements in Paragraph 40.

43. Defendant admits the factual statements in Paragraph 41.

44. Defendant denies the factual statements in Paragraph 42.

45. Defendant denies the factual statements in Paragraph 43.

46. Defendant denies the factual statements in Paragraph 44.

47. Defendant denies the factual statements in Paragraph 45.

---

[1] Defendant notes Plaintiffs' Original Complaint-Amended includes multiple paragraphs numbered 36 & 37. Accordingly, the duplicate paragraphs 36 and 37 are identified with "B" in front of the paragraph number.

48. Defendant denies the factual statements in Paragraph 46.

49. Defendant denies the factual statements in Paragraph 47.

50. Defendant denies the factual statements in Paragraph 48.

51. Defendant denies the factual statements in Paragraph 49.

52. Defendant denies the factual statements and legal conclusions in Paragraph 50.

53. Defendant denies the factual statements in Paragraph 51.

54. Defendant is without knowledge or information sufficient to admit or deny the factual statement in Paragraph 52.

55. Defendant denies the factual statements in Paragraph 53.

56. Defendant is without knowledge or information sufficient to admit or deny the factual statement in Paragraph 54.

57. Defendant denies the factual statements and legal conclusions in Paragraph 55.

## STATE ACTION

58. Paragraph 56 does not contain factual allegations requiring specific admission or denial. To the extent it alleges wrongful conduct on the part of HCDE, Defendant denies.

59. Defendant denies the factual statements and legal conclusions in Paragraph 57.

## UNCONSTITUTIONAL POLICIES, PROCEDURES, PRACTICES & CUSTOMS

60. Defendant denies the factual statements and legal conclusions in Paragraph 58.

61. Paragraph 59 does not contain factual allegations requiring specific admission or denial. To the extent it alleges wrongful conduct on the part of HCDE, Defendant denies.

## VIOLATIONS OF THE FOURTH AMENDMENT TO THE U.S. CONSTITTITION

62. Paragraph 60 does not contain factual allegations requiring specific admission or denial. To the extent it alleges wrongful conduct on the part of HCDE, Defendant denies.

63. Defendant denies the factual statements in Paragraph 61.

64. Defendant denies the factual statements and legal conclusions in Paragraph 62.

65. Defendant denies the factual statements in Paragraph 63.

66. Defendant denies the factual statements in Paragraph 64.

67. Defendant denies the factual statements in Paragraph 65.

68. Defendant denies the factual statements in Paragraph 66.

69. Defendant denies the factual statements and legal conclusions in Paragraph 67.

## CLAIMS RELATED TO REHABILITATION ACTION OF 1973

70. Paragraph 68 does not contain factual allegations requiring specific admission or denial. To the extent it alleges wrongful conduct on the part of HCDE, Defendant denies.

71. Defendant admits the factual statements in Paragraph 69.

72. Paragraph 70 does not contain factual allegations requiring specific admission or denial. To the extent it alleges wrongful conduct on the part of HCDE, Defendant denies.

73. Paragraph 71 does not contain factual allegations requiring specific admission or denial. To the extent it alleges wrongful conduct on the part of HCDE, Defendant denies.

74. Paragraph 72 does not contain factual allegations requiring specific admission or denial. To the extent it alleges wrongful conduct on the part of HCDE, Defendant denies.

75. Paragraph 73 does not contain factual allegations requiring specific admission or denial. To the extent it alleges wrongful conduct on the part of HCDE, Defendant denies.

76. Defendant denies the factual statements in Paragraph 74.

77. Defendant denies the factual statements and legal conclusions in Paragraph 75.

78. Defendant denies the factual statements and legal conclusions in Paragraph 76.

79. Defendant denies the factual statements and legal conclusions in Paragraph 77.

80. Defendant denies the factual statements and legal conclusions in Paragraph 78.

81. Defendant denies the factual statements and legal conclusions in Paragraph 79.

82. Defendant denies the factual statements and legal conclusions in Paragraph 80.

**CLAIMS PURSUANT TO THE EQUAL PROTECTION CLAUSE OF THE FOURTEENTH AMENDMENT**

83. Paragraph 81 does not contain factual allegations requiring specific admission or denial. To the extent it alleges wrongful conduct on the part of HCDE, Defendant denies.

84. Defendant denies the factual statements in Paragraph 82.

85. Defendant denies the factual statements in Paragraph 83.

86. Defendant denies the factual statements in Paragraph 84.

87. Defendant denies the factual statements and legal conclusions in Paragraph 85.

88. Defendant denies the factual statements and legal conclusions in Paragraph 86.

**CLAIMS RELATED TO THE AMERICANS WITH DISABILITIES ACT**

89. Paragraph 87 does not contain factual allegations requiring specific admission or denial. To the extent it alleges wrongful conduct on the part of HCDE, Defendant denies.

90. Defendant denies the factual statements and legal conclusions in Paragraph 88.

91. Defendant admits the factual statements in Paragraph 89.

92. Defendant admits the factual statements in Paragraph 90.

93. Defendant admits the factual statements in Paragraph 91.

94. Defendant denies the factual statements in Paragraph 92.

95. Defendant denies the factual statements and legal conclusions in Paragraph 93.

96. Defendant denies the factual statements and legal conclusions in Paragraph 94.

97. Defendant denies the factual statements in Paragraph 95.

## RATIFICATION

98. Paragraph 96 does not contain factual allegations requiring specific admission or denial. To the extent it alleges wrongful conduct on the part of HCDE, Defendant denies.

99. Defendant denies the factual statements in Paragraph 97.

100. Defendant denies the factual statements and legal conclusions in Paragraph 98.

## PROXIMATE CAUSE

101. Paragraph 99 does not contain factual allegations requiring specific admission or denial. To the extent it alleges wrongful conduct on the part of HCDE, Defendant denies.

102. Defendant denies the factual statements and legal conclusions in Paragraph 100.

## SPOLIATION

103. Paragraph 101 does not contain factual allegations requiring specific admission or denial. To the extent it alleges wrongful conduct on the part of HCDE, Defendant denies.

104. Paragraph 102 does not contain factual allegations requiring specific admission or denial. To the extent it alleges wrongful conduct on the part of HCDE, Defendant denies.

105. Paragraph 103 does not contain factual allegations requiring specific admission or denial. To the extent it alleges wrongful conduct on the part of HCDE, Defendant denies.

## DAMAGES

106. Paragraph 104 does not contain factual allegations requiring specific admission or denial. To the extent it alleges wrongful conduct on the part of HCDE, Defendant denies.

107. Defendant denies that Plaintiff has been damaged specifically, as stated in Paragraph 105, or that Plaintiff has been damaged by Defendant, generally.

## PUNITIVE DAMAGES

108. Paragraph 106 does not contain factual allegations requiring specific admission or denial. To the extent it alleges wrongful conduct on the part of HCDE, Defendant denies.

109. Defendant denies the factual statements and legal conclusions in Paragraph 107.

## ATTORNEY FEES

110. Paragraph 108 does not contain factual allegations requiring specific admission or denial.

111. Defendant denies the factual statements and legal conclusions in Paragraph 109.

## DEMAND FOR JURY TRIAL

112. Paragraph 110 does not contain factual allegations requiring specific admission or denial.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendant requests that Plaintiffs' claims be dismissed in their entirety and that Defendant recover its costs, expenses, and

reasonable attorneys' fees, and the Defendant be granted such other and further relief to which they may show themselves justly entitled.

## **AFFIRMATIVE DEFENSES**

By way of further Answer, and without waiving the foregoing, Defendant asserts the following affirmative defenses to the claims pled in Plaintiff's Original Complaint-Amended:

1. HCDE's employee is entitled to an absolute bar with respect to Plaintiff's state law tort claim;

2. HCDE's employee is entitled to qualitied immunity from Plaintiff's claims under 42 U.S.C. Section 1983 in his individual capacity;

3. HCDE is immune from Plaintiff's claims as a governmental entity because the HCDE employee whose alleged actions are complained of in this lawsuit would not be personally liable to the Plaintiff under Texas law due to his entitlement to official immunity;

4. Plaintiff has failed to state any claims upon which relief may be granted in accordance with Federal Rule of Civil Procedure 12(b);

5. Any actions HCDE took with respect to Plaintiff was based on legitimate, non-discriminatory reasons;

6. HCDE would have taken the action against Plaintiff that forms the basis of this lawsuit without regard to the Plaintiff's alleged disability;

7. HCDE is entitled to the damage caps set forth in the Americans with Disabilities Act and hereby asserts the application of the same;

11

8. To the extent Plaintiff has asserted claims under §1983, Plaintiff's alleged injuries were not caused by an official custom, policy or practice of HCDE;

9. Plaintiff cannot recover punitive damages against HCDE because it is a government entity; and

10. Plaintiff has failed to mitigate damages, if any.

Respectfully submitted,

KARCZEWSKI | BRADSHAW | SPALDING

_____
J. ERIK NICHOLS
Attorney-in-Charge
State Bar No. 00788119
Fed. I.D. 13066
enichols@kblawgroup.com
MELISSA M. GOINS
State Bar No. 24074671
Fed. I.D. 2089537
mgoins@kblawgroup.com
3700 Buffalo Speedway, Suite 560
Houston, Texas 77098
Telephone: (713) 993-7041
Facsimile: (888) 726-8374

**ATTORNEYS FOR DEFENDANT HCDE**

## **CERTIFICATE OF SERVICE**

  I hereby certify that a true and correct copy of the foregoing document has been served on all counsel of record via electronic mail and/or ECF this 5th day of May, 2020, addressed as follows:

Yvonnilda G. Muniz
Yvonnilda Muniz, P.C.
P.O. Box 92018
Austin, Texas 78709
ygmuniz@outlook.com

*J. Erik Nichols*
_____
Counsel for Defendant HCDE