# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| ETHLOKIA PLUMBER, § | | |
| ex rel. K.W., § | | |
|     Plaintiffs, § | | |
| § | | |
| v. § | | C.A. No. 4:20-cv-00672 |
| § | | |
| HARRIS COUNTY DEPARTMENT § | | |
| OF EDUCATION, § | | |
|     Defendant. § | | |

### JOINT DISCOVERY/ CASE MANAGEMENT PLAN UNDER RULE 26(f)
### FEDERAL RULES OF CIVIL PROCEDURE

1. State when the parties conferred as required by Rule 26(f), and identify the counsel who conferred.

    **Yvonnilda G. Muniz (Counsel for Plaintiffs) and J. Erik Nichols and Melissa M. Goins (Counsel for Defendant) conferred on May 21, 2020.**

2. List the cases related to this one that are pending in any state or federal court with the case number and court.

    **There are no related pending cases.**

3. <u>Briefly</u> describe what the case is about.

    **Plaintiff raises tort claims under Texas state law, policies, practices, and customs violations pursuant to Section 1983 of the Constitution of the United States, unconstitutional treatment under the Fourteenth Amendment of the Constitution of the United States, unconstitutional seizure under the Fourth Amendment of the Constitution of the United States, and discrimination violations under Title II of the Americans with Disabilities Act (ADA) and 504 of the Rehabilitation Act, arising from a restraint incident in February 2018 at Harris County Department of Education (HCDE). HCDE denies they violated Plaintiffs rights under state and federal Constitutions or discriminated against K.W. on the basis of his disability.**

4. Specify the allegation of federal jurisdiction.

   **Federal Question (28 U.S.C. §§ 1331 & 1343): claims brought pursuant to the Fourth and Fourteenth Amendments of the United States Constitution, 42 U.S.C. §§ 1983 and 1988; Section 504 of the Rehabilitation Act, 20 U.S.C. § 794; and Title II of the Americans with Disabilities Act, 42 U.S.C. § 12131.**

5. Name the parties who disagree and the reasons.

   **The parties do not disagree as to federal jurisdiction over the claims as pled.**

6. List anticipated additional parties that should be included, when they can be added, and by whom they are wanted.

   **None anticipated.**

7. List anticipated interventions.

   **None anticipated.**

8. Describe class-action issues.

   **None.**

9. State whether each party represents that it has made the initial disclosures required by Rule 26(a). If not, describe the arrangements that have been made to complete the disclosures.

   **The parties agree to attempt to exchange their Initial Discovery Protocols within fourteen (14) days after the Rule 26(f) conference, and will attempt to begin exchanging documents at or near that time.**

10. Describe the proposed agreed discovery plan, including:

    A. Responses to all the matters raised in Rule 26(f).

       **Although this is not a stipulation, counsel intend to collaborate to minimize discovery disputes.**

B. When and to whom the plaintiff anticipates it may send interrogatories.

**Plaintiff anticipates sending interrogatories to the parties within thirty to sixty days.**

C. When and to whom the defendant anticipates it may send interrogatories.

**Defendant anticipates sending interrogatories to the Plaintiff within thirty to sixty days.**

D. Of whom and by when the plaintiff anticipates taking oral depositions.

**Plaintiff anticipates taking oral depositions by November 6, 2020 from the following individuals: Herbert Allen, Jr., Mindy Robertson, George Sanders, Karina Jerez, Carrie Williams, Ethlokia Plumber, and may also depose other individuals who likely have discoverable information.**

E. Of whom and by when the defendant anticipates taking oral depositions.

**Defendant anticipates deposing Plaintiff within 45 days after receiving Plaintiff's responses to written discovery. Defendants may also depose individuals identified as likely to have discoverable information, as well as experts.**

F. When the plaintiff (or the party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B), and when the opposing party will be able to designate responsive experts and provide their reports.

**Plaintiff anticipates to be able to designate experts and provide the reports required by Rule 26(a)(2)(B) by October 16, 2020.**

**Defendant anticipates to be able to designate experts and provide the reports required by Rule 26(a)(2)(B) by October 30, 2020.**

G. List expert depositions the plaintiff (or the party with the burden of proof on an issue) anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report).

**Plaintiff anticipates taking the depositions of Dr. Tanya Brown-Price, Dr. Gina M. Blocker, Dr. Nicole Montgomery, Dr. Farida Abid by November 6, 2020.**

**Plaintiff also anticipates taking the deposition of any expert designated by Defendants.**

H. List expert depositions the opposing party anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report).

**To the extent that Plaintiff designates expert(s), Defendant will attempt to depose such expert(s) within sixty (60) days after such designation and receipt of report(s).**

11. If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.

**The parties currently agree on the discovery plan.**

12. Specify the discovery beyond initial disclosures that has been undertaken to date.

**None.**

13. State the date the planned discovery can be reasonably completed.

**January 19, 2021.**

14. Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.

**Defendant has reached out to Plaintiffs regarding settlement of the disputes between the parties. The parties agree to engage in good faith settlement discussions as this case proceeds through discovery.**

15. Describe what each party has done or agreed to do to bring about a prompt resolution.

    **Counsel are open to finding a reasonable and amicable resolution to this dispute, and intend to continue discussions to resolve this dispute.**

16. From the attorneys discussion with the client, state the alternative dispute resolution techniques that are reasonably suitable, and state when such a technique may be effectively used in this case.

    **Counsel believe that mediation before a U.S. Magistrate Judge or other qualified mediator could be an effective technique for resolving this dispute at or near the close of discovery.**

17. Magistrate judges may now hear jury and non-jury trials. Indicate the parties' joint position on a trial before a magistrate judge.

    **The parties do not consent to trial before a magistrate judge.**

18. State whether a jury demand has been made and if was made on time.

    **Plaintiff made a timely jury demand.**

19. Specify the number of hours it will take to present the evidence in this case.

    **Approximately 16-18 hours.**

20. List pending motions that could be ruled on at the initial pretrial and scheduling conference.

    **None.**

21. List other motions pending.

    **None.**

22. Indicate other matters peculiar to this case, including discovery, that deserve the special attention of the court at the conference.

    **Timing of discovery, including responses to discovery requests and deposition scheduling, might be complicated or delayed by uncertainty of COVID-19 circumstances in addition to immovable lengthy school district holidays, testing schedules and preparations, and training and preparation periods, including those leading up to the beginning and end of semesters once in person schooling resumes. Without waiving the discovery deadlines described in the Federal Rules of Civil Procedure, the parties agreed to cooperate with discovery to accommodate the realities of school and teacher schedules.**

    **Consistent with the above-referenced timing issues unique to schools, Defendants request that the Court consider HCDE's school calendar when setting the trial dates. Trial dates will likely fall within the 2020-2021 school year; however, calendars for that school year have not yet been created. Counsel for Defendant believe that a trial setting in April 2021 could potentially be free from District calendar conflicts.**

23. Certify that all parties have filed Disclosure of Interested Parties as directed in the Order for Conference and Disclosure of Interested Parties, listing the date of filing for original and any amendments.

    **Plaintiffs filed their Certificate of Interested Parties on May 22, 2020.**

    **Defendant's Certificate of Interested Persons (Dkt. 4) was filed on April 21, 2020.**

24. List the names, bar numbers, addresses and telephone numbers of all counsel.

    **Plaintiff's counsel**:

    > Yvonnilda G. Muniz
    > State Bar No. 24007717
    > Law Office of Yvonnilda Muniz, P.C.
    > P.O. Box 92018
    > Austin, Texas 78709
    > T: 512-288-4279
    > F: 888-398-8808
    > ygmuniz@outlook.com

**Defendant's counsel:**

J. Erik Nichols
State Bar No. 00788119
Fed. I.D. No. 13066
enichols@kbslawgroup.com
Melissa M. Goins
State Bar No. 24074671
Fed. I.D. No. 2089537
mgoins@kbslawgroup.com
KARCZEWSKI | BRADSHAW | SPALDING
3700 Buffalo Speedway, Suite 560
Houston, Texas 77098
Telephone: 713-993-7060
Facsimile: 888-726-8374

Respectfully submitted:

| /s/ Yvonnilda G. Muniz | /s/ J. Erik Nichols |
|---|---|
| Yvonnilda G. Muniz | J. Erik Nichols |
| State Bar No. 24007717 | State Bar No. 00788119 |
| Law Office of Yvonnilda Muniz, P.C. | Fed. I.D. No. 13066 |
| P.O. Box 92018 | enichols@kbslawgroup.com |
| Austin, Texas 78709 | Melissa M. Goins |
| T: 512-288-4279 | State Bar No. 24074671 |
| F: 888-398-8808 | Fed. I.D. No. 2089537 |
| ygmuniz@outlook.com | mgoins@kbslawgroup.com |
| | KARCZEWSKI | BRADSHAW | SPALDING |
| | 3700 Buffalo Speedway, Suite 560 |
| | Houston, Texas 77098 |
| | Telephone: 713-993-7060 |
| | Facsimile: 888-726-8374 |

**CERTIFICATE OF SERVICE**

      I hereby certify that on the 21st day of May, 2020, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following counsel of record:

J. Erik Nichols
Karczewski | Bradshaw | Spalding
3700 Buffalo Speedway, Suite 560
Houston, Texas 77098
*(via CM/ECF)*

                                              /s/ Yvonnilda G. Muniz
                                              Attorney for Plaintiff