IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ETHLOKIA PLUMBER, § | | |
| ex rel. K.W., § | | |
|     Plaintiffs, § | | |
| § | | |
| v. § | | C.A. No. 4:20-cv-00672 |
| § | | |
| HARRIS COUNTY DEPARTMENT § | | |
| OF EDUCATION, § | | |
|     Defendant. § | | |

**DEFENDANT HARRIS COUNTY DEPARTMENT OF EDUCATION'S RESPONSE TO PLAINTIFFS' OPPOSED MOTION FOR AN EXTENSION OF TIME TO SUBMIT EXPERT REPORTS**

Defendant Harris County Department of Education ("HCDE") files this Response to Plaintiffs' Opposed Motion for Extension of Time to Submit Expert Reports and shows the Court as follows:

**Response in Opposition**

1. The Court should deny Plaintiffs' Motion for Extension of Time to Submit Expert Reports as Plaintiffs have had more than enough time to obtain expert reports and medical records but have failed to do so to date.

2. Plaintiffs filed their Original Complaint on February 25, 2020 alleging violations of Plaintiffs' rights under the United States Constitution, Section 504 of the Rehabilitation Act, and the Americans with Disabilities Act as a result of a physical restraint. *See generally* Dkt. 1. Plaintiffs alleged injuries and damages including but not limited to: physical pain, medical expenses, mental anguish, physical impairment, out-of-

1

pocket expenses, and loss of earning capabilities. Dkt. 1 at ¶ 105. Plaintiffs also alleged the same violations and damages in their Amended Complaint. Dkt. 3 at ¶ 105. Plaintiffs are required to provide evidence to support their claims, including damages, yet Plaintiffs have failed to do so despite continued requests by Defendant.

3. In May 2020, the parties agreed to a Joint Discovery / Case Management Plan. *See* Dkt. 7. As part of the Joint Discovery / Case Management Plan, the parties agreed to exchange their Initial Disclosures. Dkt. 7 at p. 2. On June 10, 2020, Defendant served its Initial Disclosures on Plaintiffs' counsel including 456 pages of document production. *See* Dkt. 9. Defendant has yet to receive Plaintiffs' Initial Disclosures.

4. On June 10, 2020, counsel for Defendant requested a copy of "any and all medical records and bills and/or out-of-pocket expenses related to the incident in this matter." Exhibit A. Plaintiffs' counsel responded that she would have Plaintiff's mother gather the requested documentation. *Id*. No records were received in response to this request.

5. On July 13, 2020, counsel for Defendant followed up on Defendant's request for "medical records and bills and/or out-of-pocket expenses related to the incident in this matter." Exhibit B. Plaintiffs' counsel responded that Plaintiff's mother had trouble contacting Plaintiff's doctors due to COVID. *Id*.

6. On August 19, 2020, in an effort to secure medical records, bills, and out-of-pocket expenses previously requested, Defendant served Plaintiffs with written discovery requests. Exhibit C.

7. On September 18, 2020, the date Plaintiffs' discovery responses were due, Plaintiffs' counsel contacted counsel for Defendant via telephone and requested an

extension until Monday, September 21, 2020. Counsel for Defendant offered via telephone additional time to Plaintiffs' counsel and agreed to a week extension for Plaintiffs' written discovery responses, with new due date of September 25, 2020. This telephone exchange was confirmed in an email post-telephone conference. Exhibit D.

8. On September 25, 2020, Plaintiffs' counsel requested additional time beyond the week extension to respond to Defendant's discovery requests due to a lack of medical records. Exhibit E. Counsel for Defendant agreed to another week extension, if needed. *Id*.

9. On September 29, 2020, Plaintiffs' written discovery responses were served on counsel for Defendant. Exhibit F. Plaintiffs identified no less than 14 physicians, healthcare providers, or the like, and submitted document production. *Id*. However, none of the previously requested medical records/reports, bills, or out-of-pocket expenses were included in the production. Furthermore, a majority of Plaintiffs' discovery responses remained unanswered due to lack of these same records. *Id*.

10. On October 5, 2020, the day before Plaintiffs' expert reports were due, Plaintiffs' counsel yet again submitted a request for an extension of deadlines, this time regarding Plaintiffs' expert reports. Exhibit G. Since Defendant has not yet received Plaintiffs' Initial Disclosures, it can only assume that the expert reports Plaintiffs refer to are all or some of the various physicians, healthcare providers, or the like listed in Plaintiffs' Responses to Interrogatories. On that same day, despite prior requests for extensions and a lack of Initial Disclosures from Plaintiffs, counsel for Defendant agreed to an extension of the expert report deadline to the end of the week, with a new deadline of October 9,

2020. Exhibit H. Counsel for Defendant also reminded Plaintiffs' counsel that these records and reports were requested 4 months ago. *Id*.

11. Per the Court's Reset Scheduling Order and Trial Settings, the current discovery deadline is January 10, 2021, which leaves approximately three months from the date of this filing to secure an unknown number of expert report(s) and depose those expert(s).

12. While Defendant is sympathetic to Plaintiffs' counsel's medical issues, Defendant contends that additional delay is not warranted. Plaintiffs' counsel has continuously noted difficulty in securing records "because of COVID"; however, to date, Plaintiffs' have not (1) identified those physicians, healthcare providers, experts, etc. who are not providing records, (2) identified whether those providers or facilities have been closed as a result of the COVID pandemic, or (3) provided evidence of efforts to obtain the requested records or reports, including what information was provided to Plaintiffs regarding their ability to now reportedly secure reports within a month that have been outstanding for several months. At the very least, Plaintiffs have been aware of the expert report deadline since May 2020, when it was agreed upon by all parties. Furthermore, Defendant has asked for records and reports since June 2020 to no avail.

### Prayer

WHEREFORE, PREMISES CONSIDERED, Defendant Harris County Department of Education requests that the Court deny Plaintiffs' Opposed Motion for Extension of Time to Submit Expert Reports.

Respectfully submitted,

KARCZEWSKI | BRADSHAW | SPALDING

_/s/ J. Erik Nichols_
_____
J. ERIK NICHOLS
Attorney-in-Charge
State Bar No. 00788119
Fed. I.D. 13066
enichols@kblawgroup.com
MELISSA M. GOINS
State Bar No. 24074671
Fed. I.D. 2089537
mgoins@kblawgroup.com
3700 Buffalo Speedway, Suite 560
Houston, Texas 77098
Telephone: (713) 993-7041
Facsimile: (888) 726-8374

**ATTORNEYS FOR DEFENDANT HCDE**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been served on all counsel of record via electronic mail and/or ECF this 8th day of October, 2020, addressed as follows:

>Yvonnilda G. Muniz
>Yvonnilda Muniz, P.C.
>P.O. Box 92018
>Austin, Texas 78709
>ygmuniz@outlook.com

_____
Counsel for Defendant HCDE