# EXHIBIT C

| | |
|---|---|
| **From:** | Melissa Goins |
| **To:** | "Yvonnilda Muniz" |
| **Cc:** | Erik Nichols; "Taylor Norman" |
| **Subject:** | Cause No.: 4:20-cv-00672 Ethlokia Plumber ex rel. K.W. v. HCDE |
| **Date:** | Wednesday, August 19, 2020 10:09:00 AM |
| **Attachments:** | Plumber - Request for Admission to Plaintiff.pdf |
| | Plumber - Request for Interrogatories to Plaintiff.pdf |
| | Plumber - Request for Production to Plaintiff.pdf |

Dear Ms. Muniz,

Please find attached on behalf of HCDE the following discovery requests for Plaintiff's completion:

- Request for Admission to Plaintiff;
- Request for Interrogatories to Plaintiff; and
- Request for Production to Plaintiff.

Thank you,

Melissa M. Goins, Attorney
Karczewski | Bradshaw | Spalding
3700 Buffalo Speedway, Suite 560
Houston, Texas 77098
Office:  (713) 587-9482
Cell: (941) 223-6361
Fax: (888) 726-8374
mgoins@kbslawgroup.com

### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | | |
|---|---|---|
| **ETHLOKIA PLUMBER,** | § | |
| **ex rel. K.W.,** | § | |
| **Plaintiffs,** | § | |
| | § | |
| **v.** | § | **C.A. No. 4:20-cv-00672** |
| | § | |
| **HARRIS COUNTY DEPARTMENT** | § | |
| **OF EDUCATION,** | § | |
| **Defendant.** | § | |

### DEFENDANT HARRIS COUNTY DEPARTMENT OF EDUCATION'S
### FIRST REQUESTS FOR ADMISSIONS

TO:   Plaintiffs Ethlokia Plumber, ex rel. K.W., by and through their counsel of record, Yvonnilda G. Muniz, Yvonnilda G. Muniz, PC, P.O. Box 92018, Austin, Texas 78709.

Pursuant to the Federal Rules of Civil Procedure, Defendants serve these Requests for Admissions of Documents on Plaintiffs Ethlokia Plumber, ex rel. K.W. Plaintiffs' responses to the Requests for Admissions shall be made within thirty (30) days after service of the Requests.

Respectfully submitted,

KARCZEWSKI | BRADSHAW | SPALDING

J. ERIK NICHOLS
Attorney-in-Charge
State Bar No. 00788119
Fed. I.D. 13066
enichols@kblawgroup.com
MELISSA M. GOINS
State Bar No. 24074671

1

Fed. I.D. 2089537
mgoins@kblawgroup.com
3700 Buffalo Speedway, Suite 560
Houston, Texas 77098
Telephone: (713) 993-7041
Facsimile: (888) 726-8374

**ATTORNEYS FOR DEFENDANT HCDE**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been served on all counsel of record via electronic mail and/or ECF this 19th day of August, 2020, addressed as follows:

Yvonnilda G. Muniz
Yvonnilda Muniz, P.C.
P.O. Box 92018
Austin, Texas 78709
ygmuniz@outlook.com

_____
Attorney for Defendant

2

# DEFINITIONS

A.     "You" and "Your":  The terms "you" and "your" shall mean K.W., his attorneys, and all other persons or entities acting or purporting to act on his behalf, whether authorized or not.

B.     "Persons":  The term "persons" shall include individuals, and every type of entity, whether formed for business purposes or not.

C.     "Documents":  The term "documents" is used in its broadest sense and means and includes all written, printed, typed, recorded, or graphic matter of any kind and description, both originals and copies, and all attachments and appendices thereto, that are in Plaintiff's possession, custody, or control or known by Plaintiffs to exist.

The term also includes communications not only in words, but in symbols, pictures, video recordings, sound recordings, film, tapes, and information stored in, or accessible through, computer or other information storage or retrieval systems.  If the information is kept in a computer or informational storage or retrieval system, the term also includes codes and programming instructions and other materials necessary to understand such systems.

The term includes, but is not limited to:  calendars, checkbooks, agenda, agreements, analyses, bills, invoices, records of obligations and expenditures, corporate bylaws and charters, correspondence, diaries, files, legal documents, financial documents including balance sheets and profit and loss statements, letters, memoranda recording telephone or in-person conferences, manuals, books, press releases, purchase orders, records, medical reports, schedules, memos of interviews, evaluations, written reports of tests or experiments, public relations releases, telegrams, e-mails, teletypes, work papers, drafts of documents, and all other writing whose contents relate to the subject matter of the discovery request.

D.     "Concern(ing)" means and includes pertain, discuss, refer, indicate, contain, explain, review, analyze, describe, mention, relate, detail or be in any way logically or factually connected with the matter discussed.

E.     "Communication(s)" means and includes any transmittal or exchange of information between two or more persons, whether orally or in writing, including without limitation any conversation by means of letter, note, memorandum, telephone, telegraph, telex, telecopies, e-mails, cables, or some other electronic or other medium.

F.     "Statement(s)" means and includes any transmittal or exchange of information between two or more persons, whether orally or in writing, including without limitation any conversation by means of letter, note, memorandum, telephone, telegraph, telex, telecopies, e-mails, cables, or some other electronic or other medium.

3

G.     "Possession, custody, or control" includes documents actually within the possession, custody, or control of Plaintiffs, each consultant, agent, representative or family member of the Plaintiffs, including without limitation, attorneys and accountants, or each other person acting for or in concert with them and including documents prepared by, obtained, or placed in the possession, custody, or control of any such person within the scope of his/her duties or relationship to the Plaintiffs or documents that the Plaintiffs have a right to copy or have access to, and documents having been placed in the temporary possession, custody, or control of any third party. The document is deemed to be in Plaintiffs' possession, custody, or control if the Plaintiffs have the right to secure the document or a photocopy thereof from another person or entity, whether public or private, having actual physical possession, custody, or control thereof.

H.     "And" and "or" shall be construed either disjunctively or conjunctively to bring within the scope of the request all information and responses within the general scope of the request.

I.     "Plaintiffs" means Ethlokia Plumber, ex rel. K.W. and each of their agents, representatives, attorneys, or any other individual or entity presently or formerly acting on behalf of Plaintiffs or at the request of Plaintiffs.

J.     "Defendant" or "HCDE" means Harris Counted Department of Education, and each of its employees, agents, representatives, or any other individual or entity presently acting on behalf of the Defendant or at the request of Defendant.

K.     "Medical professional" means doctors, nurses, physician's assistants, emergency medical technicians, radiologists, or other trained caregivers.

4

## HCDE'S REQUESTS FOR ADMISSIONS TO PLAINTIFFS

**REQUEST FOR ADMISSION NO. 1:** Admit that you physically threatened Mr. Allen on February 26, 2018 in the gym at ABS East.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 2:** Admit that you verbally threatened Mr. Allen on February 26, 2018 in the gym at ABS East.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 3:** Admit that you physical threatened another student on February 26, 2018 in the gym at ABS East.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 4:** Admit that you verbally threatened another student on February 26, 2018 in the gym at ABS East.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 5:** Admit that you balled up your fist at Mr. Allen on February 26, 2018 in the gym at ABS East.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 6:** Admit that you were physically restrained at Harmony School (of Ingenuity) at least seven (7) times prior to your enrollment at ABS East.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 7:** Admit that you were physically restrained more than once at Harmony School (of Ingenuity) prior to your enrollment at ABS East.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 8:** Admit that you did not undergo an MRI as a result of the February 26, 2018 incident.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 9:** Admit that you did not receive treatment from a neurologist as a result of the February 26, 2018 incident.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 10:** Admit that you were not diagnosed with a broken collar bone by any medical professional as a result of the February 26, 2018 incident.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 11:** Admit that your due process claim against HCDE was dismissed.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 12:** Admit that your due process claim included allegations of 504 violations that were dismissed.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 13:** Admit that you were not entitled to and had no 504 plan during the 2017-2018 school year.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 14:** Admit that Harmony School (of Ingenuity) is the responsible "home school" for IDEA claims of any type whatsoever.

**RESPONSE:**

6

**REQUEST FOR ADMISSION NO. 15:** Admit that Harmony School (of Ingenuity) is the responsible "home school" for 504 claims of any type whatsoever.

**RESPONSE:**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **ETHLOKIA PLUMBER,** | § | |
| **ex rel. K.W.,** | § | |
| **Plaintiffs,** | § | |
| | § | |
| **v.** | § | **C.A. No. 4:20-cv-00672** |
| | § | |
| **HARRIS COUNTY DEPARTMENT** | § | |
| **OF EDUCATION,** | § | |
| **Defendant.** | § | |

**DEFENDANT HARRIS COUNTY DEPARTMENT OF EDUCATION'S**
**FIRST SET OF INTERROGATORIES TO PLAINTIFF**

TO:   Plaintiffs Ethlokia Plumber, ex rel. K.W., by and through their counsel of record, Yvonnilda G. Muniz, Yvonnilda G. Muniz, PC, P.O. Box 92018, Austin, Texas 78709.

Pursuant to the Federal Rules of Civil Procedure, Defendants serve these Interrogatories on Plaintiffs Ethlokia Plumber, ex rel. K.W. Each Interrogatory shall be answered separately and fully in writing under oath within thirty (30) days after service of the Interrogatories. These Interrogatories are continuing in nature.

Should any additional information come into your possession following the date of your answers to the Interrogatories, you are under a continuing obligation up to the date of trial to furnish such additional information.

Respectfully submitted,

KARCZEWSKI | BRADSHAW | SPALDING

_____

J. ERIK NICHOLS
Attorney-in-Charge
State Bar No. 00788119
Fed. I.D. 13066
enichols@kblawgroup.com
MELISSA M. GOINS
State Bar No. 24074671
Fed. I.D. 2089537
mgoins@kblawgroup.com
3700 Buffalo Speedway, Suite 560
Houston, Texas 77098
Telephone: (713) 993-7041
Facsimile: (888) 726-8374

**ATTORNEYS FOR DEFENDANT HCDE**

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document has been served on all counsel of record via electronic mail and/or ECF this 19th day of August, 2020, addressed as follows:

Yvonnilda G. Muniz
Yvonnilda Muniz, P.C.
P.O. Box 92018
Austin, Texas 78709
ygmuniz@outlook.com

_____

Counsel for Defendant HCDE

2

## INSTRUCTIONS FOR ANSWERING INTERROGATORIES

1.      Please note that all answers are to be made separately and fully and that an incomplete or evasive answer is a failure to answer.  When an interrogatory calls for an answer in more than one part, please separate the parts in your answer accordingly so that each part is clearly set out and understandable.

2.      Where knowledge or information in your possession is requested, such request includes knowledge or information in possession of your representatives, agents, insurers, and unless privileged, attorneys.

3.      If you have only incomplete knowledge of the answer to an interrogatory, please answer to the extent of your knowledge and state specifically the portion or area of the interrogatory of which you have only incomplete knowledge, identify the person who does or persons who do have or might have additional knowledge or information to complete the answer.

4.      If you answer any interrogatory in whole or in part by attaching a document containing information sufficient to do so, the relevant portions of such document must be marked or indexed.

5.      If you claim a privilege or exemption from any discovery, please state the specific ground for each privilege or immunity claimed, in order that Defendant HCDE can determine the merit of the objection.  In this event, the parties may discuss the merits of the objection and determine whether the Court's determination on the objection will be necessary.

6.      Where a statement or description is requested, please include a specific account of what is being stated or described including, where applicable, without limitation, the date or time period involved; the identity of persons from whom the information was learned; who would have knowledge of what information; and/or who participated or was present; what happened in chronological order regarding each identifiable event, response, act or other things; the address and if known, ownership and use; where the occurrence took place; the context or circumstances in which the occurrence took place; and what response or reaction existed that caused the occurrence to take place.

7.      Unless otherwise indicated, the time period each interrogatory refers to is that of the occurrences described or referred to in the Original Petition and any amendments thereto.

8.      For each interrogatory, please identify the person(s) from whom the information contained in the answer is obtained and the person(s) who will swear to the truth of that information.

## **DEFINITIONS**

A.     "You" and "Your": The terms "you" and "your" shall mean K.W., his attorneys, and all other persons or entities acting or purporting to act on their behalf, whether authorized or not.

B.     "Persons": The term "persons" shall include individuals and every type of entity, whether formed for business purposes or not.

C.     "Documents": The term "documents" is used in its broadest sense and means and includes all written, printed, typed, recorded, or graphic matter of any kind and description, both originals and copies, and all attachments and appendices thereto, that are in your possession, custody, or control or known by you to exist.

The term also includes communications not only in words, but also in symbols, pictures, video recordings, sound recordings, film, tapes, e-mails, and information stored in, or accessible through computer or other information storage or retrieval systems.  If the information is kept in a computer or information storage or retrieval system, the term also includes codes and programming instructions and other materials necessary to understand such systems.

The term includes, but is not limited to: calendars, checkbooks, agenda, meetings, analyses, bills, invoices, records of obligations and expenditures, correspondence, diaries, files, legal documents, financial documents including balance sheets, bank statements and profit and loss statements, letters, memoranda recording telephone or in-person conferences, manuals, books, press releases, purchase orders, records, medical reports, schedules, memos of interviews, evaluations, written reports of tests or experiments, public relations releases, telegrams, teletypes, work papers, drafts of documents, and all other writings whose contents relate to the subject matter of the discovery requests.

D.     "Identify" or "identification":

1.     As to a person: When used in reference to a person or individual, the term "identify" or "identification" means his or her full name, any known nicknames or aliases, present or last known home address and telephone number, present or last known position and business affiliation or employment and the address and telephone number thereof, and his or her employment and position at the time in question.  For persons whose addresses are known to be inaccurate at this time, please indicate the possible inaccuracy and provide the most reliable address and telephone number in your possession.

2.     As to an entity: The terms "identify" or "identification" when used in reference to an entity such as a corporation, partnership, or association means to state the name of the entity, its business address, telephone number, and name of its chief executive officer.

4

      3.      As to a document: When used in reference to a document, the terms "identify" and "identification" shall include the following:

      a.      the title, hearing, or caption of such document;

      b.      the date appearing on such document; or if no date appears, the approximate date on which the document was prepared;

      c.      a general description of the document;

      d.      the name of the person who signed the document or a statement that it was unsigned; and

      e.      name of the person or persons who prepared the document.

      E.      "Plaintiffs" mean Ethlokia Plumber, ex rel. K.W. and each of their agents, representatives, attorneys, or any other individual or entity presently or formerly acting on behalf of Plaintiffs or at the request of Plaintiffs.

      F.      "Defendant" or "HCDE" means Harris County Department of Education, its trustees, employees, agents, representatives, or any other individual or entity presently or formerly acting on behalf of HCDE or at the request of HCDE.

## **INTERROGATORIES**

**Interrogatory No. 1:** Please identify (including full name, address, and telephone number) each person who in any way assisted with, contributed to, or supplied information for these answers to interrogatories and specify the answer(s) to which each person assisted or contributed.

**Answer:**

**Interrogatory No. 2:** Please state whether Plaintiffs have in their custody or control any statements, whether oral, recorded, or written, by defendants, their representatives, or any person with knowledge of facts relevant to this lawsuit.  If so, identify any such statement(s) and state the general substance of each statement.

**Answer:**

**Interrogatory No. 3:** Please identify by name, address and telephone number all persons that Plaintiff believes have knowledge of facts relevant to Plaintiff's claims in this lawsuit, and for each person identified, please describe with sufficient detail the relevant facts that Plaintiff believes each person has knowledge of.

**Answer:**

**Interrogatory No. 4:** Please state the full amount of monetary damages you seek to recover in this lawsuit, including but not limited to, loss of educational opportunities to the same extent as a non-disabled student, physical pain, mental anguish, physical impairment, loss of earing capabilities, mental health expenses, out-of-pocket expenses, and punitive damages, and describe the manner in which the amounts were calculated.  Your description should include each element of damage or component of recovery that you seek, the amount sought for each element or component, the manner in which each element or component of the calculation was determined, and should identify the source of each number used in the calculation.

**Answer:**

**Interrogatory No. 5:** Please state with particularity the amount of attorneys' fees incurred to date by Plaintiffs in this matter, including, but not limited to, any amounts already paid by Plaintiffs to their counsel and due method you believe entitle you or your client to recover attorney's fees.

**Answer:**

6

**Interrogatory No. 6**:  Please identify by name, address and phone number, each person who you believe has knowledge of the facts you are alleging in your lawsuit, and for each such person, please generally describe the knowledge you believe each person has.

**Answer:**

**Interrogatory No. 7:**  Please identify by name, occupation, address, and telephone number any and all experts you expect to call as witnesses in this case, the substance of their expected testimony and the data, facts, or other information on which they have based their opinions, and the names, occupations, addresses, and telephone numbers of any and all consulting experts who provided opinions reviewed or relied on by your testifying experts.

**Answer:**

**Interrogatory No. 8**:  Please identify all representatives, agents, or employees of HCDE with whom you have discussed any facts alleged in your Original Complaint-Amended since February 26, 2019.  Please include in your response the following: where your discussion or communication occurred; the manner in which it occurred; when the discussion or communication occurred, what was discussed; who else was present (if anyone) during the discussion or communication; and identify all written instruments, documents, or memoranda you made evidencing such discussion or communication.

**Answer:**

**Interrogatory No. 9:**  Has Plaintiff been interviewed, evaluated, examined, and/or treated by one or more physicians, counselors, psychiatrists, psychologists, therapists, or other mental and/or physical health care professionals as a result of the factual allegations set forth in Plaintiff's Original Complaint-Amended?  If so, please identify each health care professional by name, occupation, address and telephone number, and state the date(s) that Plaintiff visited each health care professional.

**Answer:**

**Interrogatory No. 10:**  Please identify by name, address, and telephone number any and all hospitals, clinics, or other facilities in which Plaintiff has been interviewed, evaluated, examined, and/or treated by a mental and/or physical healthcare provider at any time over the last five (5) years.  For each facility identified, please state the date Plaintiff visited each facility, the illness, injury, or condition that was the subject of the visit, and the name of the mental and/or physical healthcare professional that examined and/or treated Plaintiff.

**Answer:**

**Interrogatory No. 11:** Please identify all the claims and allegations asserted by you against HCDE and the basis for the same.

**Answer:**

**Interrogatory No. 12:** Please provide all facts supporting each claim listed in Interrogatory No. 11.

**Answer:**

**Interrogatory No. 13:** Please identify all out-of-pocket expenses you claim are as a result of the factual allegations set forth in your Original Complaint-Amended. For each expense please identify provider/facility/pharmacy, amount, and reason for due expense.

**Answer:**

**Interrogatory No. 14:** Please identify each and every fact you rely on to support your allegation in paragraph 58 of your Original Complaint-Amended that "failure of HCDE to have policies, procedures, practices, and customs in place to protect K.W. from professional staff violated his rights pursuant to the Fourteenth Amendment of the Constitution of the United States."

**Answer:**

**Interrogatory No. 15:** Please identify each and every fact you rely on to support your allegation in paragraph 67 of your Original Complaint-Amended that "HCDE's employee violated K.W.'s rights pursuant to the Fourth Amendment of the Constitution of the United States."

**Answer:**

**Interrogatory No. 16:** Please identify each and every fact you rely and the basis to support your allegations in paragraph 80 of your Original Complaint-Amended that "the acts and omissions of HCDE specifically undermined and interfered with K.W.'s rights pursuant to Section 504, and he was a victim of discrimination based upon his disability."

**Answer:**

8

**Interrogatory No. 17:** Please identify each and every fact or fact pattern/action/inaction and the basis you rely on to support your allegation in paragraph 86 of your Original Complaint-Amended that "[t]he acts and omissions of HCDE discriminated against K.W. when treating him in a disparate manner as compared to other students similarly situation [sic], thereby violating his rights pursuant to the Equal Protection Claus [sic] of the Fourteenth Amendment."

**Answer:**


**Interrogatory No. 18:** Please identify each and every fact and fact pattern/action/inaction you rely on to support your allegation in paragraphs 94 and 95 of your Original Complaint-Amended that "K.W. has a private cause of action against HCDE for their failure to follow relevant regulations promulgated pursuant to the ADA" and that "[s]uch failures caused injuries to K.W."

**Answer:**

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| **ETHLOKIA PLUMBER,** | § | |
| **ex rel. K.W.,** | § | |
| **Plaintiffs,** | § | |
| | § | |
| **v.** | § | **C.A. No. 4:20-cv-00672** |
| | § | |
| **HARRIS COUNTY DEPARTMENT** | § | |
| **OF EDUCATION,** | § | |
| **Defendant.** | § | |

**DEFENDANT HARRIS COUNTY DEPARTMENT OF EDUCATION'S
FIRST REQUESTS FOR PRODUCTION**

TO:    Plaintiffs Ethlokia Plumber, ex rel. K.W., by and through their counsel of record, Yvonnilda G. Muniz, Yvonnilda G. Muniz, PC, P.O. Box 92018, Austin, Texas 78709.

Pursuant to the Federal Rules of Civil Procedure, Defendants serve these Requests for Production of Documents on Plaintiffs Ethlokia Plumber, ex rel. K.W. Plaintiffs' responses to the Requests for Production of Documents shall be made within thirty (30) days after service of the Requests, and copies of the requested documents shall be produced for inspection and copying at the undersigned counsel's office within thirty (30) days after service of the Request.

These Requests for Production of Documents are continuing in nature. Should any additional documents come into Plaintiffs' possession following the date of his answers to the Requests for Production of Documents, Plaintiffs are under a continuing obligation up to the date of trial to furnish such additional documents to Defendants.

1

Respectfully submitted,

KARCZEWSKI | BRADSHAW | SPALDING

J. ERIK NICHOLS
Attorney-in-Charge
State Bar No. 00788119
Fed. I.D. 13066
enichols@kblawgroup.com
MELISSA M. GOINS
State Bar No. 24074671
Fed. I.D. 2089537
mgoins@kblawgroup.com
3700 Buffalo Speedway, Suite 560
Houston, Texas 77098
Telephone: (713) 993-7041
Facsimile: (888) 726-8374

**ATTORNEYS FOR DEFENDANT HCDE**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been served on all counsel of record via electronic mail and/or ECF this 19th day of August, 2020, addressed as follows:

Yvonnilda G. Muniz
Yvonnilda Muniz, P.C.
P.O. Box 92018
Austin, Texas 78709
ygmuniz@outlook.com

Attorney for Defendant

2

## INSTRUCTIONS FOR RESPONDING TO
## REQUESTS FOR PRODUCTION OF DOCUMENTS

1.      The documents described in this request shall be produced as they are kept in the usual course of business or shall be organized and labeled to correspond with the categories specified in this request.  If the items described are not produced in their files, then the selection of documents from files and other sources shall be performed in such a manner to ensure that the file or other source from which a document is obtained may be identified. Additionally, documents attached to other documents or materials shall not be separated unless sufficient records are kept to permit reconstruction of the original grouping.

2.      Each draft, original and non-identical duplicate, whether different from the original because of marginal notes or other material inserted therein or attached thereto or otherwise and all writings, records, documents, and data compilations from which the information requested can be obtained or translated, that are in the possession, custody, or control of the party to whom this request is addressed shall be produced.  In any instance in which this request names documents for production, it will be acceptable to provide a legible, true and correct photocopy or other reproduction of the complete document named.

3.      Unless otherwise indicated, each request shall be construed as requesting the production of all documents described herein that were created, received, or otherwise entered the control, custody, or possession of Plaintiffs, including but not limited to, documents created, produced, received or that otherwise entered the possession, custody, or control of any representative of Plaintiffs, including the attorney(s) of Plaintiffs.

4.      If any document was, but is no longer in Plaintiffs' possession, custody, or control, or it is no longer in existence, state whether it is missing or lost; has been destroyed; has been transferred to others, voluntarily or involuntarily; or has been otherwise disposed of. If disposed of, in each case explain the circumstances of the disposition, and the approximate date thereof; identify those persons having control; and state the location of the documents.

5.      If any document is withheld, in whole or in part, for any reason, including, but not limited to, the claim of privilege or confidentiality, identify separately with respect to each document, the following:  (a) the privilege under which the document is being withheld; (b) a description of the type of document involved; (c) a general description of the subject matter and purpose of the document; (d) the date the document was prepared; (e) the author or authors and signatory or signatories of the document; (f) the recipient or recipients of the document and any person having received copies of the document; and (g) the circumstances surrounding the making of the document.  Any document withheld from production pursuant to a claim of privilege (including as attorney work product) shall be segregated and maintained for possible in camera submission to the Court.

## **DEFINITIONS**

A.     "You" and "Your":  The terms "you" and "your" shall mean K.W., his attorneys, and all other persons or entities acting or purporting to act on his behalf, whether authorized or not.

B.     "Persons":  The term "persons" shall include individuals, and every type of entity, whether formed for business purposes or not.

C.     "Documents":  The term "documents" is used in its broadest sense and means and includes all written, printed, typed, recorded, or graphic matter of any kind and description, both originals and copies, and all attachments and appendices thereto, that are in Plaintiff's possession, custody, or control or known by Plaintiffs to exist.

The term also includes communications not only in words, but in symbols, pictures, video recordings, sound recordings, film, tapes, and information stored in, or accessible through, computer or other information storage or retrieval systems.  If the information is kept in a computer or informational storage or retrieval system, the term also includes codes and programming instructions and other materials necessary to understand such systems.

The term includes, but is not limited to:  calendars, checkbooks, agenda, agreements, analyses, bills, invoices, records of obligations and expenditures, corporate bylaws and charters, correspondence, diaries, files, legal documents, financial documents including balance sheets and profit and loss statements, letters, memoranda recording telephone or in-person conferences, manuals, books, press releases, purchase orders, records, medical reports, schedules, memos of interviews, evaluations, written reports of tests or experiments, public relations releases, telegrams, e-mails, teletypes, work papers, drafts of documents, and all other writing whose contents relate to the subject matter of the discovery request.

D.     "Concern(ing)" means and includes pertain, discuss, refer, indicate, contain, explain, review, analyze, describe, mention, relate, detail or be in any way logically or factually connected with the matter discussed.

E.     "Communication(s)" means and includes any transmittal or exchange of information between two or more persons, whether orally or in writing, including without limitation any conversation by means of letter, note, memorandum, telephone, telegraph, telex, telecopies, e-mails, cables, or some other electronic or other medium.

F.     "Statement(s)" means and includes any transmittal or exchange of information between two or more persons, whether orally or in writing, including without limitation any conversation by means of letter, note, memorandum, telephone, telegraph, telex, telecopies, e-mails, cables, or some other electronic or other medium.

G.     "Possession, custody, or control" includes documents actually within the possession, custody, or control of Plaintiffs, each consultant, agent, representative or family member of the Plaintiffs, including without limitation, attorneys and accountants, or each other person acting for or in concert with them and including documents prepared by, obtained, or placed in the possession, custody, or control of any such person within the scope of his/her duties or relationship to the Plaintiffs or documents that the Plaintiffs have a right to copy or have access to, and documents having been placed in the temporary possession, custody, or control of any third party.  The document is deemed to be in Plaintiffs' possession, custody, or control if the Plaintiffs have the right to secure the document or a photocopy thereof from another person or entity, whether public or private, having actual physical possession, custody, or control thereof.

H.     "And" and "or" shall be construed either disjunctively or conjunctively to bring within the scope of the request all information and responses within the general scope of the request.

I.     "Plaintiffs" means Ethlokia Plumber, ex rel. K.W. and each of their agents, representatives, attorneys, or any other individual or entity presently or formerly acting on behalf of Plaintiffs or at the request of Plaintiffs.

J.     "Defendant" or "HCDE" means Harris Counted Department of Education, and each of its employees, agents, representatives, or any other individual or entity presently acting on behalf of the Defendant or at the request of Defendant.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

**REQUEST FOR PRODUCTION NO. 1:**  Any and all documents in your possession, custody or control, supporting your claim for attorney's fees, including but not limited to the fee agreement between you and your attorney, payment receipts, and invoices from your attorney; redacted for any attorney client privileged information.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 2**: Please produce any and all written or recorded statements in your possession, custody, or control made by any employees or agents of Defendant that concern your claims as alleged in your Original Complaint-Amended.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 3**: Please produce all written communications, whether electronic or hard copy, related to or concerning the facts alleged in your Original Complaint-Amended between you and any other person, including any representatives, agents, or employees of HCDE.  To the extent that electronic copies are not available, please provide the documents in hard copy form.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 4:**  Any and all diaries, day planners, journals, or calendars you maintain, either in paper or electronic format, in your possession, custody or control, reflecting information concerning or relating in any way to the claims you allege in this lawsuit.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 5:**  Any and all documents in your possession, custody, or control reflecting any personal or handwritten notes your made at any time regarding the allegations set forth in this lawsuit.

**RESPONSE:**

6

**REQUEST FOR PRODUCTION NO. 6:** Any and all audio recordings, video recordings, photographs, or images in your possession, custody, or control that you contend support the factual allegations or claims you make in your Original Complaint-Amended.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 7:** Please produce any and all documents in your possession, custody, or control concerning or relating to your damages claims, including your claims for loss of educational opportunities to the same extent as a non-disabled student, physical pain, mental anguish, physical impairment, loss of earing capabilities, mental health expenses, out-of-pocket expenses, and punitive damages.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 8:** Any and all documents in your possession, custody or control concerning your contention that HCDE violated your rights pursuant to the Fourteenth Amendment of the Constitution of the United States as alleged in your Original Complaint-Amended.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 9:** Any and all documents in your possession, custody or control concerning or supporting your contention that HCDE's employee violated K.W.'s rights pursuant to the Fourth Amendment of the Constitution of the United States as alleged in your Original Complaint-Amended.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 10:** Any and all documents in your possession, custody or control concerning or supporting your contention that the acts and omissions of HCDE specifically undermined and interfered with K.W.'s rights pursuant to Section 504, and he was a victim of discrimination based upon his disability as alleged in your Original Complaint-Amended.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 11:**  Any and all documents in your possession, custody or control concerning or supporting your contention that the acts and omissions of HCDE discriminated against K.W. when treating him in a disparate manner as compared to other students similarly situated, thereby violating his rights pursuant to the Equal Protection Clause of the Fourteenth Amendment as alleged in your Original Complaint-Amended.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 12:**  Any and all documents in your possession, custody or control concerning or supporting your contention that K.W. has a private cause of action against HCDE for their failure to follow relevant regulations promulgated pursuant to the ADA and that those failures caused injuries to K.W. as alleged in your Original Complaint-Amended.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 13:**  Please produce all written communications, whether electronic or hard copy, related to or concerning the facts alleged in your Original Complaint-Amended between you and any other person, including any representatives, agents, or employees of HCDE.  To the extent that electronic copies are not available, provide the documents in hard copy form.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 14:**  Please produce any and all documents in your possession, custody or control reflecting any treatment or evaluation you have received from any physician, nurse practitioner, physician's assistant, social worker, psychologist, psychiatrist, psychotherapist, counselor, or any other mental healthcare provider, at any time from February 26, 2018 to the present, for any physical, psychological, emotional or mental health condition(s).

**RESPONSE:**

8

**REQUEST FOR PRODUCTION NO. 15:** Please produce any and all documents in your possession, custody or control reflecting any medications you have been prescribed by any physician, nurse practitioner, physician's assistant, social worker, psychologist, psychiatrist, psychotherapist, counselor, or any other mental healthcare provider, at any time from February 26, 2018 to the present, for any physical, psychological, emotional or mental health condition(s).

**RESPONSE:**