# EXHIBIT F

| | |
|---|---|
| **From:** | Yvonnilda Muniz |
| **To:** | Melissa Goins; Erik Nichols |
| **Cc:** | eplumber73 |
| **Subject:** | Ethlokia Plumber ex rel. K.W. v. HCDE |
| **Date:** | Tuesday, September 29, 2020 8:09:10 PM |
| **Attachments:** | Responses to HCDE"s Requests 9.29.2020.pdf |

Melissa -

Please see attached.  The documents are in a Dropbox folder.  You should have received an invitation to the folder.  Let me know if you didn't.

I appreciate the extra time.  I will supplement our response as soon as I receive the missing documents.

Let me know if you have any questions.

Yvonnilda


Yvonnilda Muñiz

LAW OFFICE OF YVONNILDA MUNIZ, P.C.
P.O. BOX 92018
AUSTIN, TX  78709
OFFICE:  512.288.4279/512.633.9944
FAX:  888.398.8808
EMAIL: ygmuniz@outlook.com

CONFIDENTIALITY STATEMENT: This message and all attachments are confidential and may be protected by the attorney-client and other privileges. Any review, use, dissemination, forwarding, printing, copying, disclosure or distribution by persons other than the intended recipients is prohibited and may be unlawful.  Please delete this message and any copy of it (in any form) without disclosing it.  If you believe this message has been sent to you in error, please notify the sender by replying to this transmission.  Thank you for your cooperation.

IN THE UNITED STATES COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **ETHLOKIA PLUMBER, ex rel. K.W.,** | § | |
| **Plaintiffs,** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. 4:20-CV-00672** |
| | § | |
| **HARRIS COUNTY DEPARTMENT** | § | |
| **OF EDUCATION,** | § | |
| **Defendant.** | § | |

## PLAINTIFFS' OBJECTIONS AND ANSWERS
## TO HCDE'S REQUESTS FOR ADMISSIONS

Plaintiffs Ethlokia Plumber ex rel. K.W. respond and object to Defendant Harris County Department of Education's (HCDE) Requests for Admissions as set forth below. The following responses are made solely for the purposes of this action. Each response is subject to all objections as to relevance, materiality, and admissibility, and to any and all objections on any ground that would require exclusion of any response if it were introduced in court.

No incidental or implied admissions are intended by these responses. The fact that Plaintiffs have objected or responded to any Request shall not be deemed an admission that Plaintiffs accepts or admits the existence of any facts set forth or assumed by such Request or that such objection or response constitutes admissible evidence. The fact that Plaintiffs have responded to part or all of any Request is not intended to and shall not be construed to be a waiver by Plaintiffs of any part of any objection to any Request.

The responses and objections are made on the basis of information and writings currently available to and located by Plaintiffs upon reasonable investigation. Plaintiffs expressly reserve the right to modify, revise, supplement, or amend their responses as they deem appropriate.

## PRELIMINARY STATEMENT

Plaintiffs have not, at this time, fully completed their discovery and investigation in this action. All information contained herein is based solely upon such information and evidence as is presently available and known to Plaintiffs upon information and belief at this time. Further discovery, investigation, research and analysis may supply additional facts, and meaning to currently known information. Plaintiffs reserve the right to amend any and all responses herein as additional facts are ascertained, legal research is completed, and analysis is undertaken. The responses herein are made in a good faith effort to supply as much information as is presently known to Plaintiffs.

The Plaintiffs have not yet completed its investigation of the facts related to this action, and have not yet completed its discovery in this action, and consequently have not yet completed its preparation for trial. The following responses are given without prejudice to the right to produce at trial any and all subsequently discovered evidence relating to the proof of presently known material facts, if any, and to produce all evidence, whenever discovered, relating to the proof of subsequently discovered material facts. Plaintiffs respond to these Requests based upon the information and belief presently known and available to the Plaintiffs and reserves the right to supplement or modify these responses based upon subsequently discovered or acquired information and/or documents.

Except for explicit facts submitted herein, no admissions of any nature whatsoever are implied nor should they be inferred. The fact that Plaintiffs have responded to any Requests for Admissions should not be taken as an admission or acceptance of the existence of any fact or facts set forth or assumed by any interrogatory, or that such answer constitutes admissible evidence. This Preliminary Statement is, by this reference, incorporated into each and every one of the following Responses to these Requests for Admissions.

### PLAINTIFFS' OBJECTIONS AND ANSWERS
### TO HCDE'S REQUESTS FOR ADMISSIONS

**REQUEST FOR ADMISSION NO. 1:**   Admit that you physically threatened Mr. Allen on February 26, 2018 in the gym at ABS East.

**RESPONSE:**   Plaintiffs incorporate by reference General Objections 1-7 here as if restated in full. Plaintiffs deny this admission because the term "physically threatened" is vague and ambiguous and is not defined in Defendant's Request for Admissions. Plaintiffs further deny this admission because, according to HCDE ABS East Record of Communication with Parent or Guardian, dated February 26, 2018, completed by the Principal and the Assistant Principal and the Record of District Communication Log, completed on the same day by the Assistant Principal, both state that Plaintiff was cursing and verbally threatening the PE Coach. Neither the Record of Communication with Parent or Guardian or the Record of District Communication Log states that Plaintiff physically threatened the PE Coach.

However, the Written Summary of Non-Violent Physical Crisis Intervention Use, dated February 28, 2018, states that Plaintiff was physically aggressive toward staff. "Staff" was not defined. In the description, it states that Plaintiffs became "verbally and physically non-compliant" during warm up drills in P.E. It does not state he physically threatened anybody. Further, it states he "balled up his fist and his disposition appeared in a threatening manner." Clearly, Plaintiff did not strike or throw a punch at Coach Allen but rather took a defensive stance when he balled up his fist.

2

Furthermore, after speaking with the principal and reviewing the video of the incident, Plaintiffs believe that the incident did not occur as stated on the Written Summary. According to the video as viewed by Plaintiff's mother, Coach Allen was not near Plaintiff nor had any interaction with Plaintiff until the Coach ran across the gym and restrained Plaintiff, breaking his collar-bone and hitting his head on a table. Further placing doubt on the veracity of the Written Summary, it states that it was a two-person restraint but there was no other person mentioned involved in the restraint. Furthermore, as noted on the video, there were no efforts to de-escalate the situation as claimed on the Written Summary, there was nothing to support the contention that Plaintiff was encouraged to use positive alternative behaviors, and, finally, the rest of the class was not removed from the gym to allow for calming as reported on the Written Summary. According to Plaintiff's mother, the principal acknowledged that the information on the Written Summary was misleading. It is important to note that at the time of the restraint, although he was a freshman, Plaintiff was not even 5" tall and barely weighed a 100 lbs. Coach Allen was at least a foot taller than Plaintiff and probably weighed about 100 lbs. more than Plaintiff did.

**REQUEST FOR ADMISSION NO. 2:**   Admit that you verbally threatened Mr. Allen on February 26, 2018 in the gym at ABS East.

**RESPONSE:**  Plaintiffs incorporate by reference General Objections 1-7 here as if restated in full. Plaintiffs deny this admission because the term "verbally threatened" is vague and ambiguous to the extent it relies on an undefined term which is not defined in Defendant's Request for Admissions, nor in the HCDE's Written Summary of Non-Violent Physical Crisis Intervention Use ("Written Summary") or in the two Records of Communication Logs completed on February 26, 2018.

According to the Written Summary, completed by Assistant Principal George Sanders on February 26, 2018, it does not state that Plaintiff verbally threatened Mr. Allen. In the description, it states that Plaintiff "became verbally and physically non-compliant" and that he "continued to be non-compliant with all directives." It also states that "he proceeded to initiate a verbal altercation with another student" and used "inappropriate language" and "profanity." It does not state he "verbally threatened" Coach Allen.

However, the Record of Communication with Parent or Guardian states that Plaintiff was "cursing and verbally threatening" the PE Coach. However, according to the video of the incident viewed by Plaintiff's mother on the date of the incident, it appears Coach Allen was on the other side of the gym which was not close enough to Plaintiff to hear Plaintiff say anything. It was not until Coach Allen ran toward Plaintiff from the other side of the gym that was filled with students playing basketball and engaging in other sport like activities that he would have been close enough to hear Plaintiff.

3

**REQUEST FOR ADMISSION NO. 3:**   Admit that you physical (sic) threatened another student on February 26, 2018 in the gym at ABS East.

**RESPONSE:**  Plaintiffs incorporate by reference General Objections 1-7 here as if restated in full.  Plaintiffs object to this request as it is vague and ambiguous to the extent it relies on the undefined term "physical threatened" which is not defined in Defendant's Request for Admissions.  Plaintiffs will respond to this admission as a request for the use of "physical(ly) threatened" as used in the Written Summary.  To the extent this request asks for an admission that Plaintiff "physically threatened" another student, Plaintiff denies this admission.  According to the Written Summary, completed by Assistant Principal George Sanders on February 26, 2018, Plaintiff did not physically threaten another student.  As reported in the Written Summary, another student threatened to punch Plaintiff in the face.

**REQUEST FOR ADMISSION NO. 4:**   Admit that you verbally threatened another student on February 26, 2018 in the gym at ABS East.

**RESPONSE:**  Plaintiffs incorporate by reference General Objections 1-7 here as if restated in full.  Plaintiffs object to this request as it is vague and ambiguous to the extent it relies on the undefined term "verbally threatened" which is not defined in Defendant's Request for Admissions.  Plaintiffs deny this admission.  Plaintiff will admit to "cursing" at another student but will not admit that he "verbally threaten" another student.   Neither Record of Communication log completed by the Principal and Assistant Principal on February 26, 2018 report that Plaintiff was verbally threatening or cursing at another student.  Thus, Defendant's own documentation of the event is inconclusive as the description of the event provides contradicting information.

**REQUEST FOR ADMISSION NO. 5:**  Admit that you balled up your fist at Mr. Allen on February 26, 2018 in the gym at ABS East.

**RESPONSE:**  Plaintiffs incorporate by reference General Objections 1-7 here as if restated in full.  Plaintiffs deny this admission as it fails to limit the action to a specific time.  Plaintiff admits in response to Coach Allen running toward him from across the gym that he balled up his fist at Coach Allen on February 26, 2018.  According to Plaintiff, the video of the incident shows that he was backed up against the wall of the gym when Coach Allen ran towards him from the other side of the gym.  Plaintiffs do not admit any intention was involved in this action.  As noted above, it is important to note that at the time of the restraint, although he was a freshman, Plaintiff was not even 5" tall and barely weighed a 100 lbs.  Coach Allen was at least a foot taller than Plaintiff and probably weighed about 100 lbs. more than Plaintiff did.

4

**REQUEST FOR ADMISSION NO. 6:**  Admit that you were physically restrained at Harmony School (of Ingenuity) at least seven (7) times prior to your enrollment at ABS East.

**RESPONSE:**  Plaintiffs incorporate by reference General Objections 1-7 here as if restated in full.  Plaintiffs object to this request as it is vague and not limited in scope. Plaintiffs deny this admission based on records in Plaintiffs' possession from Harmony School (of Ingenuity) that notified his mother Plaintiff when he was physically restrained.   Despite these objections, according to records from Harmony School (of Ingenuity) in his possession, Plaintiff was restrained at least 4 times during the time period from December 15, 2017 to February 14, 2018. Two of the restraints on February 14, 2018 included staff write-ups of the same restraint.

**REQUEST FOR ADMISSION NO. 7:**  Admit that you were physically restrained more than once at Harmony School (of Ingenuity) prior to your enrollment at ABS East.

**RESPONSE:**  Plaintiffs incorporate by reference General Objections 1-7 here as if restated in full.  Plaintiffs object to this request as it is vague and not limited in scope.  Plaintiffs admit Plaintiff was physically restrained more than once at Harmony School (of Ingenuity) prior to his enrollment at ABS East since his enrollment in Harmony School (of Ingenuity) in August 2017. See response to Request for Admission No. 6.

**REQUEST FOR ADMISSION NO. 8:**  Admit that you did not undergo an MRI as a result of the February 26, 2018 incident.

**RESPONSE:**  Plaintiffs incorporate by reference General Objections 1-7 here as if restated in full.  Plaintiffs admit Plaintiff did not undergo an MRI as a result of the February 26, 2018 incident but did undergo an MRI for another medical condition in December 2018.  According to his mother, when Plaintiff's doctors compared the December 2018 MRI with a previous MRI, the December 2018 MRI showed bruising from the back of his head which was determined to be the result of the injury sustained at ABS East in February 2018.

**REQUEST FOR ADMISSION NO. 9:**  Admit that you did not receive treatment from a neurologist as a result of the February 26, 2018 incident.

**RESPONSE:**  Plaintiffs incorporate by reference General Objections 1-7 here as if restated in full.  Plaintiffs deny this request for admission and has received treatment from a neurologist as a result of the February 26, 2018 incident.  See medical records from Texas Children's Hospital that will be provided when received.

**REQUEST FOR ADMISSION NO. 10:**  Admit that you were not diagnosed with a broken collar bone by any medical professional as a result of the February 26, 2018 incident.

**RESPONSE:**   Plaintiffs incorporate by reference General Objections 1-7 here as if restated in full.  Plaintiffs deny this Request for Admission.  On February 26, 2018, Dr. Gina Blocker, ER physician at Baylor St. Luke's Emergency Center Pearland, documented that Plaintiff was reportedly assaulted and battered at school.  She diagnosed Plaintiff with an acute left clavicle fracture with fragment displacement.  She recommended further evaluation by pediatric orthopedic specialists for further management. She considered his injury to be an assault on a minor and called the Houston Police Department and filed a police report from the Emergency Department.

**REQUEST FOR ADMISSION NO. 11:**   Admit that your due process claim against HCDE was dismissed.

**RESPONSE:**   Plaintiffs incorporate by reference General Objections 1-7 here as if restated in full. Plaintiffs admit that on June 6, 2019, in Order No. 8, Texas Education Agency (TEA) Independent Hearing Officer Kimberlee Kovach found that Plaintiffs' complaints against the HCDE lie outside the jurisdiction of an independent special education hearing officer and dismissed HCDE as a party.

**REQUEST FOR ADMISSION NO. 12:**   Admit that your due process claim included allegations of 504 violations that were dismissed.

**RESPONSE:**   Plaintiffs incorporate by reference General Objections 1-7 here as if restated in full.  Plaintiffs admit that allegations of 504 violations were dismissed in Order No. 4 on March 18, 2019 by TEA Independent Hearing Officer Kimberlee Kovach after a prehearing conference held on March 20, 2019 when as she found she did not have the authority as an independent hearing officer under the IDEA to hear those claims.  The Hearing Officer limited Plaintiffs' claims in the due process hearing to claims falling specifically within the IDEA.

**REQUEST FOR ADMISSION NO. 13:**   Admit that you were not entitled to and had no 504 plan during the 2017-2018 school year.

**RESPONSE:**   Plaintiffs incorporate by reference General Objections 1-7 here as if restated in full.  Plaintiffs deny this request for admission that he is not entitled to or that he had no 504 plan during the 2017-2018 school year for the following reasons:

A student with a disability who is eligible for the protections and provisions of a Free Appropriate Public Education (FAPE) under the IDEA typically satisfies the criteria for eligibility under Section 504 as well.  The student is considered "dual eligible" and is protected under both statutes.  However, when a student is IDEA eligible, a school district cannot provide

6

services under a Section 504 plan instead of an IEP. Thus, if a student is IDEA eligible and has an IEP, a school district cannot provide a Section 504 plan for the student in addition to or instead of an IEP. See *Letter to Veir*, 20 IDELR 864 (OCR 1993) (OCR "cannot conceive of any situation in which [IDEA-eligible] children would not also be entitled to protection extended by Section 504. A student identified as IDEA eligible and receiving services under the IDEA in order to receive a free appropriate public education could receive the same assistance in order to comply with Section 504. Section 104.33(b)(2) states that implementation of an individualized education program developed in accordance with IDEA is one means of meeting Section 504's requirement for the provision of regular and special education and related aids and Services designed to meet individual educational needs of persons with disabilities as adequately as the needs of persons without disabilities are met.") If a student is dual eligible, OCR has stated that a district is not required to develop both an IEP and Section 504 plan. Further, OCR wrote, "If a student is eligible under [the]IDEA, he or she must have an IEP. Under the Section 504 regulations, one way to meet Section 504 requirements for a free appropriate public education is to implement an IEP." See *Protecting Students with Disabilities: Frequently Asked Questions About Section 504 and the Education of Children with Disabilities*, 67 IDELR 189 (OCR 2015).

Thus, because Plaintiff is a student who is IDEA eligible and has an IEP, the criteria for eligibility and a plan under Section 504 plan is satisfied.

**REQUEST FOR ADMISSION NO. 14:** Admit that Harmony School (of Ingenuity) is the responsible "home school" for IDEA claims of any type whatsoever.

**RESPONSE:** Plaintiffs incorporate by reference General Objections 1-7 here as if restated in full. Plaintiffs admit that according to Order No. 8, dated June 6, 2019, the TEA Independent Special Education Hearing Officer found that Plaintiffs' complaints against HCDE lie outside of the jurisdiction of an independent special education hearing officer. She explained that her jurisdiction is limited to determinations relating to identification, evaluation or educational placement of a child with a disability or the provision of FAPE to the child pursuant to 34 C.F.R. §300.507(a)(1).

**REQUEST FOR ADMISSION NO. 15:** Admit that Harmony School (of Ingenuity) is the responsible "home school" for 504 claims of any type whatsoever.

**RESPONSE:** Plaintiffs incorporate by reference General Objections 1-7 here as if restated in full. Plaintiffs do not admit that Harmony School (of Ingenuity) is the responsible "home school" for 504 claims of any type whatsoever. Plaintiffs object to the claim that Harmony School (of Ingenuity) is the responsible "home school" as vague and over-broad. Plaintiffs object to the claim "of any type whatsoever" as vague and over-broad. Further, Plaintiffs object

to the term "of any type whatsoever" because it is not defined in Defendant's Request for Admissions.

Respectfully submitted,

/s/ *Yvonnilda G. Muñiz*
YVONNILDA G. MUÑIZ

State Bar No. 24007717
Southern Dist. No. 1014837

Law Office of Yvonnilda Muñiz, P.C.
P.O. Box 92018
Austin, TX. 78709
Tel. (512) 288-4279
Fax (888) 398-8808
Email: ygmuniz@outlook.com

ATTORNEY-IN-CHARGE
ATTORNEY FOR PLAINTIFFS

## VERIFICATION OF PLAINTIFFS' OBJECTIONS AND ANSWERS TO HCDE'S REQUESTS FOR ADMISSIONS

I, Yvonnilda Muñiz, counsel for Plaintiffs, believe, based on reasonable inquiry, that the foregoing objections and answers to HCDE's Requests for Admissions are true and correct to the best of my knowledge, information and belief at this time.

I verify under penalty of perjury that the foregoing is true and correct.

Executed on September 29, 2020.

/s/*Yvonnilda Muñiz*
Yvonnilda Muñiz

8

IN THE UNITED STATES COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ETHLOKIA PLUMBER, ex rel. K.W., | § | |
|     Plaintiffs, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:20-CV-00672 |
| | § | |
| HARRIS COUNTY DEPARTMENT | § | |
|     OF EDUCATION, | § | |
|     Defendant. | § | |

## PLAINTIFF'S RESPONSE TO HCDE'S INTERROGATORIES

**Interrogatory No. 1:** Please identify (including full name, address, and telephone number) each person who in any way assisted with, contributed to, or supplied information for these answers to interrogatories and specify the answer(s) to which each person assisted or contributed.

**Answer:** Plaintiff Ethlokia Plumber, Plaintiff's mother and next friend of Plaintiff K.W. assisted with, contributed to, or supplied information for these answers to interrogatories. Ms. Plumber assisted with answers to all the interrogatories. Ms. Plumber currently resides at 3739 Curvey Lane, Houston, TX. 77047. Her phone number is 832-577-8292. Ms. Plumber assisted or contributed to all the answers.

**Interrogatory No. 2:** Please state whether Plaintiffs have in their custody or control any statements, whether oral, recorded, or written, by defendants, their representatives, or any person with knowledge of facts relevant to this lawsuit. If so, identify any such statement(s) and state the general substance of each statement.

**Answer:** As discovery has not yet been completed, at this time, Plaintiffs do not have in their custody or control all statements, whether oral, recorded, or written by defendants, their representatives, or any person with knowledge of facts relevant to the lawsuit but does have the following statements:

1. HCDE Record of Communication with Parent or Guardian, dated Feb. 26, 2018;
2. HCDE Written Summary of Non-Violent Physical Crisis Intervention Use, dated February 26, 2018;
3. HCDE Medical Referral dated Feb. 26, 2018, signed by Karina Jerez, Nurse, which reported Observations: "Student complaining of left shoulder pain. No redness or inflammation noted. Dr. Gina M. Blocker, M.D. completed the form for the student's

9

school record and found, "Findings: The child Kenneth Williams, was reportedly assaulted & battered today @ school. He has an acute left clavicle fracture with fragment displacement. Recommendations: I recommend the patient be seen & evaluated by Pediatric Orthopedic Specialists for further management. Corrections: This is considered an assault on a minor. HFD has been called and is involved, a police report was made from the Emergency Department."

4. HCDE Daily Point System and Point Penalties, dated Feb. 26, 2018;

5. Notice of Findings of CPS Investigation, dated August 22, 2018 from the Texas Department of Family and Protective Services, that found there was "Reason to Believe" Herbert Allen physically abused Plaintiff.

6. Additional documentation of statements, both oral, recorded or written, have been requested but at this time are not in Plaintiff's custody or control.

Upon receipt of additional statements, Plaintiffs will supplement its response to this Interrogatory.

**Interrogatory No. 3:** Please identify by name, address and telephone number all persons that Plaintiff believes have knowledge of facts relevant to Plaintiff's claims in this lawsuit, and for each person identified, please describe with sufficient detail the relevant facts that Plaintiff believes each person has knowledge of.

**Answer:** At this time, Plaintiffs believe that the following people may have knowledge of facts relevant to Plaintiffs' claims in this lawsuit but since this is early in the discovery process there may be others. Without waiving any objections, Plaintiffs identify the following persons:

Mindy Robertson, previous HCDE ABS East Principal, currently Alief ISD Learning Center Principal, 4427 Belle Park Dr., Houston, TX. 77072, (281) 983-8000 ext. 28597; Email: Mindy.Robertson@aliefisd.net; Ms. Robertson conferenced with Plaintiff's mother on the day of the assault. She also viewed the video of the assault with Plaintiff's mother that same day. It appears she attended the ARD meeting held on March 23, 2018 placing Plaintiff on homebound. She is expected to testify that because of the assault on Plaintiff on February 26, 2018, Coach Allen was terminated from his position at HCDE ABS East. It is also expected that she will testify that she reported the assault on Plaintiff to CPS.

George Sanders, HCDE ABS East Assistant Principal, gsanders@hcde-texas.org. Mr. Sanders appears to have written the HCDE Record of Communication and the HCDE Written Summary of Non-Violent Crisis Intervention Use.

Wilson? – Full name and whereabouts unknown at this time. It is possible that Wilson was also in the gym at the same time.

Herbert Allen, Jr. – Coach involved in assault.   Whereabouts unknown at this time.   Plaintiffs expect that he will testify to the assault on Plaintiff as it was reported on the Written Summary of Non-Violent Crisis Intervention Use.   Plaintiffs also will ask him to testify regarding the TEA Investigation and the CPS Investigation.

Ethlokia Plumber – Provided above.

Kenneth Williams – Address and contact information same as his mother's.

Carrie V. Williams, Plaintiff's aunt, 2715 Bronwynn Lane, Houston, TX. 77047 (phone number to be provided at later date) email: cv_williams@hotmail.com

Dr. Gina M. Blocker, ER Physician, Baylor St. Luke's Emergency Center, 11713 Shadow Creek Pkwy, Pearland, TX. 77584. 713-793-4600.   Plaintiffs expect Dr. Blocker to testify regarding her examination of Plaintiff in the ER on February 26, 2018 and referral to orthopedic doctor.

Dr. Nichole Montgomery, 6701 Fannin St. #1400, Houston, TX. 77030. 832-824-1000. Orthopedics.   Plaintiffs expect Dr. Montgomery to testify regarding her examination of Plaintiff and subsequent follow-up care.

Dr. Tonya Brown-Price, TCPA Midtown Pediatrics, 2101 Crawford, Suite 115 Houston, TX. 77002 Tel. (713) 759-6888.   Plaintiffs expect Dr. Brown-Price to testify regarding her examination of Plaintiff, her decision to request homebound services, and subsequent follow-up care.   Her diagnosis was that Plaintiff had a closed fracture of left shoulder clavicle.   She will also testify that Plaintiff suffered from the pain and fear of reinjury and anxiety for his other body safety.

Dr. Relan Shilpi, 6701 Fannin St. #1400, Houston, TX. 77030 Tel: 832-824-1000, Endocrinologist.   Plaintiffs expect Dr. Shilpi to explain the findings of the December 2018 MRI compared to a previous MRI.   Plaintiffs also expect Dr. Shilpi to testify regarding the medical care he has provided Plaintiff.

Dr. Abid Farida, 6701 Fannin St. #1400, Houston, TX. 77030 Tel: 832-824-1000, Neurologist. Plaintiffs expect Dr. Farida will testify regarding the medical care he has provided Plaintiff regarding the complications Plaintiff has suffered since being assaulted.

Upon receipt of additional discovery, Plaintiffs will supplement their response to this Interrogatory.

**Interrogatory No. 4**:  Please state the full amount of monetary damages you seek to recover in this lawsuit, including but not limited to, loss of educational opportunities to the same extent as a non-disabled student, physical pain, mental anguish, physical impairment, loss of earing (sic) capabilities, mental health expenses, out-of-pocket expenses, and punitive damages, and describe the manner in which the amounts were calculated.  Your description should include each element of damage or component of recovery that you seek, the amount sought for each element or component, the manner in which each element or component of the calculation was determined, and should identify the source of each number used in the calculation.

**Answer:**  Upon receipt of additional information, Plaintiffs will supplement its response to this Interrogatory.

**Interrogatory No. 5:**  Please state with particularity the amount of attorneys' fees incurred to date by Plaintiffs in this matter, including, but not limited to, any amounts already paid by Plaintiffs to their counsel and due method you believe entitle you or your client to recover attorney's fees.

**Answer:**  To be provided at a later date.

**Interrogatory No. 6:**  Please identify by name, address and phone number, each person who you believe has knowledge of the facts you are alleging in your lawsuit, and for each such person, please generally describe the knowledge you believe each person has.

**Answer:**  This appears to be a repeat of Interrogatory No. 3.  See above response.  If this isn't a repeat, Plaintiff reserves the opportunity to respond.

**Interrogatory No. 7:**  Please identify by name, occupation, address, and telephone number any and all experts you expect to call as witnesses in this case, the substance of their expected testimony and the data, facts, or other information on which they have based their opinions, and the names, occupations, addresses, and telephone numbers of any and all consulting experts who provided opinions reviewed or relied on by your testifying experts.

**Answer:**  Plaintiffs object to this request as premature and has not determined yet which experts will testify.  Plaintiffs may call the following experts to testify and expressly reserve the right to supplement, clarify, revise or correct any or all responses to this request.  At this time, Plaintiffs expect to call Dr. Gina M. Blocker (ER physician), Baylor St. Luke's Emergency Center, Pearland, TX; Dr. Tonya Brown-Price (Pediatrician); Dr. Relan Shilpi (Endocrinologist) Texas Children's Hospital; Dr. Nichole Montgomery (Orthopedics) Texas Children's Hospital; and Dr. Abid Farida (Neurologist) Texas Children's Hospital.

Dr. Gina M. Blocker, ER Physician, Baylor St. Luke's Emergency Center, 11713 Shadow Creek Pkwy, Pearland, TX. 77584. 713-793-4600.  Plaintiffs expect Dr. Blocker to testify regarding her examination of Plaintiff in the ER on February 26, 2018 and referral to orthopedic doctor.

Dr. Nichole Montgomery, 6701 Fannin St. #1400, Houston, TX. 77030. 832-824-1000. Orthopedics. Plaintiffs expect Dr. Montgomery to testify regarding her examination of Plaintiff and subsequent follow-up care.

Dr. Tonya Brown-Price, TCPA Midtown Pediatrics, 2101 Crawford, Suite 115 Houston, TX. 77002 Tel. (713) 759-6888. Plaintiffs expect Dr. Brown-Price to testify regarding her examination of Plaintiff, her decision to request homebound services, and subsequent follow-up care. Her diagnosis was that Plaintiff had a closed fracture of left shoulder clavicle. She will also testify that Plaintiff suffered from the pain and fear of reinjury and anxiety for his other body safety.

Dr. Relan Shilpi, 6701 Fannin St. #1400, Houston, TX. 77030 Tel: 832-824-1000, Endocrinologist. Plaintiffs expect Dr. Shilpi to explain the findings of the December 2018 MRI compared to a previous MRI. Plaintiffs also expect Dr. Shilpi to testify regarding the medical care he has provided Plaintiff.

Dr. Abid Farida, 6701 Fannin St. #1400, Houston, TX. 77030 Tel: 832-824-1000, Neurologist. Plaintiffs expect Dr. Farida will testify regarding the medical care he has provided Plaintiff regarding the complications Plaintiff has suffered since being assaulted.

Since this is still early in the discovery process, Plaintiffs reserve the right to supplement their response to Interrogatory No. 7.

**Interrogatory No. 8:** Please identify all representatives, agents or employees of HCDE with who you have discussed any facts alleged in your Original Complaint–Amended since February 26, 2019. Please include in your response the following: where your discussion or communication occurred; the manner in which it occurred; when the discussion or communication occurred; what was discussed; who else was present (if anyone) during the discussion or communication; and identify all written instruments, documents, or memoranda you made evidencing such discussion or communication.

**Answer:** Since February 26, 2019, Plaintiffs have not discussed any facts alleged in his Original Complaint – Amended with any representatives, agents or employees of HCDE.

**Interrogatory No. 9:** Has Plaintiff been interviewed, evaluated, examined, and/or treated by one or more physicians, counselors, psychiatrists, psychologists, therapist, or other mental and/or physical health care professionals as a result of the factual allegations set forth in Plaintiff's Original Complaint-Amended? If so, please identify each health care professional by name, occupation, address and telephone number, and state the date(s) that Plaintiff visited each health care professional.

**Answer:**    Plaintiffs provide the following list of physicians, counselors, psychiatrists, psychologists, therapists, or other mental and/or physical health care professionals [Dates of visits will be provided upon receipt of medical records]:

Dr. Tonya Brown-Price (PCP Doctor)
2101 Crawford St. #115
Houston, TX. 77002
713-759-6888

Delisa Mitchell (Nurse Practitioner)
2101 Crawford St. #115
Houston, TX. 77002
713-759-6888

Dr. Relan Shilpi (Endocrinologist Dept.)
6701 Fannin S. #1400
Houston, TX. 77030
832-824-1000

Dr. Abid Farida (Neurologist Dept.)
6701 Fannin St. #1400
Houston, TX. 77030
832-824-1000

Lorraine Lyter-Reed (Nurse Practitioner) Allergy and Immunology Dept.
6701 Fannin St. #1400
Houston, TX. 77030
832-824-1000

Dr. Daniel C. Chelius (Otolaryngologist Dept.)
6701 Fannin St. #1400
Houston, TX. 77030
832-824-1000

Laura L. Kamin (Occupational Therapy)
6701 Fannin St. #1400
Houston, TX. 77030
832-824-1000

Michelle G. Roy (Hand Clinic)

6701 Fannin St. #1400
Houston, TX. 77030
832-824-1000

Dr. Nichole Montgomery (Orthopedics Dept.)
6701 Fannin St. #1400
Houston, TX. 77030
832-824-1000

Peggy Blum (Audiology Dept.)
6701 Fannin St. #1400
Houston, TX. 77030
832-824-1000

Dr. Eileen Starbranch
2600 Gessner Rd. #280
Houston, TX. 77080
713-468-6538

Dr. David Cole
7007 North Frwy #300
Houston, TX. 77076
713-697-4963

Dr. James Thompson
2600 Gessner Rd. #286
Houston, TX. 77080
713-690-3662

Dr. Gina M. Blocker
Baylor St. Lukes Emergency Center Pearland
11713 Shadow Creek Pkwy
Pearland, TX. 77584
713-793-4600

Plaintiffs will supplement their response to Interrogatory No. 9 if additional documentation becomes available.

**Interrogatory No. 10:**  Please identify by name, address, and telephone number of any and all hospitals, clinics, or other facilities in which Plaintiff has been interviewed, evaluated, examined, and/or treated by a mental and/or physical healthcare provider at any time over the last five (5)

years.  For each facility identified, please state the date Plaintiff visited each facility, the illness, injury, or condition that was subject of the visit, and the name of the mental and/or physical healthcare professional that examined and/or treated Plaintiff.

**Answer:**  Plaintiffs object to the relevancy of the scope of this Interrogatory as it requests responses over the last five (5) years.  Plaintiffs assert the relevant time period is from February 26, 2018 to present.   Plaintiffs are waiting for medical records to respond to this Interrogatory and will supplement their response once the medical records are received.

**Interrogatory No. 11:**  Please identify all the claims and allegations asserted by you against HCDE and the basis for the same.

**Answer:**  Plaintiffs object to this Interrogatory as overbroad. In Plaintiffs' Original Complaint Amended, dated April 6, 2020, all the claims and allegations can be found under Section IX Unconstitutional Policies, Procedures, Practices & Customs, Section X Violations of the Fourth Amendment to the U.S. Constitution, Section XI Claims Related to the Rehabilitation  Act of 1973, Section XII Claims Pursuant to the Equal Protection Clause of the Fourteenth Amendment, and Section XIII Claims Related to the Americans with Disabilities Act.  Without having to repeat all the information found in the Original Complaint – Amended, the basis for these claims and allegations can be found in Section VI Statement of Facts.  If additional information is discovered through discovery, Plaintiffs will supplement their response to this Interrogatory and request to amend their complaint.

**Interrogatory No. 12:**  Please provide all facts supporting each claim listed in Interrogatory No. 11.

**Answer:**   Plaintiffs object to this Interrogatory as overbroad. Plaintiffs object to this Interrogatory as it is repetitive and requests the same information requested in Interrogatory No. 11.  If this Interrogatory is requesting different information, please specify what information beyond the information responsive to Interrogatory No. 11 is being requested.

**Interrogatory No. 13:**  Please identify all out-of-pocket expenses you claim are as a result of the factual allegations set forth in your Original Complaint-Amended.  For each expense please identify provider/facility/pharmacy, amount, and reason for due expense.

**Answer:**   Plaintiffs are gathering all out-of-pocket expenses and will provide documents response to this request once available.

**Interrogatory No. 14:**  Please identify each and every fact you rely on to support your allegation in paragraph 58 of your Original Complaint-Amended that "failure of HCDE to have policies, procedures, practices and customs in place to protect K.W. from professional staff violated his rights pursuant to the Fourteenth Amendment of the Constitution of the United States."

**Answer:**   Plaintiffs object to this Interrogatory as it is repetitive because it is requesting facts already requested in Interrogatory No. 11.  Plaintiffs incorporate their response to Interrogatory No. 11.  Further, Plaintiffs object to this interrogatory as it calls for information protected by attorney-client communications privilege and the attorney-work product privilege.

Subject to and without waiving the foregoing objections, Plaintiffs respond as follows:

On June 4, 2019, in Defendant Harris County Department of Education's Reply to Petitioner's Response to Supplemental Motion to Dismiss and Response to Petitioner's Opposed Motion to Amend Complaint, Defendant stated that the legal policies set forth in HCDE's Policy Manual have not been adopted by the HCDE Board of Trustees.  In its Reply, Defendant specifically cited to HCDE Board Policy A18 (LEGAL) and noted "Legal policies are NOT adopted by the Board and all or part may or may not apply to HCDE."  Defendant also relied on the lack of a corresponding local policy to Board Policy EHBAE (LEGAL) and other legal policies pertaining to the IDEA, that provided further evidence that the laws and regulations cited in the legal policies do not pertain to HCDE.

**Interrogatory No. 15:**  Please identify each and every fact you rely on to support your allegation in paragraph 67 of your Original Complaint-Amended that "HCDE's employee violated K.W.'s rights pursuant to the Fourth Amendment of the Constitution of the United States."

**Answer:**   Plaintiffs object to this Interrogatory as it is repetitive because it is requesting facts already requested in Interrogatory No. 11.  Plaintiffs incorporate their response to Interrogatory No. 11.  Further, Plaintiffs object to this interrogatory as it calls for information protected by attorney-client communications privilege and the attorney-work product privilege.

Each and every fact or fact pattern/action/inaction that Plaintiffs are aware of to support their allegation in paragraph 86 of their Original Complaint-Amended can be found in Section VI. Statement of Facts in their Original Complaint-Amended.

Plaintiffs will supplement their response to Interrogatory No. 15 if additional documentation becomes available.

**Interrogatory No. 16:**  Please identify each and every fact you rely and the basis to support your allegations in paragraph 80 of your Original Complaint-Amended that "the acts and omissions of HCDE specifically undermined and interfered with K.W.'s rights pursuant to Section 504, and he was a victim of discrimination based upon his disability."

**Answer:**   Plaintiffs object to this Interrogatory as it is repetitive because it is requesting facts already requested in Interrogatory No. 11.  Plaintiffs incorporate their response to Interrogatory

No. 11. Further, Plaintiffs object to this interrogatory as it calls for information protected by attorney-client communications privilege and the attorney-work product privilege.

Subject to and without waiving the foregoing objections, Plaintiffs respond as follows:

According to HCDE Board Policy FFH (LOCAL) which addresses discrimination, harassment and retaliation involving Department students, "[d]iscrimination against a student is defined as conduct directed at a student on the basis of race, color, religion, gender, national origin, disability, or any other basis prohibited by law, that adversely affects the student."  Further, "Prohibited harassment of a student is defined as physical, verbal, or nonverbal conduct based on the student's race, color, religion, gender, national origin, disability, or any other basis prohibited by law that is so severe, persistent, or pervasive that the conduct:

1.  Affects a student's ability to participate in or benefit from an educational program or activity, or creates an intimidating, threatening, hostile, or offensive educational environment;
2.  Has the purpose or effect of substantially or unreasonably interfering with the student's academic performance; or
3.  Otherwise adversely affects the student's educational opportunities."

Furthermore, "[e]xamples of prohibited harassment may include, but are not limited to, offensive or derogatory language directed at another person's religious beliefs or practices, accent, skin color, or need for accommodations; threatening or intimidating conduct; offensive jokes, name calling, slurs, or rumors; **physical aggression or assault**; display of graffiti or printed material promoting racial, ethnic, or other negative stereotypes; or other kinds of aggressive conduct such as theft or damage to property." [emphasis added.]

After the assault on February 26, 2018, Plaintiff was not able to return to school.  He was placed on homebound for the remainder of the school year at an ARD meeting held on March 23, 2018 but return to HCDE ABS East close to the end of the school year in late May, 2018.

Plaintiffs will supplement their response to Interrogatory No. 16 if additional documentation becomes available.

**Interrogatory No. 17:**  Please identify each and every fact or fact pattern/action/inaction and the basis you rely on to support your allegation in paragraph 86 of your Original Complaint-Amended that "[t]he acts and omissions of HCDE discriminated against K.W. when treating him in a disparate manner as compared to other students similarly situation[sic], thereby violating his rights pursuant to the Equal Protection Claus [sic] of the Fourteenth Amendment."

**Answer:**  Plaintiffs object to this Interrogatory as it is repetitive because it is requesting facts already requested in Interrogatory No. 11.  Plaintiffs object to this interrogatory as it calls for information protected by attorney-client communications privilege and the attorney-work product privilege.  Subject to and without waiving the foregoing objections, Plaintiffs respond as follows:

Each and every fact or fact pattern/action/inaction that Plaintiffs are aware of to support their allegation in paragraph 86 of their Original Complaint-Amended can be found in Section VI. Statement of Facts in their Original Complaint-Amended.

Plaintiffs will supplement their response to Interrogatory No. 17 if additional documentation becomes available.

**Interrogatory No. 18:**  Please identify each and every fact and fact pattern/action/inaction you rely on to support your allegation in paragraphs 94 and 95 of your Original Complaint-Amended that "K.W. has a private cause of action against HCDE for their failure to follow relevant regulations promulgated pursuant to the ADA" and that "[s]uch failures caused injuries to K.W."

**Answer:**  Plaintiffs object to this Interrogatory as it is repetitive because it is requesting facts already requested in Interrogatory No. 11.  Plaintiffs object to this interrogatory as it calls for information protected by attorney-client communications privilege and the attorney-work product privilege.  At this time, subject to and without waiving the foregoing objections, Plaintiffs respond as follows:

Each and every fact or fact pattern/action/inaction that Plaintiffs are aware of to support their allegation in paragraphs 94 and 95 of their Original Complaint-Amended can be found in the Section VI. Statement of Facts of their Original Complaint-Amended.

Plaintiffs will supplement their response to Interrogatory No. 18 if additional documentation becomes available.

Respectfully submitted,

/s/ *Yvonnilda G. Muñiz*
YVONNILDA G. MUÑIZ

State Bar No. 24007717
Southern Dist. No. 1014837

Law Office of Yvonnilda Muñiz, P.C.
P.O. Box 92018

19

Austin, TX. 78709
Tel. (512) 288-4279
Fax (888) 398-8808
Email: ygmuniz@outlook.com

ATTORNEY-IN-CHARGE
ATTORNEY FOR PLAINTIFFS

## VERIFICATION OF INTERROGATORY ANSWERS

I, Yvonnilda Muñiz, counsel for Plaintiffs, believe, based on reasonable inquiry, that the foregoing answers to the Interrogatories are true and correct to the best of my knowledge, information and belief at this time.

I verify under penalty of perjury that the foregoing is true and correct.

Executed on September 29, 2020.

*/s/Yvonnilda Muñiz*
Yvonnilda Muñiz

20

IN THE UNITED STATES COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ETHLOKIA PLUMBER, ex rel. K.W., | § | |
|     Plaintiffs, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:20-CV-00672 |
| | § | |
| HARRIS COUNTY DEPARTMENT | § | |
|     OF EDUCATION, | § | |
|     Defendant. | § | |

## PLAINTIFFS' RESPONSE TO HCDE'S
## REQUESTS FOR PRODUCTION OF DOCUMENTS

**REQUEST FOR PRODUCTION NO. 1:**  Any and all documents in your possession, custody or control, supporting your claim for attorney's fees, including but not limited to the fee agreement between you and your attorney, payment receipts, and invoices from your attorney, redacted for any attorney-client privileged information.

**RESPONSE:**  Documents responsive to this request will be provided soon.

**REQUEST FOR PRODUCTION NO. 2:**  Please produce any and all written or recorded statements in your possession, custody, or control made by any employees or agents of Defendant that concern your claims as alleged in your Original Complaint-Amended.

**RESPONSE:**  In response to this Request for Production, see the following documents in Dropbox to include the Written Summary of Non-Violent Physical Crisis Intervention (NPCI) Use, the Records of Communication Logs completed on February 26, 2018, and the Medical Referral that were made by any employee or agent of HCDE concerning claims asserted in the Original Complaint – Amended.    Plaintiffs will supplement this response as discovery is ongoing.

**REQUEST FOR PRODUCTION NO. 3:**  Please produce all written communications, whether electronic or hard copy, related to or concerning the facts alleged in your Original Complaint-Amended between you and any other person, including any representatives, agents, or employees of HCDE.  To the extent that electronic copies are not available, please provide the documents in hard copy form.

**RESPONSE:**  At this time, Plaintiffs are not aware of any written communications, whether electronic or hard copy, unless documentation of the Written Summary of Non-Violent Physical

21

Crisis Intervention (NPCI) Use, the Records of Communication Logs completed on February 26, 2018, and the Medical Referral are considered responsive to this reuqest.

**REQUEST FOR PRODUCTION NO. 4:**   Any and all diaries, day planners, journals, or calendars you maintain, either in paper or electronic format, in your possession, custody or control, reflecting information concerning or relating in any way to the claims you alleged in this lawsuit.

**RESPONSE:**  Plaintiffs are gathering responsive documents to this Request for Production and will supplement their response.

**REQUEST FOR PRODUCTION NO. 5:**  Any and all documents in your possession, custody, or control reflecting any personal or handwritten notes your[sic] made at any time regarding the allegations set forth in this lawsuit.

**RESPONSE:**   Plaintiffs are gathering responsive documents to this Request for Production and will supplement their response.

**REQUEST FOR PRODUCTION NO. 6:**  Any and all audio recordings, video recordings, photographs, or images in your possession, custody, or control that you contend support the factual allegations or claims you make in your Original Complaint-Amended.

**RESPONSE:**  Plaintiffs will be seeking discovery again of the video recording of the incident that occurred on February 26, 2018 in the gym at HCDE ABS East.  Once it is produced to Plaintiffs, the video will be responsive to this Request for Production.  Further, if additional audio records, video recordings, photographs or images come into Plaintiffs' possession, custody or control, Plaintiffs will supplement their response at that time.

**REQUEST FOR PRODUCTION NO. 7:**   Please produce any and all documents in your possession, custody, or control concerning or relating to your damages claims, including your claims for loss of educational opportunities to the same extent as a non-disabled student, physical pain, mental anguish, physical impairment, loss of earing[sic] capabilities, mental health expenses, out-of-pocket expenses, and punitive damages.

**RESPONSE:**  See all documents provided in the Dropbox.  This request for production will be supplemented as additional documents become available.

**REQUEST FOR PRODUCTION NO. 8:**  Any and all documents in your possession, custody or control concerning your contention that HCDE violated your rights pursuant to the Fourteenth Amendment of the Constitution of the United States as alleged in your Original Complaint-Amended.

**RESPONSE:**  See all documents provided in the Dropbox.  This request for production will be supplemented as additional documents become available.

**REQUEST FOR PRODUCTION NO. 9:**  Any and all documents in your possession, custody or control concerning or supporting your contention that HCDE's employee violated K.W.'s rights pursuant to the Fourth Amendment of the Constitution of the United States as alleged in your Original Complaint-Amended.

**RESPONSE:**  See all documents provided in the Dropbox.  This request for production will be supplemented as additional documents become available.

**REQUEST FOR PRODUCTION NO. 10:**  Any and all documents in your possession, custody or control concerning or supporting your contention that HCDE specifically undermined and interfered with K.W.'s rights pursuant to Section 504, and he was a victim of discrimination based upon his disability as alleged in your Original Complaint-Amended.

**RESPONSE:**  See all documents provided in the Dropbox.  This request for production will be supplemented as additional documents become available.

**REQUEST FOR PRODUCTION NO. 11:**  Any and all documents in your possession, custody or control concerning or supporting your contention that the acts and omissions of HCDE discriminated against K.W. when treating him in a disparate manner as compared to other students similarly situated, thereby violating his rights pursuant to the Equal Protection Clause of the Fourteenth Amendment as alleged in your Original Complaint-Amended.

**RESPONSE:**  See all documents provided in the Dropbox.  This request for production will be supplemented as additional documents become available.

**REQUEST FOR PRODUCTION NO. 12:**  Any and all documents in your possession, custody or control concerning or supporting your contention that K.W. has a private cause of action against HCDE for their failure to follow relevant regulations promulgated pursuant to the ADA and those failures caused injuries to K.W. as alleged in your Original Complaint-Amended.

**RESPONSE:**  See all documents provided in the Dropbox.  This request for production will be supplemented as additional documents become available.

**REQUEST FOR PRODUCTION NO. 13:**  Please produce all written communications, whether electronic or hard copy, related to or concerning the facts alleged in your Original Complaint-Amended between you and any other person, including any representatives, agents or

23

employees of HCDE.   To the extent that electronic copies are not available, provide the documents in hard copy form.

**RESPONSE:**   To date, there is no known written communications, whether electronic or hard copy, related to or concerning the facts alleged in Plaintiffs' Original Complaint – Amended.  If any become available as discovery is completed, Plaintiffs will supplement their response to this Request for Production.

**REQUEST FOR PRODUCTION NO. 14:**   Please produce any and all documents in your possession, custody or control reflecting any treatment or evaluation you have received from any physician, nurse practitioner, physician's assistant, social worker, psychologist, psychiatrist, psychotherapist, counselor, or any other mental healthcare provider, at any time from February 26, 2018 to the present, for any physical, psychological, emotional or mental health condition(s).

**RESPONSE:**  Plaintiffs are waiting for medical records from Plaintiff's treating physicians and psychologists and will supplement their response once these records are received.

**REQUEST FOR PRODUCTION NO. 15:**   Please produce any and all documents in your possession, custody or control reflecting any medication you have been prescribed by any physician, nurse practitioner, physician's assistant, social worker, psychologist, psychiatrist, psychotherapist, counselor, or any other mental healthcare provider, at any time from February 26, 2018 to the present, for any physical, psychological, emotional or mental health condition(s).

**RESPONSE:**  Plaintiffs are waiting for medical records from Plaintiff's treating physicians and psychologists and will supplement their response once these records are received.

Respectfully submitted,

*/s/ Yvonnilda G. Muñiz*
YVONNILDA G. MUÑIZ

State Bar No. 24007717
Southern Dist. No. 1014837

Law Office of Yvonnilda Muñiz, P.C.
P.O. Box 92018
Austin, TX. 78709
Tel. (512) 288-4279
Fax (888) 398-8808
Email: ygmuniz@outlook.com

24

ATTORNEY-IN-CHARGE
ATTORNEY FOR PLAINTIFFS

## **VERIFICATION OF RESPONSES TO REQUEST FOR PRODUCTION**

I, Yvonnilda Muñiz, counsel for Plaintiffs, believe, based on reasonable inquiry, that the foregoing responses to HCDE's Request for Production are true and correct to the best of my knowledge, information and belief at this time.

I verify under penalty of perjury that the foregoing is true and correct.

Executed on September 29, 2020.

*/s/Yvonnilda Muñiz*
Yvonnilda Muñiz

25

**From:**  yvonnilda muniz (via Dropbox)
**To:**  mgoins@kbslawgroup.com
**Subject:**  yvonnilda muniz shared "Plumber Williams Response" with you
**Date:**  Tuesday, September 29, 2020 8:03:25 PM



Hi Melissa,

yvonnilda muniz (ygmuniz@outlook.com) invited you to edit the folder
"**Plumber Williams Response**" on Dropbox.

yvonnilda said:
*"Melissa - Documents responsive to HCDE's requests for production of
documents are in this folder. I will supplement once additional documents
are available. Please let me know if you have any questions. You should
also receive the written responses in a separate email. Yvonnilda"*



Enjoy!
The Dropbox team