IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ETHLOKIA PLUMBER, ex rel., K.W. | § | |
| | § | |
| *Plaintiffs,* | § | |
| v. | § | CIVIL ACTION NO. 4:20-CV-00672 |
| | § | |
| HARRIS COUNTY DEPARTMENT | § | |
| OF EDUCATION, | § | |
| | § | |
| *Defendant.* | § | |

## OPPOSED MOTION FOR NEW SCHEDULING ORDER AND SUBSTITUTION OF COUNSEL

Plaintiffs file this opposed motion for a new scheduling order and substitution of counsel and would show the Court as follows:

1.      The lawsuit was filed February 25, 2020 by the parent of K.W., a student with disabilities, whose collarbone was broken by a teacher on his first day attending the Academic and Behavior Schools East, a special education behavior campus of the Harris County Department of Education.  The Amended Complaint alleges numerous violations of federal law.

2.      On May 26, 2020, the Court entered a Scheduling Order.  Under the Order, Plaintiffs' expert report was due October 6, 2020, Defendant's expert report was due October 30, 2020, discovery was due January 19, 2021, dispositive and non-dispositive motions are due April 2, 2021, Joint Pretrial Order is due August 6, 2021, and Docket Call is set for September 7, 2021.

3.      Plaintiffs filed an opposed motion to extend the deadline for the designation of experts to November 6, 2020.  Dkt. No. 10.  The Court granted the motion.  Dkt. No. 12.

4.      Plaintiffs' counsel has experienced health issues that have been exacerbated by the ongoing pandemic and is not in a position to continue representing Plaintiffs.  As a result, Plaintiffs' counsel undertook to find counsel willing and able to represent Plaintiffs.

5.     Should the Court enter a new scheduling order so that new counsel will have the ability to prepare the case for trial, counsel from the law firm of Winston & Strawn LLP and Disability Rights Texas (the Protection and Advocacy Agency for the state of Texas) have agreed to represent Plaintiffs, pro bono.  Exhibit A, Declaration of L. Kym Davis Rogers.

6.     For this reason, Plaintiffs move the Court for a new Scheduling Order.  Specifically, Plaintiffs respectfully request that the following dates be reset:

   a.   Motion for Leave to File Amended Complaint:  March 25, 2021

   b.   Plaintiffs' Expert Report:  April 15, 2021

   c.   Defendant's Expert Report:  April 30, 2021

   d.   Discovery Deadline:  June 1, 2021

   e.   Dispositive and Non-Dispositive Motions Filing:  July 1, 2021

   f.   Joint Pretrial Order:  September 1, 2021

   g.   Docket Call:  October 4, 2021

7.     Federal Rule of Civil Procedure 6(b)(1) states that the Court may extend deadlines "for good cause" when a request is made (i) before the original time expires or (ii) "after the time has expired if the party failed to act because of excusable neglect."

8.     "Excusable neglect" is an "elastic concept" that "is not limited strictly to omissions caused by circumstances beyond the control of the movant."  *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 392 (1993).  "[T]he determination [of what sorts of neglect will considered 'excusable'] is at bottom an equitable one, taking account of all relevant circumstances."  *Id*. at 395.  Factors to determine excusable neglect include "the danger of prejudice to the [non-movant], the length of the delay and its potential impact on the judicial proceedings, the reason for the delay, including whether it was within the reasonable control of

the movant, and whether the movant acted in good faith." *Adams v. Travelers Indem. Co. of Conn.,* 465 F.3d 156, 161, n.8 (5th Cir. 2006).

9.      This request for a continuance is not made in bad faith or for the purposes of delay, but to allow for the substitution of counsel and for new counsel to prepare for trial.

10.     The undersigned counsel did not anticipate that there would be substitution of counsel, and thus did not anticipate that new counsel would have a different approach to the litigation, necessitating additional discovery.

11.     Counsel from Winston & Strawn and Disability Rights Texas will rely upon the discovery done to date in order prevent any duplication and to focus the additional discovery they will do if this motion is granted.  New counsel propose to take five depositions, which can be done virtually to lessen the burden on the parties and witnesses.  Exhibit A, Declaration of L. Kym Davis Rogers.

12.     Although the proposed schedule does impact the date of the trial, the delay is minimal with the proposed date for Docket Call less than 30 days after the initial Docket Call.

13.     Given the totality of circumstances, Plaintiffs respectfully request that the Court find the requested relief is equitable, and grant this motion to enter a new scheduling order and substitute new counsel for the undersigned counsel.

Dated: February 22, 2021.

Respectfully submitted,

/s/ *Yvonnilda G. Muñiz*
Yvonnilda G. Muñiz

State Bar No. 24007717
Southern Dist. No. 1014837
Law Office of Yvonnilda G. Muñiz
P.O. Box 92018
Austin, TX 78709

Tel. (512) 288-4279
Fax (888) 398-8808
Email: ygmuniz@outlook.com

ATTORNEY FOR PLAINTIFFS

**CERTIFICATE OF SERVICE**

I certify that on this 22nd day of February, 2021, a true and correct copy of the foregoing Opposed Motion for New Scheduling Order and Substitution of Counsel was filed electronically and served upon counsel for the parties of record using the CM/ECF system.

*/s/ Yvonnilda G. Muñiz*
Yvonnilda G. Muñiz


**CERTIFICATE OF CONFERENCE**

The undersigned hereby certifies that Plaintiffs' counsel conferred in good faith with opposing counsel concerning this motion. On February 19, 2021, opposing counsel stated that Defendant opposes the extension of any deadlines but does not oppose the substitution of counsel.

*/s/ Yvonnilda G. Muñiz*
Yvonnilda G. Muñiz