IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ETHLOKIA PLUMBER, | § | |
| ex rel. K.W., | § | |
|     Plaintiffs, | § | |
| | § | |
| v. | § | C.A. No. 4:20-cv-00672 |
| | § | |
| HARRIS COUNTY DEPARTMENT | § | |
| OF EDUCATION, | § | |
|     Defendant. | § | |

**DEFENDANT HARRIS COUNTY DEPARTMENT OF EDUCATION'S RESPONSE TO PLAINTIFFS' OPPOSED MOTION FOR NEW SCHEDULING ORDER AND SUBSTITUTION OF COUNSEL**

Defendant Harris County Department of Education ("HCDE") files this Response to Plaintiffs' Opposed Motion for New Scheduling Order and Substitution of Counsel and shows the Court as follows:

**Response in Opposition**

1. The Court should deny Plaintiffs' Motion for New Scheduling Order, as Plaintiffs have had more than sufficient time to prepare this matter for trial and this Court recently stated in its last order regarding discovery that "**[t]here will be no further extension given**". Despite noting health concerns as the basis for substitution of counsel and complete rescheduling of all deadlines, most – if not all – of the delays referenced by Plaintiffs' counsel up to this point were the result of alleged delay in securing medical records and not the result of a health issue. Plaintiffs' counsel's request for a new scheduling order well over a month after the discovery deadline has already passed is not

1

in good faith, only further delays this matter, and results in the unnecessary additional expense of taxpayers' money.

2. Plaintiffs' counsel never reached out to Counsel for Defendant in November, December, or January regarding any issues with obtaining additional discovery prior to the January 19, 2021 discovery deadline. Any extensions requested by Plaintiffs' counsel in responding to discovery were made back in September 2020 and were agreed to by Counsel for Defendant, as explained in detail below. In fact, Plaintiffs' counsel never approached Counsel for Defendant regarding resetting any deadlines in this case until the notification that she was requesting a substitution of counsel and a resetting of ***all*** deadlines.

3. Defendant does not oppose substitution of new counsel; however, Defendant vehemently opposes ***any*** extension of the current Scheduling Order deadlines. Defendant is a governmental entity, and resetting this litigation entirely costs the taxpayers. Prolonged litigation and additional discovery requests well beyond expiration of the discovery deadline should not be permitted. Taxpayers should not bear the brunt of costs for Plaintiffs' counsel, who has allowed deadlines to pass without communication with opposing counsel or this Court only to seek additional deadlines for meritless claims.

4. Plaintiffs filed their Original Complaint on February 25, 2020, almost two years after the alleged February 26, 2018 incident at issue. *See* Dkt. 1. Plaintiffs then filed their Original Complaint-Amended on April 6, 2020. *See* Dkt. 3. The parties subsequently conferred and agreed to deadlines, memorializing the same in a Joint Discovery – Case Management Plan on May 21, 2020. *See* Dkt. 7. On May 26, 2020, this Court issued a

Scheduling Order and Trial Setting ("Scheduling Order") setting deadlines agreed to by the parties. *See* Scheduling Order. Plaintiffs' counsel has had an entire year since filing Plaintiffs' Original Complaint and at least eight (8) months from when the Scheduling Order was issued by this Court to prepare this matter for trial. *See* Scheduling Order. Not once has Plaintiffs' counsel requested a single deposition or expressed any issues with meeting the discovery deadline.

5. Counsel for Defendant have continued to work with Plaintiffs' counsel during the course of this litigation, including agreeing to multiple extensions on Plaintiffs' discovery responses and a small extension of Plaintiffs' expert report deadline. *See* Dkt. 11 through 11-8. Throughout this litigation, Plaintiffs' counsel has cited numerous times delay due to securing medical records and only once cited a delay due to Plaintiffs' counsel's personal health issue, which was also noted in conjunction with a delay in securing medical records. *Id*.

6. Plaintiffs' counsel has repeatedly failed to comply with deadlines already established in this matter. Per the Joint Discovery-Case Management Plan, the parties were to exchange Initial Disclosures by June 10, 2020. *See* Dkt. 7. Plaintiffs' counsel, however, did not serve Plaintiffs' Initial Disclosures until approximately seven (7) months later on November 6, 2020, and then only after being admonished by the Court and receiving an additional request by Counsel for Defendant. *See* Dkt. 12 and **Exhibit A**.

7. Plaintiffs' counsel also sought a 30-day extension of the October 6, 2020 expert report deadline from the Court on the actual October 6, 2020 deadline. See Dkt. 12. This

Court granted Plaintiffs' request but also ordered that Plaintiff respond to all outstanding discovery including initial disclosures by November 6, 2020 and that **"*[t]here will be no further extension given.*"** *Id*. (emphasis added).

8. Per this Court's Scheduling Order – issued more than eight (8) months ago – the current discovery deadline of January 19, 2021 was established. *See* Scheduling Order. The January 19, 2021 deadline was also agreed upon by the parties in their Joint Discovery-Case Management Plan. *See* Dkt. 7. The January 19, 2021 discovery deadline passed without any communication, written or otherwise, from Plaintiffs' counsel regarding her inability to move forward with this matter or need for additional time to conduct discovery.

9. Although Defendant is sympathetic to Plaintiffs' counsel's health issue, Defendant contends that Plaintiffs' counsel's request for an entirely new scheduling order is completely unwarranted. Defendant does not object to Plaintiffs' counsel's request to substitute counsel, but Defendant asserts that substituted counsel must take the case as-is (e.g., closed discovery) and prepare for trial based on the evidence secured within the current deadlines agreed to by the parties and established by this Court. Docket call is currently set for September 7, 2021, which provides substituted counsel, if any, with more than half a year to prepare for trial. *See* Scheduling Order.

10. Defendant notes that most, if not all, of the delays referenced by Plaintiffs' counsel to this point were the result of alleged delay in securing medical records and not the result of a health issue. *See* Dkts. 11-2, 11-5, 11-6, and 11-8. Plaintiffs' request a

4

month after the discovery deadline already expired in this matter smacks of bad faith and delay.

11. "Relevant factors to the excusable neglect inquiry include: the danger of prejudice to the [non-movant], the length of the delay and its potential impact on the judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *See Adams v. Travelers Indem. Co. of Conn.*, 465 F.3d 156, 161 n.8 (5th Cir. 2006). Even if good cause and excusable neglect are shown – which Defendants contend have not been proved here – it remains a question of the court's discretion whether to grant any motion to extend time under Rule 6(b). *See McCarty v. Thaler*, 376 F. App'x 442, 444 (5th Cir. 2010). Plaintiffs' counsel's actions to date in this claim do not constitute excusable neglect, and she should not be permitted to extend all deadlines to get a second bite at the apple, including conducting additional discovery, amending the complaint, and naming of experts.

12. Defendant will be prejudiced by any new scheduling order that sets all new deadlines. Discovery is currently closed and has been for more than a month. Yet, Plaintiffs' counsel seeks a new scheduling order to allegedly permit, among other things, five depositions and additional discovery. *See* Dkt. 13 at ¶¶ 10-11. Until now, Plaintiffs' counsel has yet to request a single deposition, even during the currently established discovery period, and has spent the good part of eight months attempting to secure medical records from two facilities – something Defendant posits should have been

secured in the two years between the actual incident and the filing of this lawsuit, but at the latest, within the discovery window she agreed to and imposed by the Court.

13. Plaintiffs' counsel has been effectively babysitting this claim by either having months of complete inactivity or requesting extensions and missing deadlines. This Court specifically stated in its last order regarding discovery that "**[t]here will be no further extension given**". *See* Dkt. 12 (emphasis added). Accordingly, Defendant requests that the current Scheduling Order deadlines remain in place and that no further extensions be given.

14. As noted above, Plaintiffs' counsel previously submitted a request to this Court for an extension of the expert report deadline on the day the deadline expired. *See* Dkt. 10. Plaintiffs' counsel was provided an additional 30 days and even with the additional time, produced no expert report. Plaintiffs' counsel now seeks to push back all deadlines, which will not merely move the expert report deadline and require immediate responsive action from Defendant, but will also necessitate the reopening of discovery and require revisions to trial preparation. *See Roor Int'l BV v. Stinky's Smoke Shop, LLC*, 2020 U.S. Dist. LEXIS 241364, at *10-11 (E.D. Tex. 2020). Plaintiffs' counsel's lack of forward movement in this matter should not be rewarded with a new set of deadlines at the cost to taxpayers.

**Prayer**

WHEREFORE, PREMISES CONSIDERED, Defendant Harris County Department of Education requests that the Court deny Plaintiffs' Opposed Motion for New Scheduling Order and Substitution of Counsel.

Respectfully submitted,

KARCZEWSKI | BRADSHAW | SPALDING

_____
J. ERIK NICHOLS
Attorney-in-Charge
State Bar No. 00788119
Fed. I.D. 13066
enichols@kblawgroup.com
MELISSA M. GOINS
State Bar No. 24074671
Fed. I.D. 2089537
mgoins@kblawgroup.com
3700 Buffalo Speedway, Suite 560
Houston, Texas 77098
Telephone: (713) 993-7041
Facsimile: (888) 726-8374

**ATTORNEYS FOR DEFENDANT HCDE**

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document has been served on all counsel of record via electronic mail and/or ECF this 23rd day of February 2021, addressed as follows:

Yvonnilda G. Muniz
Yvonnilda Muniz, P.C.
P.O. Box 92018
Austin, Texas 78709
ygmuniz@outlook.com

_____
Counsel for Defendant HCDE