IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ETHLOKIA PLUMBER, *ex rel.* K.W. | § | |
| | § | |
| *Plaintiffs,* | § | |
| v. | § | CIVIL ACTION NO. 4:20-CV-00672 |
| | § | |
| HARRIS COUNTY DEPARTMENT | § | |
| OF EDUCATION, | § | |
| | § | |
| *Defendant.* | § | |

**PLAINTIFFS' REPLY IN SUPPORT OF OPPOSED MOTION FOR NEW SCHEDULING ORDER AND SUBSTITUTION OF COUNSEL**

Plaintiffs file this reply in support of their motion for a new scheduling order and substitution of counsel. Dkt. No. 13. The Court should grant Plaintiffs' motion for a new scheduling order because the extension request is made for good cause and is necessary due to excusable neglect. Plaintiffs' motion is made in good faith and in response to unfortunate circumstances and delays due to the COVID-19 pandemic and undersigned counsel's health issues. While Defendant argues that Plaintiffs have had sufficient time to prepare this matter for trial, Defendant fails to acknowledge that this case has only been pending for one year, and was filed less than a month before the city of Houston as well as the courts of the Southern District of Texas were shut down. During the COVID pandemic, when the medical community has been challenged and stretched beyond its capacity, delays in processing and providing medical record requests unfortunately have occurred.

"The determination of 'what sorts of neglect will be considered "excusable" . . . is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission.'" *Blake v. Principi*, No. H-04-1068, 2008 WL 4889118, at *1 (S.D. Tex. Nov. 12, 2008) (citing *Tex. Dep't of Hous. & Cmty. Affairs v. Verex Assurance, Inc.*, 158 F.3d 585, 1998 WL 648608, at *2 (5th Cir. Sept. 11, 1998)). "Relevant factors include: (1) the danger of prejudice to

the opposing party; (2) the length of the delay and its potential impact on the judicial proceedings; (3) the reason for the delay, including whether it was within the reasonable control of the movant; and (4) whether the movant acted in good faith." *Id.* (citing *Adams v. Travelers Indem. Co. of Conn.*, 465 F.3d 156, 162 n.8 (5th Cir. 2006)). "Excusable neglect may be found where the relevant circumstances reveal inadvertent delays, mistakes, or carelessness." *Blake v. Peake*, No. H-04-1068, 2008 WL 5114655, at *2 (S.D. Tex. Dec. 3, 2008) (citation omitted) (collecting cases); *see also Soliz v. Bennett*, 150 F. App'x 282, 284 (5th Cir. 2005) (finding excusable neglect and granting defendant leave to file an untimely motion where the case had been neglected by a previous attorney).

The relevant circumstances here show both good cause and excusable neglect. The undersigned counsel admits that the challenges of litigating this case during a pandemic within the short time frame of the Court's scheduling order coupled with counsel's health problems led to the previous delays and the pressing current need to find new counsel. *See* Ex. A, Declaration of Yvonnilda Muñiz. Plaintiffs ran into difficulties when requesting pertinent medical records because the process for contacting hospitals and medical providers was more challenging during the pandemic. *See* Ex A. There were also delays in the postal system that interfered with obtaining the medical records. *See* Ex A. As soon as the medical records were obtained, they were produced to Defendant. *See* Ex A. The undersigned was upfront with Defendant regarding these difficulties and her ongoing health problems. *See* Ex. A. Unfortunately, by the time she realized the need for new counsel and willing prospective counsel had been identified, the discovery deadline had passed. To fully represent Plaintiffs and to avoid undue prejudice, prospective counsel needs the new scheduling order to complete limited, targeted discovery to support its litigation strategy. It is for this reason that prospective pro bono counsel have agreed to represent Plaintiffs only if a

new scheduling order is entered. Health issues necessitating a search for and substitution of counsel during a pandemic are good cause for an extension.

Although Defendant argues that it will be prejudiced by a new scheduling order, Defendant offers no evidence of such prejudice but merely asserts that taxpayers will bear the brunt of prolonged litigation and more discovery. However, the case has only been pending for one year, and the proposed scheduling order delays the docket call by less than one month. Additionally, it is likely that docket call would be delayed absent any extension due to the backlog of cases after the ongoing postponement of jury trials over the past year. Defendant also asserts that Plaintiffs are acting in bad faith with no supporting evidence.

Defendant relies on *Roor International BV v. Stinky's Smoke Shop, LLC* to support its argument that Plaintiffs' request should not be granted. No. 4:18-cv-00735-KPJ, 2020 U.S. Dist. LEXIS 241364 (E.D. Tex. Dec. 23, 2020). In *Roor*, because of a mistake in failing to disclose plaintiffs' expert, plaintiffs requested an extension of the deadline for expert disclosure less than two months before trial was scheduled and after the parties had filed a proposed pretrial order and other pretrial motions. *Id.* at * 3-4, 7. The court found that "the impact on the proceedings is substantial and will disrupt the administration of the case as it enters its final stages before trial." *Id.* at *10-11. *Roor* is distinguishable from this case. Here, the case is not near the final stages before trial: the current dispositive motion deadline is still a month away, and the current joint pretrial order is due more than five months from now. Moreover, the need for the extension is based not on mistake or situations within Plaintiffs' control, but on the need for new counsel so that Plaintiffs, a minor with disabilities and his mother, can receive new representation.

The undersigned and Plaintiffs regret their failure to meet the previous deadlines and greatly appreciate the previous flexibility of Defendant and the Court. They also understand that

the Court stated that it would not grant additional extensions. However, when that determination was made, it was not known that Plaintiffs would need new counsel. The Court is not bound by this statement if it later determines that the administration of justice is served otherwise due to changing circumstances such as the facilitation of the substitution of counsel. "The district judge enjoys broad discretion to grant or deny an extension." *Salts v. Epps*, 676 F.3d 468, 474 (5th Cir. 2012) (citing 4B Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1165). The undersigned's health issue necessitating new counsel is the current matter before the Court, not any previous delays or extensions related to the difficulties of litigating during the pandemic, and an extension is reasonable because of the pressing need for substitution of counsel.

### **Prayer**

Plaintiffs respectfully request that the Court grant Plaintiffs' motion by entering a new scheduling order and substituting new counsel.

Respectfully submitted,

/s/ *Yvonnilda G. Muñiz*
Yvonnilda G. Muñiz

State Bar No. 24007717
Southern Dist. No. 1014837
Law Office of Yvonnilda G. Muñiz
P.O. Box 92018
Austin, TX 78709
Tel. (512) 288-4279
Fax (888) 398-8808
Email: ygmuniz@outlook.com

ATTORNEY FOR PLAINTIFFS

**CERTIFICATE OF SERVICE**

       I certify that on this 1st day of March, 2021, a true and correct copy of the foregoing Reply in Support of Opposed Motion for New Scheduling Order and Substitution of Counsel was filed electronically and served upon counsel for the parties of record using the CM/ECF system.

                                                           /s/ *Yvonnilda G. Muñiz*
                                                           Yvonnilda G. Muñiz