```
 1                    UNITED STATES DISTRICT COURT
                       SOUTHERN DISTRICT OF TEXAS
 2                          HOUSTON DIVISION

 3   ETHLOKIA PLUMBER              .  C.A. NO. H-20-672
     ex rel. K.W.                  .  HOUSTON, TEXAS
 4                                 .
     VS.                           .
 5                                 .
     HARRIS COUNTY DEPARTMENT OF   .  MARCH 12, 2021
 6   EDUCATION                     .  2:06 P.M. to 2:28 P.M.

 7

 8              TRANSCRIPT of TELEPHONE CONFERENCE
             BEFORE THE HONORABLE ANDREW S. HANEN
 9                 UNITED STATES DISTRICT JUDGE

10

11   APPEARANCES: (All participants appearing by phone)

12
     FOR THE PLAINTIFFS:           YVONNILDA GARZA MUNIZ
13                                 Law Office of Yvonnilda
                                     Muniz PC
14                                 P.O. Box 92018
                                   Austin, Texas   78709
15
                                   BRANDON DUKE
16                                 RACHAEL THOMPSON
                                   Winston Strawn LLP
17                                 800 Capitol St
                                   Suite 2400
18                                 Houston, Texas   77002

19                                 KYM ROGERS
                                   KATHRYN HOGAN
20                                 Disability Rights Texas
                                   2222 W Braker Ln
21                                 Austin, Texas   78758

22

23

24
     Proceedings recorded by mechanical stenography, transcript
25   produced by computer-aided transcription.
```

```
 1                        APPEARANCES CONTINUED
 2   FOR THE DEFENDANT:               MELISSA GOINS
                                      Karczewski Bradshaw Spalding
 3                                    3700 Buffalo Speedway
                                      Suite 560
 4                                    Houston, Texas   77098

 5

 6   OFFICIAL COURT REPORTER:         KATHY L. METZGER
                                      U.S. Courthouse
 7                                    515 Rusk
                                      Room 8004
 8                                    Houston, Texas   77002
                                      713-250-5208
 9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

```
                     P R O C E E D I N G S
          THE COURT:  This is Judge Hanen, and we're on the
record in Plumber versus Harris County, 20-cv-672.  Who do I
have on the line for the plaintiffs?
          MS. MUNIZ:  Yvonnilda Muniz.
          THE COURT:  All right.  And who do I have on the line
for the defendant?
          MS. GOINS:  Melissa Goins, Your Honor.
          THE COURT:  All right.  Ms. Muniz, you had asked for
kind of a status conference in connection with your proposed
motion to withdraw and substitute in new counsel.  Do you want
to briefly describe it for the record?
          MS. MUNIZ:  Yes.  On February 22nd I submitted a
motion to substitute counsel.  I spoke with Ms. Goins actually
and she was not opposed to substitution of counsel, but she was
opposed to the motion for a new scheduling order.
               I have been ill and continue to have problems and
just have not been able -- I have not been able to resolve my
health issues, to the point where I feel at this point that it
will hurt me representing my client and I did seek help and
Disability Rights.  I've got Kym Rogers, Brandon Duke -- well,
Kym Rogers and Kathryn Hogan are from Disability Rights, and
then Brandon Duke and Rachael Thompson are from -- and I just
forgot the name of the law firm.
          MR. DUKE:  Winston and Strawn.
```

14:07:57  1      *MS. MUNIZ:* Winston, yes. I knew Winston. I just
2  didn't remember the rest. And they have agreed to step in, but
3  the only way they can do that is if there's an extension on the
4  scheduling order.
14:08:09  5      *THE COURT:* All right. Ms. Goins, do you want to
6  reply?
7      *MS. GOINS:* Yes, Your Honor. We, like Ms. Muniz said
8  earlier, we do not oppose substituting counsel if she feels
9  she's unable to continue to bring this lawsuit on behalf of her
14:08:27 10  client. However, we do very much oppose restarting this matter
11  on a different theory of litigation, which is what essentially
12  is being proposed in conjunction with the substitution of
13  counsel. If these agreed deadlines are all reset, it would be
14  extremely prejudicial to my client. It would essentially be
14:08:45 15  restarting the clock on this matter now more than a year after
16  filing, which not only results in a time delay but substantial
17  additional unnecessary litigation cost.
18          The potential impact on the judicial proceedings
19  is again more delay. The new proposed substituted counsel
14:09:04 20  seeks additional written discovery and at least five
21  depositions. It is important to note that Ms. Muniz during the
22  entirety of this litigation has not requested a single
23  deposition from HCDE. After the expert report deadline was
24  passed, our office did not receive any communication, written
14:09:23 25  or otherwise, from Ms. Muniz in November or December or January

```
14:09:28   1  regarding any issues obtaining additional discovery or
           2  resetting any other deadlines in this case.
           3              The first time we've heard of that was when just
           4  prior to her filing her motion.  And while we do understand
14:09:42   5  that she presumably has no control over her health issues, she
           6  did have reasonable control over this docket and her case, if
           7  she needed discovery, securing extensions and all the while did
           8  not relay her current concerns until way after the discovery
           9  deadlines had expired.
14:10:01  10              So, again, we ask this Court to keep the current
          11  scheduling docket control order in place and that if counsel is
          12  substituted, that they take this case as is and prepare for
          13  trial based on the evidence that Ms. Muniz has gathered within
          14  the agreed deadlines currently in place.
14:10:21  15         THE COURT:  All right.  Ms. Muniz, do you want to
          16  reply to that?
          17         MS. MUNIZ:  Yes.  And I will defer to Kym Rogers.  But
          18  they're only asking for a 30-day delay.
          19              But, Ms. Rogers, do you want to speak to that?
14:10:34  20         MS. ROGERS:  Yes.  Rachael Thompson is actually going
          21  to speak on behalf of us today.
          22         MS. THOMPSON:  Rachael Thompson.  And, yes, we do
          23  request a little bit of extra time to extend some of these
          24  deadlines, but it's basically just to focus the issues and the
14:10:56  25  legal claims that are in the complaint to better represent the
```

```
14:11:01    1   client.  In order for us to properly represent the client as we
            2   come in at this point, we need a little more time, because we
            3   feel it wouldn't be fair to the client otherwise, based on what
            4   we have.  And, yes, discovery has been done and we recognize
14:11:21    5   that, but there are still some things missing from it and --
            6           THE COURT:  What do you need to do?
            7           MS. THOMPSON:  Well, we need a few depositions.  The
            8   objections that were raised have not been discussed.  And
            9   there's a couple issues regarding written policies that we have
14:11:45   10   not seen that we would like to request, and just a few very,
           11   very targeted issues.  And we'll use the discovery that's been
           12   done.  There's just a few things that we need.
           13               And we recognize that no depositions have been
           14   taken, and that's one of the reasons that we feel we need to do
14:12:06   15   a few depositions as well in order to fully represent the
           16   client at this point.
           17           MS. GOINS:  Your Honor, this is Ms. Goins, if I may
           18   briefly respond to that.
           19           THE COURT:  Go ahead.
14:12:24   20           MS. GOINS:  HCDE believes that, you know, it's not
           21   just -- you know, counsel indicates, well, this is a short
           22   extension of time.  But if you look at the actual request,
           23   they're asking to have all deadlines reset.  And these include
           24   deadlines that have well been passed.  They have asked for a
14:12:44   25   deadline establishing the ability to amend the complaint, new
```

14:12:48  1  deadlines for expert reports and new discovery deadlines.  The
          2  discovery deadline in this case as currently stands expired on
          3  January 19th.  So this request came even a month after that
          4  deadline expired.  So while it's targeted as a short delay,
14:13:06  5  they're asking to go back and set and establish new deadlines
          6  for things that have passed well into last year.
          7              *THE COURT:*  All right.  Well, I'm not going to redo
          8  the whole scheduling order.  I am going to allow counsel, if
          9  they wish, to come in and do some discovery, but we're not
14:13:35 10  resetting all these deadlines, especially the ones that we have
         11  already gone by.  And that's one of the reasons I wanted to go
         12  ahead and have this hearing, because I wanted to hear what
         13  needed to be done.
         14              Ms. Thompson, what time frame do you think you
14:14:00 15  could get your discovery done in?
         16              *MS. THOMPSON:*  Well, we were planning -- we had said
         17  that we could definitely meet this expert report deadline that
         18  had been put out there on April 15 --
         19              *THE COURT:*  Well, I'm --
14:14:17 20              *MS. THOMPSON:*  -- and, again, June 1st was the idea,
         21  but I think we're amenable to discussing changing that.
         22              Brandon, do you have --
         23              *MR. DUKE:*  Right.  Your Honor, this is Brandon.  If I
         24  can just address that briefly.
14:14:38 25              *THE COURT:*  Go ahead.

```
14:14:38   1         MR. DUKE:  So, we proposed a schedule with some key
           2    dates.  And just to clarify, we asked for leave to amend the
           3    complaint as opposed to you granting now the option to amend
           4    the complaint.  But we do think that some amendments are --
14:14:54   5    would be helpful for both parties going to streamline and focus
           6    the case, in part potentially removing some claims and
           7    refocusing some of the other ones so that they're more keyed on
           8    what we think this case should be about.  But, again, we need
           9    to confer with our, I guess, putative client about that.
14:15:16  10              And then as far as discovery, the date that we
          11    have proposed is June 1st, which I think is not a significant
          12    delay in this case and having that set for a docket call in
          13    October, which seems like a realistic timeline for trial as the
          14    proceedings go, essentially in light of the fact that this case
14:15:39  15    was filed right before COVID and, you know, over the last year
          16    I don't think much has actually been done in the case.  And
          17    from what I can hear from the other side, again, to somewhat
          18    address your question, their position seems to be that they're
          19    prejudiced by having to do some litigation in the case.  I get
14:15:58  20    that deadlines are passed, but as far as a forward-looking
          21    issue, I think that we can get discovery done in the next few
          22    months so that the case can be better prepared for trial.
          23         THE COURT:  Tell me what the damages are in this case.
          24    And, Ms. Muniz, you may be the person best, what the alleged
14:16:24  25    damages are, to talk to this.
```

| | |
|---|---|
| 14:16:28 | 1   *MS. MUNIZ:*  You mean -- I'm not understanding. |
| | 2  Money-wise, monetary damages? |
| | 3   *THE COURT:*  Well, what happened to the kid? |
| | 4   *MS. MUNIZ:*  His collarbone was broken.  He also -- |
| 14:16:41 | 5  when he was restrained, his collarbone was broken when he hit |
| | 6  the floor and he also hit his head on a table and he's had |
| | 7  seizures since then.  He's also been suffering from migraines. |
| | 8   *THE COURT:*  Okay.  Well, Ms. Thompson or Mr. Duke, |
| | 9  tell me what you -- how you would try this case.  I mean, I |
| 14:17:12 | 10  entered an order in October saying that I wasn't going to allow |
| | 11  any further extension on either answering discovery or experts |
| | 12  because -- |
| | 13   *MS. THOMPSON:*  Yes, Your Honor. |
| | 14   *THE COURT:*  -- we had extended this before and now |
| 14:17:33 | 15  you're asking me to do it in the face of that order. |
| | 16   *MS. THOMPSON:*  Yes, Your Honor.  Ms. Thompson here. |
| | 17  Yes, we realize that this is a big ask and we are not here to |
| | 18  talk about the past.  We recognize that Ms. Muniz has been ill |
| | 19  and the pandemic has made things a lot more difficult to |
| 14:18:01 | 20  litigate these cases.  But, you know, somebody should be able |
| | 21  to represent plaintiffs in this case and litigate it for them. |
| | 22   *THE COURT:*  Well, I'm willing to let you represent |
| | 23  them, but what I have is like a conditional motion, you know. |
| | 24  I'm even considering allowing you to do some discovery, but I'm |
| 14:18:30 | 25  not allow -- I'm not leaning toward allowing you to replow old |

14:18:36  1  deadlines that the Court instituted twice.
          2              *MS. GOINS:*  Your Honor, this is Ms. Goins, if I may.
          3  There has been discovery done and conducted on this case.  So
          4  much so that HCDE in compliance with the current deadlines has
14:18:58  5  briefed and filed an MSJ with the Court for review based on the
          6  discovery that's been conducted within the agreed to and
          7  current deadlines.  So despite the fact that there is an
          8  indication that there hasn't been a lot done, there has been
          9  and it's supported and demonstrated in our motion.
14:19:21 10              *MR. DUKE:*  Your Honor, this is Brandon Duke.  If I
         11  could --
         12              *THE COURT:*  Go ahead, Mr. Duke.
         13              *MR. DUKE:*  -- as to your original question, so as to
         14  the conditional nature of the motion, the purpose of kind of
14:19:32 15  how it was set up is that originally when DRTX was made aware
         16  of this case, they felt that plaintiffs' claim had merit, but
         17  because of the current posture of the case and the limited
         18  resources that DRTX has, it couldn't take on the case in the
         19  current posture.  And so that's why it asked for additional
14:19:56 20  time and then we, as pro bono counsel with them, had asked for
         21  additional time.
         22              And we recognize that you seem to be willing to
         23  give some additional discovery, which we think would be helpful
         24  in order to actually have a case to present at a trial, because
14:20:10 25  I think currently how it stands, we couldn't fully represent

our client properly without some additional discovery and the ability to refine the case.

And as to the motion for summary judgment, I think that raises some of the concern is that if we are involved, we would get rid of some of the issues that are raised in the summary judgment, which effectively moots a decent amount of it. Obviously some things will still stand and we can address those as far as timing, if it makes sense to address those now versus shortly after, if we're allowed the opportunity to amend, but I think those are things that we can address later. I just think that that goes to the current posture of the case, not being in the right spot and just having a little bit of additional time in discovery in order to best prepare the case for trial on behalf of -- you know, to protect the plaintiffs' interests in this case.

*THE COURT:* All right. I guess what I would -- here's what the Court's willing to do, and I guess this is the order or the -- what I would order orally to do, is I would let you substitute in and let you do a minimal amount of discovery between now and June 30th and then I would allow Ms. Goins till July 1st to do any additional discovery that she wanted to do. I would bump the trial, you know, a month or two to accommodate that.

What I'm not willing to do is to revisit expert deadlines, because I've given the plaintiffs multiple chances

14:22:09  1  to comply with that.
          2              *MR. DUKE:*  Judge, this is Brandon Duke again.
          3  Obviously if that's what we can get, that's what we'll take,
          4  and I can confer with our group to make sure that that's fine.
14:22:34  5  I'm not exactly sure what the status of the expert discovery
          6  was.  I do know that we had requested the opportunity to at
          7  least designate one or two; but if we have to stand with what's
          8  there, that's what we have to do.
          9              *THE COURT:*  All right.  Well, that's what I would like
14:22:50 10  y'all to do.  With that understanding, Ms. Goins, I know
         11  you're -- to the extent you're objecting to that, I'll note it
         12  and overrule it.
         13              *MS. GOINS:*  Thank you, Your Honor.
         14              *THE COURT:*  I will allow the motion to substitute.  I
14:23:04 15  think -- and I don't know whether it would be Ms. Thompson or
         16  Mr. Duke or whoever is going to take the lead from your
         17  standpoint, need to get with Ms. Goins.  Pick a trial date.
         18  October would be fine.  November would be fine.  I mean, you
         19  know, make it easy on yourself, that y'all agree on.  Give
14:23:31 20  yourself -- give the plaintiffs, as I said, till June 1st, I
         21  think that's what you were asking for, to do any additional
         22  discovery you think you need to do.  Then, Ms. Goins, if you
         23  need to do any additional discovery, I'll give you till -- the
         24  month of July to do that.
14:23:48 25              *MS. GOINS:*  Yes, sir.

```
14:23:51   1         THE COURT:  So propose an order to me with those
           2   parameters.  There is a pending motion for summary judgment.  I
           3   will put off consideration of that till April 30th.  So that
           4   gives y'all about 45 days to file a response -- for the
14:24:11   5   plaintiffs to file a response to that.  And with that, who is
           6   going to take -- who's going to be the lead counsel?  Because
           7   that's what I need to know.  Who's the attorney in charge for
           8   the plaintiffs?
           9         MR. DUKE:  This is Brandon Duke.  I'll take that
14:24:33  10   title.
          11         THE COURT:  Okay.
          12         MR. DUKE:  And one thing just for clarification.
          13   Obviously we can have a pre-hearing motion on that -- or a
          14   pre-motion conference on that.  But would you be amenable to a
14:24:50  15   motion for leave to file an amended complaint or is that off
          16   the table?
          17         THE COURT:  You can file an amended complaint, because
          18   I think, quite frankly, some of the -- I've looked at the
          19   complaint that's on file now and it definitely needs
14:25:08  20   refining --
          21         MR. DUKE:  Okay.
          22         THE COURT:  -- and narrowing.  So I will allow you to
          23   do -- let's -- let me think about this.  You can file an
          24   amended complaint if you do it by the end of this month.  And
14:25:29  25   then, Ms. Goins, you can respond to that by April 15th.
```

14:25:37  1    *MS. GOINS:* Okay.

 2    *THE COURT:* And if you're satisfied with your current
 3  what's on file motion for summary judgment, Ms. Goins, you can
 4  leave it and the plaintiffs will respond to it by April 30th.
14:26:03  5  If you're not satisfied with it given the amended complaint,
 6  you can file a new motion for summary judgment if you do so by
 7  May 15th and then we'll -- the plaintiffs can just respond
 8  according to the rules at that point.

 9    *MS. GOINS:* Understood, Your Honor.

14:26:34  10    *THE COURT:* Okay. If you -- with those different
 11  parameters, if you guys would agree on an order and send it to
 12  me, I'll sign it and enter it.

 13    *MR. DUKE:* We can do that, Your Honor.

 14    *THE COURT:* All right. And just so you know, when we
14:26:55  15  get to the final pretrial date, I'll add it to your order. But
 16  you guys pick a week that you think works good for both sides
 17  and I'll just kind of add the final pretrial order date and the
 18  final pretrial date once I see your -- what date you've chosen
 19  for trial.

14:27:14  20    And what I do for -- in the final pretrial
 21  conference is I admit all the exhibits. I get everything done,
 22  so when the jury comes in, we don't waste any time. We go
 23  right to voir dire. So that's just a heads-up. All of that is
 24  in my local rules, but we'll get everything hopefully off the
14:27:43  25  table in the final pretrial conference so whatever date y'all

| | | |
|---|---|---|
| 14:27:49 | 1 | pick, we actually just start with voir dire. |
| | 2 | Okay.  Anything else we can resolve today? |
| | 3 | *MR. DUKE:*  Nothing from plaintiffs. |
| | 4 | *MS. GOINS:*  Nothing from defendant. |
| 14:28:04 | 5 | *THE COURT:*  All right.  Thank y'all. |
| | 6 | *MR. DUKE:*  Thank you. |
| | 7 | *MS. GOINS:*  Thank you. |
| | 8 | *(Concluded at 2:28 p.m.)* |
| | 9 | * * * |
| | 10 | I certify that the foregoing is a correct transcript from the |
| | 11 | record of proceedings in the above-entitled cause, to the best |
| | 12 | of my ability. |
| | 13 | |
| | 14 | /s/ *Kathy L. Metzger*                              3-16-2021 |
| | 15 | Kathy L. Metzger                                      Date
Official Court Reporter |