IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ETHLOKIA PLUMBER, | § | |
| ex rel. K.W., | § | |
|     Plaintiffs, | § | |
| | § | |
| v. | § | C.A. No. 4:20-cv-00672 |
| | § | |
| HARRIS COUNTY DEPARTMENT | § | |
| OF EDUCATION, | § | |
|     Defendant. | § | |

### DEFENDANT HARRIS COUNTY DEPARTMENT OF EDUCATION'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' SECOND AMENDED COMPLAINT

Defendant Harris County Department of Education ("HCDE") files this Answer and Affirmative Defenses to Plaintiffs' Second Amended Complaint as follows:

### PRELIMINARY STATEMENT

1. Defendant denies K.W.'s rights were violated or that K.W. was subjected to illegal discriminatory physical abuse and excessive force because of K.W.'s disability and/or without substantive due process protections. The remainder of Paragraph 1 does not contain factual allegations requiring specific admission or denial. To the extent it alleges wrongful conduct on the part of HCDE, Defendant denies.

2. Defendant denies that K.W. was assaulted by an unlawful physical restraint that caused lasting physical and emotional damage to K.W. The remainder of Paragraph 2 does not contain factual allegations requiring specific admission or denial. To the extent it alleges wrongful conduct on the part of HCDE, Defendant denies.

1

3.      Paragraph 3 does not contain factual allegations requiring specific admission or denial. To the extent it alleges wrongful conduct on the part of HCDE, Defendant denies.

## PROCEDURAL POSTURE

4.      Paragraph 4 does not contain factual allegations requiring specific admission or denial. To the extent it alleges wrongful conduct on the part of HCDE, Defendant denies.

5.      Paragraph 5 does not contain factual allegations requiring specific admission or denial. To the extent it alleges wrongful conduct on the part of HCDE, Defendant denies.

6.      Defendant admits the factual statement in Paragraph 6.

7.      Defendant admits the factual statement in Paragraph 7.

8.      Defendant admits the factual statement in Paragraph 8.

## JURISDICTION

9.      Paragraph 9 does not contain factual allegations requiring specific admission or denial. To the extent it alleges wrongful conduct on the part of HCDE, Defendant denies.

## VENUE

10.     Paragraph 10 does not contain factual allegations requiring specific admission or denial. To the extent it alleges wrongful conduct on the part of HCDE, Defendant denies.

## PARTIES

11.     Defendant is without knowledge or information sufficient to admit or deny the factual statement in Paragraph 11.

12.     Defendant is without knowledge or information sufficient to admit or deny the factual statement in Paragraph 12.

13. Defendant is without knowledge or information sufficient to admit or deny the factual statement in Paragraph 13.

14. Defendant admits the factual statement in Paragraph 14.

15. Defendant is without knowledge or information sufficient to admit or deny the factual statement in Paragraph 15.

16. Defendant admits the factual statement in Paragraph 16.

17. Defendant admits the factual statement in Paragraph 17.

18. Defendant admits the factual statement in Paragraph 18.

19. Defendant admits the factual statement in Paragraph 19.

## STATEMENT OF FACTS

20. Paragraph 20 does not contain factual allegations requiring specific admission or denial. To the extent it alleges wrongful conduct on the part of HCDE, Defendant denies.

21. Paragraph 21 does not contain factual allegations requiring specific admission or denial. To the extent it alleges wrongful conduct on the part of HCDE, Defendant denies.

22. Paragraph 22 does not contain factual allegations requiring specific admission or denial. To the extent it alleges wrongful conduct on the part of HCDE, Defendant denies.

23. Paragraph 23 does not contain factual allegations requiring specific admission or denial. To the extent it alleges wrongful conduct on the part of HCDE, Defendant denies.

24. Defendant denies K.W. was assaulted by Herbert Allen, Jr. ("Allen") or that Allen used an unlawful restraint. The remainder of Paragraph 24 does not contain factual allegations requiring specific admission or denial. To the extent it alleges wrongful conduct on the part of HCDE, Defendant denies.

25. Paragraph 25 does not contain factual allegations requiring specific admission or denial. To the extent it alleges wrongful conduct on the part of HCDE, Defendant denies.

26. Paragraph 26 does not contain factual allegations requiring specific admission or denial. To the extent it alleges wrongful conduct on the part of HCDE, Defendant denies.

27. Paragraph 27 does not contain factual allegations requiring specific admission or denial. To the extent it alleges wrongful conduct on the part of HCDE, Defendant denies.

28. Defendant is without knowledge or information sufficient to admit or deny the factual statement regarding Ms. Plumber's concerns regarding the video. The remainder of Paragraph 28 does not contain factual allegations requiring specific admission or denial. To the extent it alleges wrongful conduct on the part of HCDE, Defendant denies.

29. Defendant denies the factual statements in Paragraph 29.

30. Defendant denies the factual statements in Paragraph 30.

31. Defendant denies the factual statements in Paragraph 31.

32. Defendant is without knowledge or information sufficient to admit or deny the factual statements in Paragraph 32. To the extent it alleges wrongful conduct on the part of HCDE, Defendant denies.

33. Defendant denies the factual statements and legal conclusions in Paragraph 33.

34. Defendant denies the factual statements in Paragraph 34.

35. Defendant is without knowledge or information sufficient to admit or deny the factual statement in Paragraph 35.

36. Defendant denies the factual statements in Paragraph 36.

37. Defendant is without knowledge or information sufficient to admit or deny the factual statement in Paragraph 37.

38. Defendant is without knowledge or information sufficient to admit or deny the factual statement in Paragraph 38.

39. Defendant is without knowledge or information sufficient to admit or deny the factual statement in Paragraph 39.

40. Defendant denies the factual statements and legal conclusions in Paragraph 40.

41. Defendant denies the factual statements in Paragraph 41.

42. Defendant denies the factual statement in Paragraph 42.

43. Defendant denies the factual statements in Paragraph 43.

44. Defendant denies the factual statement in Paragraph 44.

## STATE ACTION

45. Paragraph 45 does not contain factual allegations requiring specific admission or denial. To the extent it alleges wrongful conduct on the part of HCDE, Defendant denies.

46. Defendant denies the factual statements and legal conclusions in Paragraph 46.

47. Defendant admits the factual statement in Paragraph 47.

## UNCONSTITUTIONAL POLICIES, PROCEDURES, PRACTICES AND CUSTOMS

48. Paragraph 48 does not contain factual allegations requiring specific admission or denial. To the extent it alleges wrongful conduct on the part of HCDE, Defendant denies.

49. Defendant denies the factual statements and legal conclusions in Paragraph 49.

50. Defendant denies the factual statements and legal conclusions in Paragraph 50.

## CLAIMS AGAINST HCDE PURSUANT TO THE 14TH AMENDMENT

51. Paragraph 51 does not contain factual allegations requiring specific admission or denial.  To the extent it alleges wrongful conduct on the part of HCDE, Defendant denies.

52. Defendant denies the factual statements and legal conclusions in Paragraph 52.

53. Defendant denies the factual statements and legal conclusions in Paragraph 53.

54. Defendant denies the factual statement and legal conclusions in Paragraph 54.

## CLAIMS PURSUANT TO THE REHABILITATION ACTION OF 1973

55. Paragraph 55 does not contain factual allegations requiring specific admission or denial. To the extent it alleges wrongful conduct on the part of HCDE, Defendant denies.

56. Paragraph 56 does not contain factual allegations requiring specific admission or denial. To the extent it alleges wrongful conduct on the part of HCDE, Defendant denies.

57. Defendant denies the factual statements and legal conclusions in Paragraph 57.

58. Defendant admits the factual statements in Paragraph 58.

59. Defendant admits the factual statements in Paragraph 59.

60. Defendant denies the factual statements and legal conclusions in Paragraph 60.

61. Defendant denies the factual statements and legal conclusions in Paragraph 61.

62. Defendant denies the factual statements and legal conclusions in Paragraph 62.

63. Defendant denies the factual statements and legal conclusions in Paragraph 63.

64. Defendant denies the factual statements and legal conclusions in Paragraph 64.

## CLAIMS RELATED TO THE AMERICANS WITH DISABILITIES ACT

65. Paragraph 65 does not contain factual allegations requiring specific admission or denial. To the extent it alleges wrongful conduct on the part of HCDE, Defendant denies.

66. Defendant denies the factual statements and legal conclusions in Paragraph 66.

67. Defendant admits the factual statements in Paragraph 67.

68. Defendant admits the factual statements in Paragraph 68.

69. Defendant admits the factual statements in Paragraph 69.

70. Defendant denies the factual statements and legal conclusions in Paragraph 70.

71. Defendant denies the factual statements and legal conclusions in Paragraph 71.

72. Defendant denies the factual statements and legal conclusions in Paragraph 72.

73. Defendant denies the factual statements and legal conclusions in Paragraph 73.

74. Defendant denies the factual statements and legal conclusions in Paragraph 74.

## **RATIFICATION**

75. Paragraph 75 does not contain factual allegations requiring specific admission or denial. To the extent it alleges wrongful or affirmative conduct on the part of HCDE, Defendant denies.

76. Defendant denies the factual statements and legal conclusions in Paragraph 76.

77. Defendant denies the factual statements and legal conclusions in Paragraph 77.

## **DAMAGES**

78. Paragraph 78 does not contain factual allegations requiring specific admission or denial. To the extent it alleges wrongful conduct on the part of HCDE, Defendant denies.

79. Defendant denies that Plaintiff has been damaged specifically, as stated in Paragraph 79, or that Plaintiff has been damaged by Defendant, generally.

## ATTORNEYS' FEES

80. Paragraph 80 does not contain factual allegations requiring specific admission or denial.

81. Defendant denies the factual statements and legal conclusions in Paragraph 81.

## DEMAND FOR JURY TRIAL

82. Paragraph 82 does not contain factual allegations requiring specific admission or denial.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendant requests that Plaintiffs' claims be dismissed in their entirety and that Defendant recover its costs, expenses, and reasonable attorneys' fees, and the Defendant be granted such other and further relief to which they may show themselves justly entitled.

## AFFIRMATIVE DEFENSES

By way of further Answer, and without waiving the foregoing, Defendant asserts the following affirmative defenses to the claims pled in Plaintiffs' Second Amended Complaint:

1. Plaintiffs have failed to timely exhaust their administrative remedies as to all claims against HCDE;

2. HCDE is entitled to an absolute bar with respect to Plaintiffs' state law tort claims;

3. HCDE's employee is entitled to qualitied immunity from Plaintiff's claims under 42 U.S.C. Section 1983 in his individual capacity;

4. HCDE is immune from Plaintiffs' claims as a governmental entity because the HCDE employee whose alleged actions are complained of in this lawsuit would not be personally liable to the Plaintiffs under Texas law due to his entitlement to official immunity;

5. Any actions HCDE took with respect to Plaintiff was based on legitimate, non-discriminatory reasons;

6. HCDE would have taken the action against Plaintiffs that forms the basis of this lawsuit without regard to K.W.'s alleged disability;

7. HCDE is entitled to the damage caps set forth in the Americans with Disabilities Act and hereby asserts the application of the same;

8. To the extent Plaintiffs have asserted claims under §1983, Plaintiffs' alleged injuries were not caused by an official custom, policy or practice of HCDE; and

9. Plaintiffs have failed to mitigate damages, if any.

Respectfully submitted,

KARCZEWSKI | BRADSHAW | SPALDING

_____
J. ERIK NICHOLS
Attorney-in-Charge
State Bar No. 00788119
Fed. I.D. 13066
enichols@kblawgroup.com
MELISSA M. GOINS
State Bar No. 24074671
Fed. I.D. 2089537
mgoins@kblawgroup.com

3700 Buffalo Speedway, Suite 560
Houston, Texas 77098
Telephone: (713) 993-7041
Facsimile: (888) 726-8374

**ATTORNEYS FOR DEFENDANT HCDE**

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document has been served on all counsel of record via electronic mail and/or ECF this 15th day of April, 2021, addressed as follows:

| | |
|:---:|:---:|
| Brandon W. Duke | L. Kym Davis Rogers |
| bduke@wintson.com | krogers@disabilityrightstx.org |
| Rachael E. Thompson | Kathryn Hogan |
| rthompson@winston.com | khogan@disabilityrightstx.org |
| Winston & Strawn LLP | Disability Rights Texas |
| 800 Capital Street, Suite 2400 | 1420 W. Mockingbird Lane, Suite 450 |
| Houston, Texas 77002 | Dallas, Texas 75247 |
| (Attorneys for Plaintiffs) | (Attorneys for Plaintiffs) |

Counsel for Defendant HCDE