IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ETHLOKIA PLUMBER *ex rel.* K.W. | § | |
| | § | |
| *Plaintiffs,* | § | |
| v. | § | Civil Action No. 4:20-CV-00672 |
| | § | |
| HARRIS COUNTY DEPARTMENT | § | |
| OF EDUCATION, | § | |
| | § | |
| *Defendant.* | § | |

## PLAINTIFFS' MOTION TO COMPEL A 30(b)(6) DESIGNEE

### I.    INTRODUCTION

Pursuant to Federal Rule of Civil Procedure 37(a)(3)(B), Plaintiffs Ethlokia Plumber *ex rel.* K.W. move to compel Defendant Harris County Department of Education ("HCDE") to properly designate and prepare a designee who can testify about the HCDE Board's knowledge of six noticed topics which are central to this case. Rule 30(b)(6) entitles Plaintiffs to this deposition, but HCDE has refused to provide a designee in compliance with Plaintiffs' Notice of Deposition Pursuant to Rule 30(b)(6), which was served on May 20, 2021. Ex. 1, Notice. As HCDE remains unwilling to do so on its own, Plaintiffs must now turn to the Court to compel HCDE to comply with its obligations under Rule 30(b)(6). Plaintiffs are entitled to depose an HCDE representative who can testify to HCDE's knowledge and views about six properly noticed topics: 1) policies and procedures relating to the use of restraint; 2) reports and complaints made to HCDE regarding the use of unlawful restraints; 3) reports and complaints made to HCDE regarding injuries resulting from the restraint of students; 4) discipline and/or termination of staff relating to the restraint of students;

5) investigations and/or reports by third parties relating to the restraint of students; and 6) training provided to HCDE staff on the use of restraints. *Id.* HCDE's failure to prepare its designated deponent, retroactive adoption of the testimony of unprepared deponents, and continued refusal to provide a deponent to testify on Topic 2 has prevented Plaintiffs from obtaining evidence that is both relevant and directly material to their case. Therefore, the Court should compel HCDE to designate and prepare a Rule 30(b)(6) representative on all six of the noticed topics.

## II.   ISSUES PRESENTED

1.     Whether HCDE failed to adequately prepare its deponent(s) to testify for HCDE regarding noticed Topics 1-6 in accordance with Rule 30(b)(6).

2.     Whether HCDE improperly refused to designate a deponent on noticed Topic 2 in accordance with Rule 30(b)(6).

## III.   STATEMENT OF FACTS

1.     On May 12, 2021, Plaintiffs deposed Ms. Mindy Robertson, a former principal at ABS East. Ex. 2, Robertson Dep.

2.     On May 18, 2021, Plaintiffs deposed Mr. Dale Jackson, a current aide and former CPI trainer at ABS East. Ex. 3, Jackson Dep.

3.     On May 20, 2021, Plaintiffs served a Notice of Deposition Pursuant to Rule 30(b)(6), describing six topics with reasonable particularity. Ex. 1, Notice.

4.     On May 21, 2021, HCDE responded that Mr. Parker would serve as the 30(b)(6) representative on Topic 1. Ex. 4, Goins Email, May 21, 2021. HCDE also stated that a 30(b)(6) representative would not "be knowledgeable" about Topics 3-5 beyond Ms. Robertson's testimony or about Topic 6 beyond Mr. Jackson's testimony. *Id.*

Additionally, HCDE stated that knowledge of Topic 2 did not exist and thus, there would be no witness to testify. *Id.*

5.      On May 21, 2021, Plaintiffs requested that HCDE designate Mr. Parker as the 30(b)(6) witness on all topics or designate an additional witness. Ex. 4, Rogers Email, May 21, 2021.

6.      On May 24, 2021, after no response from HCDE, Plaintiffs again requested that Mr. Parker be designated as the 30(b)(6) witness on all topics or that HCDE designate an additional witness. Ex. 4, Rogers Email, May 24, 2021.

7.      On May 24, 2021, HCDE responded, stating, "There are no additional 30(b)(6) witnesses apart from Mr. Parker" and reiterated that Mr. Parker was designated to testify solely on Topic 1. Ex. 4, Goins Email, May 24, 2021.

8.      On May 26, 2021, Mr. Parker testified at his 30(b)(6) deposition that HCDE was retroactively adopting as its own the testimony of Ms. Robertson for Topics 3-5, as well as the testimony of Mr. Jackson for Topic 6. Ex. 5, Parker Dep. 18:1-19:6.

9.      On June 1, 2021, Plaintiffs received a transcript of Mr. Parker's deposition.

10.     After thoroughly reviewing Mr. Parker's, Ms. Robertson's, and Mr. Jackson's deposition transcripts, Plaintiffs determined that the depositions were insufficient in regard to relevant and material issues to the case (Topics 1-6), and without unreasonable delay, on June 14, 2021, Plaintiffs filed this motion to compel HCDE to designate and prepare a 30(b)(6) witness.[1]

---

[1] Plaintiffs' deadline for completing discovery was June 1, 2021, the same day the transcript was received of Mr. Parker's 30(b)(6) deposition. Granting the requested relief will not impact the scheduling order currently in place.

## IV.   ARGUMENT

**A.    Rules 37(a)(3)(B) and 30(b)(6) entitle Plaintiffs to a deponent who can testify on behalf of HCDE and set forth duties that HCDE must fulfill.**

Rule 37(a)(3)(B) entitles a party to compel discovery when a "deponent fails to answer a question asked under Rule 30 or 31" or "[an] entity fails to make a designation under Rule 30(b)(6) . . . ." Fed. R. Civ. P. 37(a)(3)(B). Matters of discovery are "entrusted to the 'sound discretion' of the district court." *King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994) (citing *Richardson v. Henry*, 902 F.2d 414, 417 (5th Cir. 1990)).

"Rule 30(b)(6) provides a mechanism to obtain the testimony of . . . [an] entity on particular subjects by having the [entity] designate a natural person to speak for the entity on those subjects." Steven S. Gensler & Lumen N. Mulligan, *Federal Rules of Civil Procedure*, *Rules and Commentary*, Rule 30 (Feb. 2021 update). "In its notice or subpoena, a party may name [an entity] as the deponent . . . and must describe with reasonable particularity the matters for examination. The named organization must then designate one or more . . . persons who consent to testify on its behalf; and it may set out the matters on which each person designated will testify." *Green v. Harris Cty., Texas*, No. CV H-16-893, 2019 WL 338243, at *9 (S.D. Tex. Jan. 28, 2019).

"[T]he duty to present and prepare a Rule 30(b)(6) designee goes beyond matters personally known to that designee or to matters in which that designee was personally involved." *Brazos River Auth. v. GE Ionics, Inc.*, 469 F.3d 416, 433 (5th Cir. 2006) (citing *United States v. Taylor*, 166 F.R.D. 356, 361 (M.D.N.C. 1996)). As the "voice" of the entity, the 30(b)(6) designee(s) "is not limited by his or her own knowledge," but must testify "as to information known or reasonably available to the organization." *Commentary*, Rule 30; Fed. R. Civ. P. 30(b)(6). "[T]he deponent 'must make a

*Plaintiffs' Motion to Compel*                                                          4

conscientious good-faith endeavor to designate the persons having knowledge of the matters sought by [the party noticing the deposition] and to *prepare* those persons in order that they can answer fully, completely, unevasively, the questions posed . . . as to the relevant subject matters.'" *Brazos River Auth.*, 469 F.3d at 433 (citing *Bank of New York v. Meridien BIAO Bank Tanzania Ltd.*, 171 F.R.D. 135, 151 (S.D.N.Y. 1997)). "If the designated 'agent is not knowledgeable about relevant facts, and the principal has failed to designate an available, knowledgeable, and readily identifiable witness, then the appearance is, for all practical purposes, no appearance at all.'" *Id.* at 433-34 (citing *Resolution Trust Corp. v. Southern Union Co.*, 985 F.2d 196, 197 (5th Cir. 1993)). If the entity's 30(b)(6) designee is deficient, the entity must provide a substitute. *Brazos River Auth.*, 469 F.3d at 433 (citing *Marker v. Union Fid. Life. Ins. Co.*, 125 F.R.D. 121, 126 (M.D.N.C. 1989)).

**B.    HCDE did not fulfill its duty to designate and prepare its deponent(s) to testify about information HCDE knew or reasonably should have known.**

Plaintiffs fulfilled their duty to provide advance notice of the deposition topics with reasonable particularity. Ex. 1, Notice. Despite this, HCDE failed to prepare its 30(b)(6) deponents on the noticed topics with regard to information HCDE knew or reasonably should have known, and for Topic 2, HCDE refused to provide a deponent at all. Ex. 4, Goins Emails of May 21, 2021 & May 24, 2021. Additionally, Plaintiffs attempted to resolve the issue with HCDE in good faith. Ex. 4, Rogers Emails of May 21, 2021 & May 24, 2021; *see Greer v. Bramhall*, 77 F.App'x 254, 255 (5th Cir. 2003). However, HCDE was unwilling to negotiate. Ex. 4, Goins Emails of May 21, 2021 & May 24, 2021.

1.     **HCDE failed to provide an appropriate 30(b)(6) designee for Topic 1.**

On May 26, 2021, HCDE's Assistant Superintendent Jonathan Parker testified on noticed Topic 1, knowledge of HCDE's policies and procedures relating to the use of restraint, as HCDE's designated 30(b)(6) witness. Ex. 5, Parker Dep. 1, 15:14-25, 16:1-25, 17:1-25, 18:1-25, 19:1-25, 20:1-7. In his 30(b)(6) deposition, Mr. Parker testified that he prepared by reviewing HCDE policies regarding restraint, and that he may have reviewed the student code of conduct. *Id*. at 6:4-15. This preparation was insufficient, however, as evidenced by Mr. Parker's inability on multiple occasions to answer questions about HCDE's policies and procedures relating to the use of restraint that HCDE either did know or reasonably should have known. For example,

Q: You don't know what the HCDE policy or procedure is for the superintendent to do with a recommendation regarding improper - finding of an improper restraint?

A: Right off the top of my head, no. Do you have something you would like for me to refer to?

Q: I'm asking about HCDE policy and procedures regarding restraints.

A: Right now I can't - I can't think of that policy.

*Id*. at 48:21-49:4.

Q: Are complaints related to restraint reported to the board under policy and procedures?

A. I don't know.

*Id*. at 43:7-11 (objection omitted).

Q: Who was responsible for reporting staff to Child Protective Services for potential child abuse under HCDE policies and procedures?

A. I'm not sure.

*Id.* at 54:15-19 (objections omitted).

    Q: Under HCDE's policies and procedures, who decides when findings with regard to restraint need to be reported to the board?

    A. Yeah, I'm not sure.

*Id.* at 59:12-17 (objection omitted).

    Q: Who was responsible for reporting teachers and paraprofessionals to TEA education certification for alleged violations of the law pursuant to HCDE policy and procedures?

    A. I'm not sure.

*Id.* at 54:8-14 (objections omitted).

    Q: As the 30(b)(6) witness, do you know if any changes were made to HCDE's policies, procedures, and practices regarding restraint after TEA's findings regarding the restraint of Evan Johnson?

    A. I'm not sure.

*Id.* at 56:20-57:1.

    Furthermore, as HCDE's spokesperson, Mr. Parker identified other individuals within HCDE who would have been able to testify regarding the information he could not, including Brenda Mullins, the current Director of Curriculum and Compliance Services, and Dr. Anthony Mays, the former Senior Director of Schools. *Id.* at 48:21-25, 49:1-4. The fact that Dr. Mays is no longer an employee of HCDE is irrelevant, since "[t]he deponent must prepare the designee to the extent matters are reasonably available, whether from documents, past employees, or other sources. *Brazos River Auth.*, 469 F.3d at 433 (citing *United States v. Taylor*, 166 F.R.D. 356, 361 (M.D.N.C. 1996)). Mr. Parker testified that he did not speak with Ms. Mullins, Dr. Mays, or any other past or present HCDE employees in preparation for his 30(b)(6) deposition. *Id.* at 16:6-11.

**2.     HCDE refused to provide an appropriate 30(b)(6) designee for Topic 2.**

In regard to the second noticed topic, knowledge of reports and complaints made to HCDE regarding the use of unlawful restraints, HCDE directly refused to designate a 30(b)(6) witness, claiming "there are no such reports or complaints that exist and therefore, no witness." Ex. 4, Goins Email, May 21, 2021. HCDE's claim that no such reports or complaints exist is incorrect, and therefore, HCDE's refusal to designate a deponent was erroneous. For example, on November 7, 2017, a student at an HCDE campus was improperly restrained by staff members, resulting in a TEA complaint against HCDE and Cypress-Fairbanks ISD with findings against the school district for the actions of HCDE staff members. Ex. 6, TEA Complaint and Decision. Superintendent Colbert testified that both he and the Board were aware of the TEA complaint and decision.  Ex. 7, Colbert Dep. 31:23–32:1.

**3.     HCDE failed to provide an appropriate 30(b)(6) designee for Topics 3, 4, 5, and 6.**

As the organizational witness, Mr. Parker testified that HCDE was retroactively adopting as its own the testimony of former ABS East principal Mindy Robertson for Topics 3-5, as well as the testimony of current ABS East aide and former CPI trainer Dale Jackson for Topic 6. Ex. 4, Parker Dep. 18:1-19:6. Mr. Parker testified that he had not reviewed the testimony of Ms. Robertson or Mr. Jackson before this adoption. *Id*. at 18:8-11, 19:12-16.

Retroactive adoption of Ms. Robertson's and Mr. Jackson's testimonies is insufficient because HCDE did not prepare either of these deponents to effectively and accurately represent information that HCDE knew or reasonably should have known.

"In certain circumstances, courts have permitted a party to designate prior testimony in lieu of a live witness where the most knowledgeable witness has previously testified extensively on the topic and the corporate party agrees to be bound by the prior testimony." *Commentary*, Rule 30 (citing *Novartis Pharms. Corp. v. Abbott Labs.*, 203 F.R.D. 159, 163 (D. Del. 2001)). However, Ms. Robertson and Mr. Jackson were not appropriate witnesses to designate because they neither possessed personal knowledge of nor were prepared to testify about HCDE's knowledge of the noticed topics.

For example, Ms. Robertson testified that to prepare for her deposition (which was retroactively designated to represent HCDE's actual or constructive knowledge of reports and complaints made to HCDE regarding injuries resulting from the restraint of students, knowledge of discipline and/or termination of staff relating to the restraint of students, knowledge of investigations and/or reports by third parties relating to the restraint of students), the only document she reviewed was the incident report of K.W.'s restraint. Ex. 2, Robertson Dep. 10:18-11:3. Ms. Robertson was unable to answer multiple questions on the noticed topics that HCDE did or reasonably should have known, including whether students were ever injured at her campus as a result of restraints ("I don't know. I don't recall."), what actions were taken regarding discipline and termination of staff relating to student restraint ("I don't recall," "I don't remember," "I don't know"), and investigations by third parties, such as Child Protective Services and the Harris County District Attorney's Office, regarding restraints ("I don't recall," "I don't remember"). *Id.* at 63:18-21, 64:18-65:2, 33:24-35:6, 41:10-13, 65:3-6, 132:3-15, 90:19-21, 144:21-24, 147:18-148:17.

Likewise, Mr. Jackson testified that to prepare for his deposition (which was retroactively designated to represent HCDE's actual or constructive knowledge of training provided to HCDE staff on the use of restraints), he reviewed no documents, met with HCDE's attorneys for twenty minutes, and brought the nonviolent crisis intervention training book for reference. Ex. 3, Jackson Dep. 6:21-7:21. While Mr. Jackson was able to testify regarding the restraint training he personally provided to HCDE staff, he was unable to testify regarding training provided by other trainers at ABS East and elsewhere at HCDE ("I don't know about the other instructors. I only - the ones that was here was - I don't know about the - like you said, Dr. Keys, I don't know what training they did on CPI. I don't know."). *Id.* at 31:22-32:1. Because Ms. Robertson and Mr. Jackson were unable to testify about knowledge HCDE had or should have had regarding noticed topics, HCDE's retroactive adoption of their testimonies was improper.

## V.   CONCLUSION

For the above reasons, Plaintiffs urge the Court to grant Plaintiffs' motion to compel HCDE to designate and prepare a 30(b)(6) deponent on the six noticed topics.

Respectfully submitted,

/s/ *Brandon W. Duke*
Brandon W Duke
S.D. Adm. No. 2857734
State Bar No. 24094476
bduke@winston.com
Rachael E. Thompson
S.D. Adm. No. 3640278
State Bar No. 24117139
rthompson@winston.com
Winston & Strawn, LLP

800 Capitol St., Suite 2400
Houston, Texas 77002
Phone 713.651.2600
Fax 713.651.2700

L. Kym Davis Rogers
S.D. Adm. No. 3640648
State Bar No. 00796442
krogers@disabilityrightstx.org
Disability Rights Texas
1420 W. Mockingbird Lane, Suite 450
Dallas, Texas 75247
Phone 214.845.4045
Fax 214.630.3472

Shiloh Carter
S.D. Adm. No. 2898136
State Bar No. 24080321
scarter@disabilityrightstx.org
Disability Rights Texas
1500 McGowen, Suite 100
Houston, Texas 77004
Phone 281.836.0736
Fax 713.974.7695

**ATTORNEYS FOR PLAINTIFF**

## <u>CERTIFICATE OF CONFERENCE</u>

Counsel conferred with Ms. Goins on June 14, 2021, and Ms. Goins stated that HCDE opposes this motion to compel.

*/s/ Brandon W. Duke*
Brandon W Duke

## <u>CERTIFICATE OF SERVICE</u>

I certify that a true and correct copy of the foregoing document has been served on all known counsel of record via email on June 14, 2021.

*Plaintiffs' Motion to Compel*                                              11

Jon Erik Nichols
enichols@kbslawgroup.com
Melissa M. Goins
mgoins@kbslawgroup.com
Karczewski Bradshaw Spalding
3700 Buffalo Speedway, Suite 560
Houston, TX 77098
713-993-7060
Fax: 888-726-8374

*Counsel for Defendant*

/s/ *Brandon W. Duke*
Brandon W Duke