# Exhibit 4

**Kym Rogers**

| | |
|---|---|
| **From:** | Melissa Goins <mgoins@kbslawgroup.com> |
| **Sent:** | Monday, May 24, 2021 4:55 PM |
| **To:** | Kym Rogers |
| **Cc:** | Erik Nichols; Kathryn Hogan; Duke, Brandon; Thompson, Rachael E; Shiloh Carter |
| **Subject:** | RE: Plumber v. HCDE; 30(b)(6) deposition |

Kym,

There are no additional 30(b)(6) witnesses apart from Mr. Parker.

Based upon HCDE's understanding of Plaintiffs' Notice of Deposition, Mr. Parker will testify as to knowledge of HCDE's policies and procedures relating to the use of restraint (Topic 1).

As for knowledge of reports and complaints made to HCDE regarding the use of unlawful restraints (Topic 2) this is nonexistent. "Unlawful restraints" is a term Plaintiffs have developed, not defined, and continue to use to support their position. There are no reports or complaints to HCDE regarding the use of "unlawful restraints" and therefore, no witness to testify regarding the same.

Based upon HCDE's understanding of Plaintiffs' Notice of Deposition, Ms. Robertson and Mr. Jackson have previously testified extensively regarding Topics 3 through 6. Accordingly, HCDE will adopt Ms. Robertson and Mr. Jackson's testimony on behalf of HCDE along with the extensive document production regarding the same. Additionally, Mr. Parker has provided a business records affidavit regarding, among other documentation, HCDE's policies and procedures relating to the use of restraint.

Thank you,

Melissa M. Goins, Attorney
Karczewski | Bradshaw | Spalding
3700 Buffalo Speedway, Suite 560
Houston, Texas 77098
Office: (713) 587-9482
Cell: (941) 223-6361
Fax: (888) 726-8374
mgoins@kbslawgroup.com

**From:** Kym Rogers <krogers@disabilityrightstx.org>
**Sent:** Monday, May 24, 2021 2:54 PM
**To:** Melissa Goins <mgoins@kbslawgroup.com>
**Cc:** Erik Nichols <enichols@kbslawgroup.com>; Kathryn Hogan <khogan@disabilityrightstx.org>; Duke, Brandon <BDuke@winston.com>; Thompson, Rachael E <RThompson@winston.com>; Shiloh Carter <scarter@disabilityrightstx.org>
**Subject:** RE: Plumber v. HCDE; 30(b)(6) deposition

Melissa,

Following up on the email below. Will Mr. Parker be designated to testify as to all of the topics, or will there be an additional 30(b)(6) witness?

1

Thank you.

---

**From:** Kym Rogers
**Sent:** Friday, May 21, 2021 3:05 PM
**To:** Melissa Goins <mgoins@kbslawgroup.com>
**Cc:** Erik Nichols <enichols@kbslawgroup.com>; Kathryn Hogan <khogan@disabilityrightstx.org>; Duke, Brandon <BDuke@winston.com>; Thompson, Rachael E <RThompson@winston.com>; Shiloh Carter <scarter@disabilityrightstx.org>
**Subject:** RE: Plumber v. HCDE; 30(b)(6) deposition

Melissa,

We have arranged for the depositions to take place in person at your office. We will be there in person as well.

As to the scope of the 30(b)(6), as to Topic 2, we ask HCDE to designate a witness to testify as to knowledge of reports or complaints made to HCDE regarding the use of unlawful restraints.

As to Topics 3-6, Mindy Robertson and Dale Jackson were deposed as fact witnesses. Is HCDE stating that the organization is adopting the testimony of Mindy Robertson and Dale Jackson as testimony on behalf of HCDE? If yes, we would ask that HCDE designate a witness to testify to that. If no, we ask that HCDE designate a witness to testify regarding these topics.

Please let us know if Mr. Parker will be designated to testify as to all of the topics, or if there will be an additional 30(b)(6) witness.

Thank you.

---

**From:** Melissa Goins <mgoins@kbslawgroup.com>
**Sent:** Friday, May 21, 2021 11:05 AM
**To:** Kym Rogers <krogers@disabilityrightstx.org>
**Cc:** Erik Nichols <enichols@kbslawgroup.com>; Kathryn Hogan <khogan@disabilityrightstx.org>; Duke, Brandon <BDuke@winston.com>; Thompson, Rachael E <RThompson@winston.com>; Shiloh Carter <scarter@disabilityrightstx.org>
**Subject:** RE: Plumber v. HCDE; 30(b)(6) deposition

Kym,

We will notify Mr. Wilson that his deposition has been withdrawn.

HCDE reiterates its position that the HCDE's policies and procedures regarding restraints have been extensively covered not only in written discovery production but in the depositions taken to date in this lawsuit. However, on behalf of HCDE, we will agree to present Mr. Jonathan Parker, assistant superintendent at HCDE, to testify on Wednesday, May 26, 2021 at 1:00 pm. Neither Erik nor I are available on June 1 for deposition and given Mr. Colbert's one-hour deposition being scheduled at 10:30 am, this leaves time for Mr. Parker's half-day deposition to begin at 1:00 pm. Please send an Amended Notice of Deposition reflecting the updated date and time for Mr. Parker's 30(b)(6) deposition.

Mr. Parker will present as HCDE's 30(b)(6) witness regarding "Topic 1. Knowledge of HCDE's policies and procedures relating to the use of restraint" only. As for Topics 2-6 noted on Plaintiffs' Notice of Deposition they have either been extensively covered in other depositions previously taken in this matter or do not exist:

- Topic 2. Knowledge of reports and complaints made to HCDE regarding the use of unlawful restraints – there are no such reports or complaints that exist and therefore, no witness.
- Topics 3-5. Knowledge of reports and complaints made to HCDE regarding injuries resulting from the restraint of students; knowledge of discipline and/or termination of staff relating to the restraint of students; and knowledge of investigations and/or reports by third parties relating to the restraint of students – these were previously covered extensively in Mindy Robertson's deposition and therefore, a 30(b)(6) representative would not be knowledgeable of this beyond what has already been testified to.
- Topic 6. Knowledge of training provided to HCDE staff on the use of restraints – this was previously covered extensively in Dale Jackson's deposition and therefore, a 30(b)(6) representative would not be knowledgeable of this beyond what has already been testified to.

Please note Mr. Colbert and Mr. Parker will be presenting for their depositions *in person* at our Houston office. We request that the court reporter and videographer also present at our office so as to cut down on any technological delays given the limited time for Mr. Colbert's deposition. Please confirm whether your office plans to attend these depositions in person as well.

Thank you,

Melissa M. Goins, Attorney
Karczewski | Bradshaw | Spalding
3700 Buffalo Speedway, Suite 560
Houston, Texas 77098
Office: (713) 587-9482
Cell: (941) 223-6361
Fax: (888) 726-8374
mgoins@kbslawgroup.com

---

**From:** Kym Rogers <krogers@disabilityrightstx.org>
**Sent:** Thursday, May 20, 2021 5:33 PM
**To:** Melissa Goins <mgoins@kbslawgroup.com>
**Cc:** Erik Nichols <enichols@kbslawgroup.com>; Kathryn Hogan <khogan@disabilityrightstx.org>; Duke, Brandon <BDuke@winston.com>; Thompson, Rachael E <RThompson@winston.com>; Shiloh Carter <scarter@disabilityrightstx.org>
**Subject:** RE: Plumber v. HCDE; 30(b)(6) deposition

Melissa,
Attached is a notice for a 30(b)(6) deposition for June 1, 2021, or a mutually agreed to date. Plaintiffs are withdrawing the notice of deposition for Wilson. In addition to June 1, 2021, we are available any day for the 30(b)(6) deposition, including Monday the 24th when the deposition for Mr. Wilson had been scheduled. We could also move Mr. Colbert's deposition to earlier on Wednesday the 26th in order to do the 30(b)(6) after it is completed.

Thank you.

---

**From:** Melissa Goins <mgoins@kbslawgroup.com>
**Sent:** Thursday, May 20, 2021 3:49 PM
**To:** Kym Rogers <krogers@disabilityrightstx.org>

**Cc:** Erik Nichols <enichols@kbslawgroup.com>; Kathryn Hogan <khogan@disabilityrightstx.org>; Duke, Brandon <BDuke@winston.com>; Thompson, Rachael E <RThompson@winston.com>; Shiloh Carter <scarter@disabilityrightstx.org>
**Subject:** RE: Plumber v. HCDE; 30(b)(6) deposition

Kym,

To date in this matter, the following written discovery has been produced by HCDE regarding HCDE's policies, practices and customs regarding restraints:

- FOF (Legal) HCDE 1-10
- HCDE Employee Handbook 2017-2018 HCDE 11-118
- HCDE Student/Parent Handbook and Student Code of Conduct 2017-2018 119-256
- HCDE Student Crisis Protocol a Step-by-step guide of Restraint & Incident Reporting Process HCDE 1344-1347
- HCDE Student/Parent Handbook and Student Code of Conduct 2018-2019 HCDE 1507-1664
- HCDE Student/Parent Handbook and Student Code of Conduct 2019-2020 HCDE 1665-1827
- HCDE Student/Parent Handbook and Student Code of Conduct 2020-2021 HCDE 1828-2011
- 19 Tex. Admin Code 89.1053 Procedures for Use of Restraint and Time Out (Referenced in FOF (Legal)) HCDE 2012-2015
- HCDE Restraint/Incidents and Notification Standard Operation Procedures HCDE 2016-2019, 2033-2036
- HCDE Breaking Down Restraint Presentation HCDE 2020-2023
- CPI Handbooks, presentations, and training materials HCDE 2247-2736

In addition to the 1,250+ pages of documentation already produced by HCDE, all HCDE's Board Policies are also available at: https://pol.tasb.org/Home/Index/578.

Plaintiffs have also noticed a total of five depositions. To date, Plaintiffs have taken three depositions including Mindy Robertson (principal at ABS East at the time of the incident), Dale Jackson (CPI restraint instructor at ABS East at the time of the incident), and Herbert Allen, Jr. (former teacher involved in incident at ABS East) all of whom were questioned extensively, under oath, regarding HCDE's policies, practices, and customs regarding restraints. Two of the five depositions remain, scheduled for May 24, 2021 (Wilson) and May 26, 2021 (Colbert).

As previously referenced, Plaintiffs represented to the Court and HCDE that they would take five depositions. Plaintiffs did not confer with HCDE about a sixth deposition until yesterday. The sixth requested deposition of a 30(b)(6) corporate representative regarding HCDE's policies, practices and customs regarding restraints is (1) duplicative, (2) not what was represented to the Court in Plaintiffs' request for a new scheduling order and extended discovery deadlines, and (3) not what was represented to HCDE at any point during this litigation until yesterday. Accordingly, HCDE will not be presenting a 30(b)(6) witness regarding HCDE's policies, practices and customs regarding restraints.

Separate and apart from HCDE's objection to yet another deposition request, given that this request was brought up only yesterday, counsel for HCDE have no availability for another deposition (half day or not) the remainder of this month.

Thank you,

Melissa M. Goins, Attorney
Karczewski | Bradshaw | Spalding

3700 Buffalo Speedway, Suite 560
Houston, Texas 77098
Office: (713) 587-9482
Cell: (941) 223-6361
Fax: (888) 726-8374
mgoins@kbslawgroup.com

**From:** Melissa Goins <mgoins@kbslawgroup.com>
**Sent:** Wednesday, May 19, 2021 4:44 PM
**To:** 'Kym Rogers' <krogers@disabilityrightstx.org>
**Cc:** Erik Nichols <enichols@kbslawgroup.com>; 'Kathryn Hogan' <khogan@disabilityrightstx.org>; 'Shiloh Carter' <scarter@disabilityrightstx.org>; 'Duke, Brandon' <BDuke@winston.com>; 'Thompson, Rachael E' <RThompson@winston.com>
**Subject:** RE: Plumber v. HCDE; 30(b)(6) deposition

Kym,

Plaintiffs represented to the Court that 5 depositions would be taken. You have noticed **5 depositions** (Robertson, Wilson, Jackson, Colbert, and Allen), regardless of the length of said depositions. Again, Plaintiffs' sixth requested deposition is again not what the Court contemplated in granting the new scheduling order and not what was represented to HCDE at any point during this litigation until today. We will discuss with our client and get back with you.

Thanks,

Melissa M. Goins, Attorney
Karczewski | Bradshaw | Spalding
3700 Buffalo Speedway, Suite 560
Houston, Texas 77098
Office: (713) 587-9482
Cell: (941) 223-6361
Fax: (888) 726-8374
mgoins@kbslawgroup.com

**From:** Kym Rogers <krogers@disabilityrightstx.org>
**Sent:** Wednesday, May 19, 2021 4:41 PM
**To:** Melissa Goins <mgoins@kbslawgroup.com>
**Cc:** Erik Nichols <enichols@kbslawgroup.com>; Kathryn Hogan <khogan@disabilityrightstx.org>; Shiloh Carter <scarter@disabilityrightstx.org>; Duke, Brandon <BDuke@winston.com>; Thompson, Rachael E <RThompson@winston.com>
**Subject:** RE: Plumber v. HCDE; 30(b)(6) deposition

Melissa,

As we have stated previously, the deposition of Colbert is being taken because the records indicate that Dr. Colbert has direct knowledge of substantive facts in this case and played a key role in HCDE's response to the incident in question. The 30(b)(6) is to HCDE, and the matters for examination are HCDE's policies, practices and customs regarding restraint, to include policies and practices relating to the use of unlawful restraints. Given the limitation of Mr. Colbert's deposition to one hour, Plaintiffs have noticed 4.5 depositions, and as stated below, Plaintiffs agree to limit this deposition to a half day.

5

Thank you.

---

**From:** Melissa Goins <mgoins@kbslawgroup.com>
**Sent:** Wednesday, May 19, 2021 2:17 PM
**To:** Kym Rogers <krogers@disabilityrightstx.org>
**Cc:** Erik Nichols <enichols@kbslawgroup.com>; Kathryn Hogan <khogan@disabilityrightstx.org>; Shiloh Carter <scarter@disabilityrightstx.org>; Duke, Brandon <BDuke@winston.com>; Thompson, Rachael E <RThompson@winston.com>
**Subject:** RE: Plumber v. HCDE; 30(b)(6) deposition

Kym,

Please provide additional information related to the scope of Plaintiffs' broad 30(b)(6) deposition request below so that we may confer with our client. HCDE is a public entity with its policies, practices, and customs(including those related to restraints) published and readily available online. Furthermore, HCDE has already produced to Plaintiffs all requested policies, practices, and customs, including but not limited to various board policies, standard operating procedures, and handbooks with codes of conduct, as a result of multiple written discovery requests from Plaintiffs.

Additionally, Plaintiffs have already noticed the apex deposition of Mr. Colbert. Is Mr. Colbert's deposition not regarding policies, practices, and customs? If not, please clarify why Mr. Colbert's deposition has been noticed.

Plaintiffs have already noticed five (5) depositions, which is the total amount of proposed depositions represented to the Court during Plaintiffs' request for substitution of counsel and new scheduling order. *See* Dkt. 13, ¶ 11 & Dkt. 13-1 Declaration of L. Kym Davis Rogers. Accordingly, it does not appear that this sixth requested deposition (which appears duplicative of the other depositions noticed and prior document production, and raised today for the first time) is not what the Court contemplated in granting Plaintiffs' request for a new scheduling order.

Thanks,

Melissa M. Goins, Attorney
Karczewski | Bradshaw | Spalding
3700 Buffalo Speedway, Suite 560
Houston, Texas 77098
Office: (713) 587-9482
Cell: (941) 223-6361
Fax: (888) 726-8374
mgoins@kbslawgroup.com

---

**From:** Kym Rogers <krogers@disabilityrightstx.org>
**Sent:** Wednesday, May 19, 2021 1:44 PM
**To:** Erik Nichols <enichols@kbslawgroup.com>; Melissa Goins <mgoins@kbslawgroup.com>
**Cc:** Kathryn Hogan <khogan@disabilityrightstx.org>; Shiloh Carter <scarter@disabilityrightstx.org>; Duke, Brandon <BDuke@winston.com>; Thompson, Rachael E <RThompson@winston.com>
**Subject:** Plumber v. HCDE; 30(b)(6) deposition

Eric and Melissa:

We plan to notice a 30(b)(6) deposition to HCDE regarding HCDE's policies, practices and customs regarding restraint.  We will agree that this deposition will not last longer than a half day.  Please let us know availability for this deposition.

Thank you.

Kym Davis Rogers
Litigation Attorney

DisabilityRights

1420 W. Mockingbird Lane, Suite 450
Dallas, Texas  75247
(214) 845.4045
krogers@drtx.org

Follow us on Facebook and Twitter!

It's the season of giving! Click here to learn about all the ways you can support the mission of Disability Rights Texas.

**Please note:** During the pandemic, our intake and phone lines are open and we are providing clients services mainly through phone, email and video communication. However, our offices throughout the state remain closed to the public until further notice. Visit our special COVID-19 resource page for information about your rights during this time.

PRIVILEGED AND CONFIDENTIAL:  This email message and all attachments may contain information that is confidential, an attorney-client communication, and/or attorney work product. This communication is confidential and should not be shared without permission.  Any unauthorized review, use, disclosure or distribution is prohibited.  If you believe this message has been sent to you in error, please notify the sender by replying to this transmission and delete the message without first disclosing it.  Thank you.