# Exhibit 6

**Request for Special Education Complaint Investigation Form**

If you believe that special education requirements have not been followed by a public agency, you may file a special education complaint with the Texas Education Agency (TEA). "Public agency" includes the State Education Agency, a local education agency (LEA), an educational service agency (ESA), a nonprofit public charter school that is not otherwise included as an LEA or ESA and is not a school of an LEA or an ESA, and any other political subdivision of the state that is responsible for providing education to students with disabilities.

This sample form has been designed for you to request a complaint investigation. If you need assistance completing this form or would like to discuss your dispute resolution options, you may contact TEA staff responsible for each option found on the last page of this form. Additional information about dispute resolution can be found on TEA's web site at http://www.tea.state.tx.us/index2.aspx?id=2147497560.

You may choose not to use this form to request a complaint investigation. However, requests for complaint investigations must be signed, and a copy must be provided to the public agency serving the student at the same time you file the complaint with TEA. A checklist for you to use prior to mailing/faxing the completed form can be found on the last page of this form.

*Note: A complaint investigation and mediation can be requested at the same time. If you request a complaint investigation and a due process hearing on the same issues, the complaint will remain on hold until the due process hearing has ended.*

If you are requesting a complaint investigation for one student, you are required to complete section **1. Student's Information.** If you are requesting a complaint investigation for more than one student, skip section **1. Student's Information** and complete the rest of the form.

**1. Student's Information**

In the space below, provide the student's complete name and address. Also, provide the name of the school where the student attends.

In the case of a homeless child or youth (within the meaning of section 752 (2) of the McKinney-Vento Homeless Assistance Act (42 U.S.C 11434a(2)), provide available contact information for the child and the name of the school the child is attending.

| | | | |
|---|---|---|---|
| Name | Evan Johnson | Date of birth (MM/DD/YY)* | 06 / 25 / 1997 |
| Address | 12610 Taylorwood Lane | | |
| City | Houston | State TX | Zip Code 77070 |
| Name of the School District the Student Attends* | Cypress Fairbanks ISD | | |
| Name of the School the Student Attends | Harris County Department of Education ABS West | | |

The * indicates optional information. This information is useful for identifying the student.

**2. Complainant's Information**

*The complainant is the individual or organization filing the complaint. The complainant may file as a third party on behalf of other students. The complete name and contact information of the complainant must be provided.*

| | | | |
|---|---|---|---|
| Name | Melissa and Evan Johnson | | |
| Relationship to Student* | mother and student | | |
| Address | 12610 Taylorwood Lane | | |
| City | Houston | State TX | Zip Code 77070 |
| Phone number | 832-492-6209 | Alternate phone number | |
| Fax number | | Email Address | Melissame43@aol.com |

The * indicates optional information. This information is useful for determining whether the student's educational information can be disclosed to the complainant under the Family Educational Rights and Privacy Act (FERPA).

**3. Complaint Information**

*Your complaint must allege a violation of the Individuals with Disabilities Education Act (IDEA), its implementing regulations, Texas Education Code (TEC) and/or Texas Administrative Code (TAC). The violation that is alleged must have occurred not more than one year prior to the date the complaint is received at the Texas Education Agency.*

*Below, please describe, in detail, each act that you allege violates IDEA, TEC, and/or TAC, including when the act occurred and other events that are relevant to the allegation. Finally, you must provide a proposal for resolution of the allegation or to the problem.*

*If you have more than one alleged violation use the "additional allegations" form available at http://www.tea.state.tx.us/index2.aspx?id=2147497563.*

a. What is the alleged violation? (Describe the nature of the problem.)

See attached

b. What are the facts on which the allegation is based?

See attached

c. What are significant dates and events that may be relevant to this allegation?

See attached

d. What documents supporting the facts should be reviewed by TEA regarding this allegation?

See attached

e. Please describe your proposal for resolution of the allegation or to the problem.

**4. Signature(s)**

*By federal regulation, you must sign the request for ~~complaint investigation~~.*

Signature of person(s) filing the complaint [signature]

Date 6/15/18

**5. Notification for Complaint Investigation**

*By federal regulation, you must send a copy of the complaint to the public agency. Indicate below when, how, and to whom you provided the copy of the complaint.*

Date ____________________

☐ Hand delivered and received by ____________________
signature of recipient

☐ Faxed to ____________________ at ____________________
name of recipient | Fax Number

☐ Mailed to ____________________ at ____________________
name of recipient | Mailing Address

Certified Mail Return Receipt Requested # (if applicable) ____________________

**Checklist**

Before mailing/faxing your request for a complaint investigation, make sure the items below have been completed.

- ☐ You have provided the student's name, contact information, and name of the school the student attends (section 1, when requesting a complaint investigation on behalf of one student).
- ☐ You have provided your name, address, and contact information where you can be reached (section 2).
- ☐ You have provided detailed information as to when, where, and how the alleged violation(s) took place (section 3).
- ☐ You have provided a proposed solution to the problem (section 3.e.).
- ☐ You have signed your complaint (section 4).
- ☐ You have provided a copy of your complaint to the public agency (section 5).
- ☐ You have mailed/faxed your complaint in time for it to be received by TEA no later than ONE YEAR after the alleged violation(s) occurred (section 3.c.).

**Mail or fax your complaint to:**

Texas Education Agency
Division of Federal and State Education Policy
1701 North Congress Avenue
Austin, Texas 78701
FAX: (512) 463-9560

**Technical Assistance for the Dispute Resolution Processes:**

Questions regarding this form or the complaint investigation process may be addressed by contacting:

Texas Education Agency
Division of Federal and State Education Policy
1701 North Congress Avenue
Austin, Texas 78701

Telephone: (512) 463-9414 or
Fax: (512) 463-9560

Questions regarding requesting mediation services or due process hearings may be addressed by contacting:

Texas Education Agency
Division of Legal Services
1701 North Congress Avenue
Austin, Texas 78701

Telephone: (512) 463-9720 or
Fax: 512-463-6027

**Toll Free Parent Information Line: 1-800-252-9668**

*This toll free message line is reserved for parents and other family members who have questions about student rights and regulatory requirements as they relate to special education complaint investigations, mediations, and due process hearings. Calls are returned by trained professionals during normal business hours.*

**For Individuals who are Deaf or Hard of Hearing:**
TTY Number: (512) 475-3540 | Relay Texas 7-1-1

http://www.tea.state.tx.us/index2.aspx?id=2147497560



1500 McGowen, Suite 100
Houston, TX 77004
MAIN OFFICE 713.974.7691
TOLL-FREE 800.315.3876
FAX 713.974.7695

June 18, 2018

Texas Education Agency
1701 N. Congress Ave
Austin, TX 78701-1494
Fax: (512) 463-9560

**Re: Complaint against HCDE, CyFair ISD, and TEA**

To whom it may concern:

On behalf of my clients, Melissa Johnson (mother/POA) and Evan Johnson (student)[1], this special education complaint is filed against the Harris County Department of Education (HCDE) and Cypress Fairbanks Independent School District (CyFair ISD) for violations of the Individuals with Disabilities Education Act (IDEA), Texas Education Code and their respective implementing regulations. Additionally, this complaint is filed against the Texas Education Agency (TEA) for failing to monitor compliance at the public HCDE campuses that contract with several schools districts in the Houston area.

**SUMMARY**

Evan Johnson is a 20 year old student who receives special education services under the eligibility categories of Autism, Speech Impairment, and Other Health Impairment. He is diagnosed with Autism, ADHD, Asthma, and Epilepsy and is prescribed medication to prevent seizures and for behavior management. He resides in CyFair ISD. After depriving Evan of appropriate transition services and repeatedly attempting to force Evan out of school prematurely, CyFair ISD placed him at the out of district segregated HCDE ABS West campus. Evan attended ABS West from November 6, 2017 to February 28, 2018.

As documented by video recordings, Evan Johnson was physically assaulted, improperly restrained, and publicly ridiculed in front of other students by ABS West staff on November 7, 2017. Further, ABS West failed to implement his behavior intervention plan (BIP), failed to provide IEP prescribed psychological services, failed to demonstrate knowledge of evidence based positive behavior interventions, and deprived him of evidence based transition services.

Through CyFair ISD's recurring contract with HCDE, CyFair ISD places students with disabilities at HCDE's segregated ABS West campus. Clear Creek ISD, Houston ISD, Dickinson ISD, Galveston ISD, Hitchcock ISD, and Texas City ISD also routinely place children at HCDE's segregated special education schools, ABS West and ABS East. All students at ABS West are eligible for special education services.

ABS West is a dumping ground void of positive behavior interventions, effective instructional strategies,

[1]Evan has granted his mother, Melissa Johnson, power of attorney to make educational decisions on his behalf; 10/26/16 IEP Deliberations.

evidence based transition services, or access to grade level TEKs. ABS West does not employ any board certified behavior analysts (BCBAs) or any staff who have any more expertise in evidence based positive behavior supports than the staff employed by CyFair ISD. Students are merely warehoused at ABS West and often subject to illegal restraints and seclusion. HCDE is a public county school district as defined by the former Tex. Educ. Code 17, but TEA has historically failed to monitor HCDE campuses for compliance or hold HCDE accountable.[2] HCDE campuses do not report any PBMA data or any data on restraints, seclusion, abuse, neglect, or academic outcomes to TEA. Further, TEA has failed to conduct routine on-site monitoring visits of HCDE campuses.

**FACTS**

ABS West's Illegal Restraint and Video Recording Policies

The 2017-2018 ABS West Student Parent Handbook[3] states that "[p]hysical restraint may also be used to enforce the contingencies of the behavior intervention plan." Further, the Handbook Appendix states that a district employee may physically restrain a student to "remove a student refusing a lawful command of a school employee from a specific location, including a classroom or other school property, in order to restore order or to impose disciplinary measures" or "control an irrational student."

Additionally, the ABS West Student Parent Handbook states that "video/audio equipment will be used to monitor student behavior… The principal will review the video/audio recordings routinely and document student misconduct. Discipline will be in accordance with the Student Code of Conduct."

May 24, 2017 ARD

The May 24, 2017 IEP indicated that Evan's most recent full individual evaluation (FIE) was dated December 12, 2014 and that his three-year reevaluation was due by December 12, 2017.[4] The IEP does not include any formal transition assessments. Despite inadequate independent living and vocational skills and behavioral issues, CyFair ISD recommended graduation, yet agreed to continue transition services focused on social skills, vocational skills, and independent living skills. CyFair ISD agreed to develop scripts and visual prompts to assist Evan in learning vocational routines. The May 24, 2017 IEP prescribed in class support and consult psychological services and services for the 2018-2018 school year. Further the May 24, 2017 IEP included 53 minutes per day in a general education setting for Career and Technical Education and work as an Office Assistant at Cypress Creek High School.

October 13, 2017 ARD

Before the October 13, 2017 ARD, Evan exhibited some significant behavior issues that resulted in an out of school suspension. Despite his significant behavioral health needs and no documented progress in independent living skills or vocational skills, CyFair ISD again attempted to push Evan out of school by prematurely graduating him instead of developing an appropriate IEP. Further, CyFair ISD had failed to develop any scripts or visual prompts for vocational activities as proscribed by the 5/24/17 IEP. Ms. Johnson

---

[2] Exhibit A, Degrood, Matthew, *Parents Worried About Harris County Alternative School,* Galveston Daily News (May 10, 2018) (TEA spokesperson DeEtta Culbertson stated "The Harris County Department of Education operates the [ABS East] using [former] chapters 17 and 18 of the Texas Education Code…. The schools work similarly to an education service center in that the department forms co-ops with districts to provide discipline and special education programs… [ABS West and ABS East] do not supply accountability reports" to TEA.).

[3] 2017-2018 ABS West Student/Parent Handbook, located at *http://www.hcde-texas.org/media/5052/studentparent-handbook-final-2017-2018.pdf*, last visited on June 5, 2018.

[4] 05/24/2017 IEP

requested evidence based Applied Behavior Analysis (ABA) supports and services from a BCBA yet CyFair ISD refused despite having multiple BCBAs on staff. The ARD ended in non-consensus.

October 25, 2017 Reconvene ARD

At the October 25, 2017 ARD, CyFair ISD again recommended premature graduation.[5] Ms. Johnson again requested direct BCBA services, but CyFair ISD refused.

November 1, 2017 ARD

At the November 1, 2017 ARD, CyFair ISD finally agreed to conduct the three-year reevaluation due December 12, 2017, but did not obtain consent for any formal transition assessments.[6] Contradicting the May and October IEPs, the November 1, 2017 IEP indicated that "Evan has not met graduation criteria, he needs to continue to work on behavior and vocational skills." Though district BCBAs never assessed Evan, never provided direct services, and did not participate in his ARD meeting, CyFair ISD recommended that he be placed at the out of district segregated HCDE ABS West campus "in order to receive instruction in a more structured setting with behavioral supports" and participate in ABS West's vocational program. CyFair ISD alleged that "the embedded structure in the classroom of ABS West and the small student to staff ratio will assist Evan build independence" and that "[p]lacement at ABS West would provide Evan the opportunity to have [interaction with] like age peers while receiving behavior supports and vocational training." ABS West Assistant Principal Gaylynn Sanders claimed that her staff were trained and proficient in "Applied Behavior Analysis" (ABA), yet ABS West has no BCBAs on staff.

The November 1, 2017 IEP includes a BIP and in class and consult psychological services. Evan's BIP addresses physical aggression and verbal outbursts. According to his BIP, to address physical aggression and verbal outbursts, staff should use the following interventions:

- If Evan appears to be escalating, verbal questions and/or motor movement should be used to distract and redirect Evan from escalating physical behaviors. For example, quietly ask him random questions (i.e. What is your sister's name? What is your favorite color?) to distract him from what is upsetting him. Quietly ask him to move around (i.e. touch your nose, touch your ear, hokey pokey movements, copy tapping sound) to distract and redirect him from escalating physical behaviors.

- Firm, but calm command that is short and to the point stating what to do rather than what not to do.

- Verbal/visual redirection

- All reinforcers are tied to a token economy/point system. Can be tied to a system mom has at home.

- Return to activity attempted to escape from.

- Phone call or note home.

November 7, 2017 Assault, Ridicule, and Improper Restraint

November 6, 2017 was Evan Johnson's first day at ABS West. On November 7, 2017, as documented by the

[5] 10/25/2017 Reconvene IEP
[6] 11/01/2017 IEP

videos, ABS West staff physically assaulted, improperly restrained, and publicly ridiculed Evan in front of other staff and students.[7]

*Video 1*

In the beginning of Video 1, the classroom was loud, chaotic and void of any instruction or learning. Evan was in a striped blue and white shirt sitting in the back corner of the room behind Teacher Linda Woodson's desk. Ms. Woodson was seated at her desk while a male staff member was speaking to Evan. This male staff member was not utilizing ABA principles or following Evan's BIP. While remaining seated, Evan became agitated and vocalized loudly. Evan then stood up behind Ms. Woodson. He did not threaten her or attempt any type of violence towards her. She turned in her chair and rolled towards Evan as he retreated back to his seat. Ms. Woodson lifted her fist and threatened to punch him while screaming his face. Ms. Woodson failed to demonstrate any ABA techniques and also failed to follow Evan's BIP. Evan again stood up. Ms. Woodson pushed Evan back down and approached him in threatening manner while screaming at him. The male staff member intervened to prevent Ms. Woodson from attacking Evan.

Another student in a black collared shirt tucked into khaki pants was allowed to physically restrain Evan against the wall. Then another male staff member entered the classroom and improperly restrained Evan, slamming him against the wall several times.

As Evan became more upset, the first male staff member addressed the other students and publicly ridiculed Evan. He gestured towards where Evan was being slammed against the wall by the other male staff member and told the other students "This the reason why y'all have to be good. Thank God y'all don't have to go through anything like this, right."

The other student was inappropriately allowed to remain in close proximity of Evan and the male staff member. For over three minutes, this male staff member improperly restrained Evan against the wall, slamming him against the wall multiple times. More staff entered the room to physically force Evan to move. The other student was inappropriately allowed to assist in this assault.

Another male staff member twisted Evan's arm behind his back. Evan fell to the floor. Two male staff pinned Evan to the floor. Students were never cleared from the classroom. Another student paced the room while two others were on computers. Evan screamed "I'm scarred!" several times and requested to call his mother. Principal Dr. Keys entered the room and then left without intervening. For over six minutes, three male staff members pinned Evan to the ground in an improper restraint. When Evan was finally released, he cried, stated that he wanted to die ("Just kill me."), and again asked for his mother. Dr. Keys entered the room a second time and again left without intervening. Evan was seated on the floor when two staff members grabbed him by the arms to forcibly lift him up. Another staff member grabbed his feet. Improperly restraining him, staff forcibly removed him from the room. All staff failed to utilize any ABA techniques and failed to follow Evan's BIP.

*Video 2*

In Video 2, four male staff members have Evan pinned down to the floor face first in a locked seclusion room for over two minutes. Evan cried and was not moving. Another student sat near the door of the locked seclusion room observing. When Evan was released, his lip and arm were bleeding. He had contusions on his right cheek and rug burns on his arms. Though Evan was not being aggressive or threatening anyone,

[7] 11/07/2017 Videos; 11/07/2017 Restraint Notice.

staff kept him in the seclusion room and blocked the door. Staff again failed to follow his BIP or demonstrate any knowledge of ABA techniques. When Evan approached the male staff member blocking the door, the male staff member pushed him back towards the wall.

*Video 3*

In Video 3, Principal Dr. Keys and a male staff member pinned Evan to the floor in a locked seclusion room for approximately two minutes. Then Evan was briefly released and again pinned to the floor for another two minutes.

ABS West did not identify any school psychologists (LSSPs) and BCBAs in any of the videos. ABS West, a segregated public contract placement, is for students with significant behavioral needs that supposedly cannot be met in the student's home district, yet ABS West' crisis intervention team does not even include a LSSP or BCBA.

November 9, 2017 ARD

At the November 9, 2017 ARD, Ms. Johnson expressed concern about Evan's injuries.[8] Instead of increasing services or adding evidence-based interventions, ABS West and CyFair ISD reduced his academic day by two hours.

November 28, 2017 Improper Restraint

On November 28, 2017, ABS West again failed to implement evidence based positive behavior interventions, ABA techniques, or Evan's BIP. When Evan became upset and refused to return to class, ABS West Principal Dr. Keys physically forced Evan to the On Campus Intervention or OCI room[9]. According to the notice, Ms. Gaylynn Sanders and Dr. Keys restrained Evan.

December 14, 2017 Observations

On December 14, 2017, Ms. Johnson and Evan's older sister, Katherine Lammon, observed Evan at ABS West.[10] During their observations, they witnessed a group of boys assault a younger boy on the playground in front a two male staff. The victim was in the fetal position on the ground as the older boys kicked him. Two male staff were supervising the students, yet completely failed to intervene. One staff member was laughing. Ms. Johnson yelled several times for the boys to stop. Upon realizing that Ms. Johnson and Evan's sister were present, the male staff intervened. Ms. Johnson and Evan's sister reported the incident to ABS West Assistant Principal Gaylynn Sanders. Ms. Sanders minimized the assault and bullying as boys merely rough housing and refused to take any action to address the bullying, physical violence, or the staff's failure to intervene.

January 10, 2018 ARD

At the January 10, 2018 ARD, the three-year reevaluation was reviewed.[11] Ms. Johnson disagreed with the evaluations. ABS West Assistant Principal Ms. Sanders admitted that Evan's placement in the ABS West

[8] 11/09/2017 IEP
[9] 11/28/2017 Restraint Notice
[10] 02/02/2018 Email from Katherine Lammon.
[11] 01/10/2018 IEP

work/transition program was changed unilaterally by ABS West outside of an ARD committee meeting. As a result, ABS West denied Evan access to any transition services including vocational activities in the community.

Ms. Johnson reiterated her concerns about the use of improper restraint and Evan's resulting injuries. Ms. Sanders again claimed that "all [ABS West] staff are ABA trained." Further, Ms. Sanders claimed that she "had not personally restrained Evan," contradicting the November 28, 2017 Restraint Notice provided to Ms. Johnson.[12]

Psychological Services

From November 6, 2017 to February 28, 2018, ABS West failed to provide psychological services as prescribed by his IEP. Evan never received any psychological services while at ABS West.

March 2018 – Return to CyFair ISD

In March 2018, CyFair ISD finally agreed to return Evan to the Carpenter Center, CyFair ISD's in district adaptive behavior campus, to conduct a new formal functional behavior assessment, and granted IEEs in assistive technology, occupational therapy, and speech therapy. CyFair ISD has still not conducted a functional vocational evaluation or any other formal transition assessments.

## VIOLATIONS

TEA

Texas state law mandates TEA's creation and implementation of a comprehensive system to monitor school district compliance with state and federal special education law.[13] As part of this system, TEA's "monitoring system must provide ongoing analysis of district special education services and for inspections of school districts at district facilities."[14] Further, TEA "must obtain information from parents and teachers of students in special education programs in the district."[15]

HCDE is not included on TEA's "2017-2018 Nonpublic Schools for Students with Disabilities Approved for Contracting Purposes" list, because HCDE is a public school district under Texas state law. Under Tex. Educ. Code 11.301, HCDE operates as a public county school district under the former Tex. Educ. Code 17 and "under state law generally applicable to school districts." Further, Tex. Educ. Code 11.302 requires that school districts or county systems operating under Tex. Educ. Code 11.301 be subject to public information requests.

Despite operating as a public county school district, TEA has failed to monitor HCDE, collect data for analysis, or make HCDE data available through publicly available reports including PBMAS, PEIMS, Discipline Data, Texas Academic Performance, or School Report Cards. Further, TEA's failure to monitor and ensure legal compliance has resulted in the dumping of students with disabilities into HCDE campuses where these students are denied access to evidence based instruction and grade level TEKs and subjected to

[12] 01/10/2018 IEP; 11/28/2017 Restraint Notice
[13] Tex. Educ. Code 29.010
[14] *Id.*
[15] *Id.*

illegal restraints and seclusion. TEA's failure to monitor HCDE campuses has resulted in the denial of a FAPE for these students with disabilities.

HCDE

The Tex. Educ. Code 37.0021(a) requires school staff to "treat with dignity and respect all students, including students with disabilities who receive special education services." In Video 1, it is undeniable that staff failed to treat Evan with respect and dignity. Ms. Woodson threatened Evan with physical violence and pushed Evan. One staff member openly ridiculed Evan to the other students while another physically assaulted Evan, slamming him against the wall several times. Additionally, another student was allowed to assault Evan and participated in the illegal restraints.

*Restraint and Seclusion - Tex. Educ. Code 37.0021; 19 TAC 89.1053*

Recognizing that restraint and seclusion is not effective in reducing problematic behaviors and can have a significantly negative impact on students such as injury or even death,[16] the Texas Education Code and Texas Administrative Code purposefully limit the use of restraint and seclusion in order to protect students.[17] Texas state law defines restraint as "the use of physical force or a mechanical device to significantly restrict the free movement of all or a portion of a student's body"[18] and specifically limits its use to emergencies.[19] Emergency is specifically defined as a situation in which a student's behavior poses a threat of imminent, serious physical harm to the student or others or imminent, serious property destruction.[20] Further, 19 TAC 89.1053(c) additionally dictates that restraint must be further limited to the use of such reasonable force as is necessary to address the emergency, must be discontinued at the point at which the emergency no longer exists, must be implemented in such a way as to protect the health and safety of the student and others, and must not deprive the student of basic human necessities.[21]

Yet, HCDE ABS West's official restraint and seclusion policies as stated in the parent student handbook openly violate 19 TAC 89.1053(c) by permissively advising restraint for any noncompliance. As evidenced by the restraint notices and videos, ABS West staff illegally restrained and assaulted Evan repeatedly. Evan suffered physical injuries and emotional trauma as a direct result.

*Video Recording in Self Contained Special Education Classrooms - Tex. Educ. Code 29.022*

Tex. Educ. Code 29.022(h)(2) prohibits the use of video recording "for any other purpose than the promotion of safety of students receiving special education services in a self-contained classroom or other special education setting." ABS West's policy to "routinely" review video/audio recordings for disciplinary purposes and "document student misconduct" explicitly violates Tex. Educ. Code 29.022(h)(2).

CyFair ISD

*Failure to Develop an Appropriately Ambitious IEP or Provide Individualized Transition Services in the LRE*

---

[16] U.S. Department of Education, *Restraint and Seclusion: Resource Document* (May 2012), located at *https://www2.ed.gov/policy/seclusion/restraints-and-seclusion-resources.pdf*, last visited on June 5, 2018.
[17] Tex. Educ. Code 37.0021; 19 TAC 89.1053(c).
[18] Tex. Educ. Code 37.0021(b)(1); 19 TAC 89.1053(b)(2).
[19] 19 TAC 89.1053(c).
[20] 19 TAC 89.1053(b)(1).
[21] 19 TAC 89.1053(c).

Congress emphasized transition services in the IDEA "so that special education students leave the system ready to be full productive citizens, whether they choose to go on to college or a job."[22] For students receiving special education services who will not graduate with a regular high school diploma, IDEA and state law mandate that school districts provide a FAPE beyond the age of 18 years.[23] Therefore, a student receiving special education services who is 21 years of age on September 1 of a school year shall be eligible for services through the end of that school year or until graduation with a regular high school diploma.[24] Therefore, ARD committees are still required to develop IEPs that are appropriately ambitious and reasonably calculated to afford the student meaningful educational benefits, and LEAs must continue to provide necessary related services, such as speech therapy, counseling, positive behavior supports, occupational therapy, and other supportive services.[25] Further, The IDEA requires that students with disabilities are educated in the least restrictive environment where a student can make meaningful progress with the supplementary aides and services.[26]

IDEA mandates that "transition services" be part of a student's IEP.[27] Under Texas law, transition planning begins at age 14.[28] Therefore, every IEP for a student in this age range (14-22 years old) must include "appropriate measurable post-secondary goals based on an age appropriate transition assessment related to training, employment and where appropriate, independent living skills" and describe the transition services needed to assist the child in reaching these goals.[29] Transition services are defined as a

> coordinated set of activities . . . designed to be within a results-oriented process, that is focused on improving the academic and functional achievement of a child with a disability to facilitate the child's movement from school to post-school activities, including vocational education, integrated employment (including supported employment), continuing and adult education, adult services, independent living, or community participation.[30]

The definition of transition services is written broadly to include a range of services, including vocational and career training that is needed to meet the individual needs of a child with a disability. The definition states that decisions regarding transition services must be made on the basis of the child's individual needs,

> taking into account the child's strengths, preferences, and interests; and includes: instruction, related services; community experiences; the development of employment

[22] 150 Cong. Rec. S11653–01, S11656 (Nov. 19, 2004) (Conf. Rep. accompanying H.R. 1350).
[23] 19 TAC 89.1035; 34 C.F.R. 300.102(a)(1).
[24] 19 TAC 89.1035; 34 C.F.R. 300.102(a)(1).
[25] 34 CFR 300.324; *Endrew F. v. Douglas County School Dist.*, 137 S. Ct. 988 (March 22, 2017).
[26] 34 CFR 300.114 (a)(2).
[27] 20 U.S.C. 1400(d)(1)(A); 20 U.S.C. 1414(d)(1)(a)(i)(VIII); 34 CFR 300.320(b).
[28] Tex. Educ. Code 29.0111.
[29] 20 U.S.C. 1414(d)(1)(A)(i)(VIII)(aa)–(bb); 34 CFR 300.320(b); *Jefferson County Board of Education v. Lolita S.*, 581 Fed. Appx. 760 (11th Cir. Sept. 11, 2014) (The district's development of a generic postsecondary transition plan, resulted in a denial of FAPE); Exhibit B, *In re: Student with a Disability*, 115 LRP 10858 (SEA IL March 2, 2015) (According to an Illinois IHO, a district deprived a student of FAPE by failing to provide him with appropriate transition services and behavioral supports. The evidence showed that the student's transition plan was devoid of measurable goals and wasn't based on a comprehensive transition assessment. Accordingly, the IHO ordered the district to revise the student's transition plan once it conducted an appropriate transition assessment.).
[30] 34 CFR 300.43; 20 U.S.C. 1401(34); *Dracut*, 737 F. Supp. 2d at 42; *Dracut School Committee v. Bureau of Special Education Appeals*, 737 F. Supp. 2d 35 (D. Mass., Sept. 3, 2010) (The District Court concluded that the procedural and substantive deficiencies in the transition plans amounted to a denial of FAPE.).

and other post-school adult living objectives; and ... daily living skills and provision of a functional vocational evaluation.[31]

CyFair ISD failed to conduct formal age appropriate transition assessments that assessed his functional vocational skills or independent living skills. CyFair ISD failed to base transition goals and services on Evan's individualized needs or formal transition assessments. CyFair ISD failed to conduct any type of comprehensive vocational assessments such as a functional vocational assessment. CyFair ISD attempts to prematurely graduate Evan and deny him the services he is entitled was grossly inappropriate and violated his rights as a student receiving special education services.

*Failure to implement IEP*

Under 34 CFR 300.323(c), a school district must implement the IEP including all the required components.[32] According to the Office of Special Education Programs, the failure to implement the plan is a proper subject of a state complaint.[33]

ABS West failed to provide psychological services and visual aides as proscribed by Evan's IEP. Further, ABS West staff completely failed to implement his BIP.

**PROPOSED REMEDIES**

TEA

- TEA should treat HCDE like any other public school district and mandate that HCDE submit all data required by public school districts. TEA should conduct monitoring visits of HCDE campuses, review school district contracts with HCDE, and audit HCDE campuses for compliance with student IEPs, state, and federal law.

HCDE

- Order HCDE to immediately revise its restraint, seclusion, and video recording policies to comply with state law and conduct comprehensive staff training to ensure legal compliance.
- Order HCDE to provide district wide training on bullying, staff responsibilities related to preventing bullying and responding to bullying, and to ensure the safety of students.

CYFAIR ISD

- Order CyFair ISD to conduct formal transition assessments including a functional vocational evaluation.
- Order CyFair ISD to develop an appropriately ambitious IEP with measurable transition goals based on the formal evaluation recommendations.

---

[31] 71 Fed. Reg. 46,579 (2006); 34 CFR 300.43(a).
[32] 34 CFR 300.323(c),
[33] Office of Special Education Programs, *Letter to McWilliams* (July 16, 2015), *available at*: https://www2.ed.gov/policy/speced/guid/idea/memosdcltrs/14-016945r-mi-mcwilliams-bip-6-19-15.pdf, last visited on June 15, 2018.

- Order CyFair ISD to provide compensatory evidence based transition services based on formal evaluation recommendations.
- Order CyFair ISD to reimburse Evan and his mother for the private counseling services obtained to address the emotional trauma caused by the abuse he suffered at ABS West.
- Order CyFair ISD to provide compensatory direct behavior support and services from a BCBA.
- Order CyFair ISD to provide compensatory social skills instruction that includes role play, social scripts, and opportunities to practice social skills in a community setting.
- Order CyFair ISD to provide district wide staff training on evidence based transition assessments and services and the rights of eligible students with disabilities to receive services through the age of 22.

Videos and records will be provided to assigned investigator on request. Please do not hesitate to contact us if you need further information or documentation. We appreciate your attention to this matter.

Best Regards,

Shiloh Carter
Staff Attorney
Disability Rights Texas
Direct: 832-681-8202
Email: scarter@drtx.org

*Enclosed please find the following:*
- *Exhibit A & B*
- *Authorization to release information*
- *TEA Special Education Complaint Form*

CC:

Superintendent James Colbert, Jr.
HCDE Administration
6300 Irvington Blvd
Houston, Texas 77022

Sarah Langlois, HCDE Legal Counsel
Email: slanglois@rmgllp.com

Marney Simms, CyFair ISD General Counsel
Email: Marney.sims@cfisd.net